IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **RONALD A. BLAIR,** | § | Case: 1:25−cv−02174 JURY DEMAND |
| **Plaintiff,** | § | Assigned To : Reyes, Ana C. |
| | § | Assign. Date : 7/7/2025 |
| v. | § | Description: Pro Se Gen. Civ. (F−DECK) |
| | § | Civil Action No. _____ |
| **FERGUSON ENTERPRISES, INC.;** | § | |
| **FERGUSON US HOLDINGS, INC.;** | § | |
| **FERGUSON ENTERPRISES, LLC;** | § | |
| **MCGUIREWOODS LLP;** | § | |
| **JOEL ALLEN, ESQ;** | § | |
| **CORY R. FORD, ESQ;** | § | |
| **DOE DEFENDANTS 1–5,** | § | |
| **Defendants** | § | |

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

## UNDER 42 U.S.C. § 1983

**NATURE OF THE ACTION**

1. This action arises under 42 U.S.C. § 1983 to secure declaratory and injunctive relief against Defendants' systematic and intentional denial of Plaintiff's constitutional right to access the federal courts. Between April and June 2025, Defendants executed a coordinated scheme of (a) pre-service "snap" removals, (b) false jurisdictional statements in removal notices, (c) repeated refusals to grant Plaintiff CM/ECF e-filing credentials, and (d) retaliatory cease-and-desist communications, all designed to chill Plaintiff's protected litigation activity in violation of the First and Fourteenth Amendments.

**INTRODUCTION & SUMMARY OF ALLEGATIONS**

2. Plaintiff Ronald A. Blair is a 63-year-old stroke survivor and mechanical-systems executive. On April 8, 2025, he filed suit in the 164th Judicial District Court of Harris County, Texas



RECEIVED
JUL 07 2025
Clerk, U.S. District & Bankruptcy
Court for the District of Columbia

Case 1:25-cv-02174-ACR   Document 1   Filed 07/07/25   Page 2 of 11

Blair v. Ferguson et al.                Civil Action No. _____                Civil Rights Complaint

(Cause No. 2025-24411), alleging defamation and tortious interference against Ferguson Enterprises, LLC, and Joe Smith.

3. As Publius wrote in The *Federalist No. 80*, "[t]he integrity of the judicial process requires that every citizen, however humble, have a fair opportunity to be heard." Yet Defendants have erected procedural barriers that place pro se litigants—particularly those with disabilities—at a severe disadvantage.

4. The tactics employed by Defendants include:

- "Snap" removals filed before any service, omitting critical venue and citizenship facts;

- Repeated denial of CM/ECF e-filing access despite documented medical need and eligibility[1];

- Identical boilerplate declarations misrepresenting corporate status and venue;

- Threatening cease-and-desist letters aimed at chilling Plaintiff's speech and litigation;

- Last-minute opposition filings with fraudulent certificates of conference, served only after adverse rulings.

5. These actions have inflicted ongoing harm: missed filing deadlines, lost opportunities to respond to dispositive motions, undue travel burdens of 360 miles round-trip, and serious health risks exacerbated by stress. Defendants' conduct contravenes controlling Fifth Circuit and Supreme Court precedents, including *Bounds v. Smith*, 430 U.S. 817 (1977), *Lewis v. Casey*, 518 U.S. 343 (1996), *Christopher v. Harbury*, 536 U.S. 403 (2002), *and Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344 (1999).

---

[1] Plaintiff expressly affirms that this Complaint complies with Rule 11(b) and is presented in good faith to address systemic denials of constitutional access to justice. Conversely, Defendants' pre-service removals, refusal to confer, and refusal to acknowledge jurisdictional defects may warrant Rule 11 scrutiny.

Case 1:25-cv-02174-ACR    Document 1    Filed 07/07/25    Page 3 of 11

Blair v. Ferguson et al.                 Civil Action No. _____                Civil Rights Complaint

6. These procedural assaults inflict structural harm far beyond this case. By denying CM/ECF access, misrepresenting jurisdictional facts, and condoning snap removals, Defendants undermine the public's confidence in an impartial and accessible judiciary. Pro se litigants—already navigating complex rules without counsel—face systemic exclusion that erodes their ability to vindicate fundamental rights, perpetuating a two-tiered system of justice where only those with resources can secure timely review. Plaintiff brings this action not only under constitutional provisions but pursuant to the judiciary's own mandate under Rule 1 of the Federal Rules of Civil Procedure, which demands that proceedings be conducted to achieve a just, speedy, and inexpensive resolution. Defendants' conduct—across multiple courts—has violated this standard in both letter and spirit, by obstructing access, evading service protocols, and weaponizing administrative procedures against a whistleblower litigant.

## I. JURISDICTION & VENUE

**7.** This Court has subject-matter jurisdiction under 28 U.S.C. § 1331 because Plaintiff asserts violations of rights secured by the Constitution and federal law, including the First and Fourteenth Amendments and 42 U.S.C. § 1983. Jurisdiction is also proper under 28 U.S.C. § 1343(a)(3)–(4), which authorizes actions to redress deprivations of constitutional rights under color of state or federal law. Declaratory and injunctive relief are authorized by 28 U.S.C. §§ 2201–2202.

8. Venue is proper in the District of Columbia under 28 U.S.C. § 1391(e) because multiple defendants acted under color of federal authority, and a substantial part of the events giving rise to this action—including denial of CM/ECF credentials, suppression of pro se filings, and coordination with national court administrative systems—occurred in or were directed toward this District.

Case 1:25-cv-02174-ACR   Document 1   Filed 07/07/25   Page 4 of 11

Blair v. Ferguson et al.                Civil Action No. _____                Civil Rights Complaint

## II. LIMITATIONS ON IMMUNITY

9. Defendants Ferguson Enterprises, LLC; Ferguson US Holdings, Inc.; and Ferguson Enterprises, Inc. are private corporate actors. Ferguson Enterprises, Inc. is a publicly traded company listed on the New York Stock Exchange (Ticker: FERG). These entities operate as a vertically integrated enterprise and acted jointly in the procedural actions described herein, including jurisdictional removals and obstructive communications. Although not governmental bodies, their conduct was executed under color of law and in coordination with federal court personnel and legal agents. None of these entities is entitled to judicial or sovereign immunity for the acts described.

10. Defendants Joel S. Allen and Cory R. Ford, attorneys employed by McGuireWoods LLP, engaged in administrative and strategic acts—including preparation of removal documents, submission of declarations, and issuance of retaliatory communications—that fall outside the scope of any adjudicative role. Their conduct is not shielded by judicial, quasi-judicial, or qualified immunity. See *Pulliam v. Allen*, 466 U.S. 522, 544–45 (1984).

11. Doe Defendants 1–5 are federal court personnel, contractors, or administrative staff who processed or obstructed Plaintiff's CM/ECF access motions and related filings. Their actions—including gatekeeping, document intake, and access control—were ministerial in nature and not judicial in character. Accordingly, they are not entitled to absolute or sovereign immunity. See *Ex Parte Young*, 209 U.S. 123 (1908).

## III. PARTIES

12. Plaintiff Ronald A. Blair resides at 2404 Parisio Ct., Leander, Texas 78641. He suffers from post-stroke deficits and hypertension, as documented in Plaintiff's sworn declaration (Exhibit Q).

13. Defendant Ferguson Enterprises, LLC is a Virginia limited liability company registered to do

Case 1:25-cv-02174-ACR   Document 1   Filed 07/07/25   Page 5 of 11

Blair v. Ferguson et al.                    Civil Action No. _____                    Civil Rights Complaint

business in Texas. It is a wholly owned subsidiary of Ferguson US Holdings, Inc., a Virginia corporation, which in turn is wholly owned by Ferguson Enterprises, Inc., a Delaware corporation publicly traded on the New York Stock Exchange (Ticker: FERG). These entities operate as a vertically integrated enterprise and acted in concert in the conduct giving rise to this action.

14. Defendant McGuireWoods LLP is a law firm with offices in Houston, Texas, and Washington, D.C.

15. Defendant Joel S. Allen is an attorney at McGuireWoods who signed removal notices on April 30 and May 2, and opposition certificates on June 5, 2025.

16. Defendant Cory R. Ford is an attorney at McGuireWoods who co-authored the cease-and-desist letter dated May 21, 2025.

17. Doe Defendants 1–5 are individuals in the Clerk's Office or contractors who denied CM/ECF access motion filed May 15, and have not acted on renewed motion for CM/ECF access filed June 9, 2025.

## IV. FACTUAL ALLEGATIONS

### A. Plaintiff's Background & Health Vulnerabilities

18. In early 2021, Plaintiff suffered an ischemic stroke, causing partial deficits and increasing his risk of recurrence or death under prolonged physical stress as documented in Plaintiff's sworn declaration (Exhibit Q).

### B. Procedural Timeline of Denial and Retaliation

| Date | Event | Exhibit |
|---|---|---|
| April 8, 2025 | Plaintiff filed original state court petition in Harris County (Cause No. 2025-24411). | — |

Case 1:25-cv-02174-ACR   Document 1   Filed 07/07/25   Page 6 of 11

Blair v. Ferguson et al.                Civil Action No. _____                Civil Rights Complaint

| April 17–21, 2025 | Service attempts on Ferguson Enterprises, LLC and Joe Smith returned with notation 'No Such Number' or 'No Such Person'. | F-1, F-2 |
|---|---|---|
| April 24–25, 2025 | Plaintiff sent clarification emails regarding service and filing rights to opposing counsel and confirmed delivery. | N-2 |
| April 30, 2025 | Ferguson Enterprises, LLC filed Notice of Removal in 4:25-cv-01963 using misstatements regarding principal place of business and LLC citizenship. | A |
| May 2, 2025 | Joe Smith filed separate Notice of Removal in 4:25-cv-01994 with similar jurisdictional misstatements. | J, J-1 |
| May 9, 2025 | Plaintiff attempted to file Motion to Remand via CM/ECF; access was refused forcing in person filing. | — |
| May 13, 2025 | McGuireWoods LLP sent cease-and-desist letter threatening sanctions and restricting Plaintiff's communications. | N |
| May 15 & 20, 2025 | Plaintiff submitted sworn requests for CM/ECF access, citing medical hardship and pro se burden. | M |
| May 18, 2025 | Plaintiff experienced elevated health stress but did not seek emergency medical attention. | Q |
| June 5, 2025 | McGuireWoods filed oppositions with defective certificate of conference; Plaintiff was not served contemporaneously. | O |
| June 12, 2025 | Judge Hoyt ruled on remand motion in 4:25-cv-01963 before Plaintiff received opposition filings. | — |

| June 13, 2025 | Plaintiff received opposition documents and submitted Motion for Reconsideration same day. | — |

## C. Impact of Defendants' Conduct

19. Denial of e-filing access prevented Plaintiff from receiving real-time docket alerts, causing missed deadlines and lost substantive rights.

20. As shown in Exhibit S, Plaintiff timely submitted a federal court filing that was properly docketed but entirely disregarded in the court's order denying remand. This illustrates the structural disadvantage imposed by CM/ECF denial, which delayed Plaintiff's access to filings, impaired his ability to respond, and resulted in substantive rulings that failed to consider arguments he had placed before the court.

21. Hand filings aggravated Plaintiff's hypertension and mobility impairments, increasing physical stress and health risk, particularly during multiple in-person court submissions in May 2025.

22. False removal notices deprived the state court of adjudication and delayed judicial review, harming both Plaintiff and the public interest.

23. These systemic behaviors reflect a documented pattern of coordinated antitrust manipulation and collusion by Ferguson Enterprises, as set forth in Exhibit K.

24. Retaliatory threats chilled Plaintiff's First Amendment rights and deterred other pro se litigants from asserting meritorious claims. These actions appear to have been executed in a coordinated manner across public and private actors, reflecting a pattern of concerted obstruction that may extend beyond the currently named defendants.

## V. CLAIMS FOR RELIEF

**COUNT I – Denial of Access to Courts (42 U.S.C. § 1983)**

Case 1:25-cv-02174-ACR   Document 1   Filed 07/07/25   Page 8 of 11

Blair v. Ferguson et al.                Civil Action No. _____                Civil Rights Complaint

25. Defendants, under color of law, intentionally obstructed Plaintiff's right to access federal courts by denying e-filing credentials, misrepresenting jurisdiction, and mis-timing service.

26. These actions violated the Bounds doctrine and its progeny: *Bounds v. Smith*, 430 U.S. 817 (1977); *Lewis v. Casey*, 518 U.S. 343 (1996); *Christopher v. Harbury*, 536 U.S. 403 (2002). The uniformity of these barriers across jurisdictions, and their timing in tandem with hostile communications from private counsel, suggest a broader pattern of collusion not limited to formal parties.[2]

27. Plaintiff suffers ongoing irreparable harm, warranting prospective injunctive relief. See *Winter v. NRDC*, 555 U.S. 7 (2008).

**COUNT II – Retaliation for Protected Activity (42 U.S.C. § 1983 & First Amendment)**

28. Plaintiff engaged in protected First Amendment activity by filing state-court suits and speaking publicly on legal matters.

29. Defendants' procedural refusals, false certifications, and threats were designed to deter this activity, violating the First Amendment and actionable under § 1983. See *Hartman v. Moore*, 547 U.S. 250 (2006); *Crawford-El v. Britton*, 523 U.S. 574 (1998).

**VI. PRAYER FOR RELIEF**

Pursuant to this Court's authority under Rule 1 of the Federal Rules of Civil Procedure to ensure the just and efficient administration of justice, and consistent with 28 U.S.C. § 2201 and 42 U.S.C. § 1983, Plaintiff respectfully requests that this Court:

A. Declare that Defendants' conduct violated Plaintiff's rights under the First and Fourteenth Amendments;

---

[2] Plaintiff reserves the right to amend this Complaint to reflect additional defendants and claims under 42 U.S.C. § 1985 or § 1986 should further evidence of coordinated civil rights obstruction emerge through discovery or public records requests.

Blair v. Ferguson et al.                Civil Action No. _____                Civil Rights Complaint

B. Issue a permanent injunction compelling Defendants to:

1. Grant Plaintiff CM/ECF credentials within ten (10) days;

2. Serve all filings contemporaneously via CM/ECF or certified mail;

3. Cease all pre-service removals and ensure truthful jurisdictional disclosures;

C. Appoint a special master to monitor compliance;

D. Award Plaintiff his costs and reasonable attorneys' fees under 42 U.S.C. § 1988; and

E. Grant any other relief the Court deems just and proper.

F. Declare that continued obstruction of access, refusal to confer, or bad-faith removals unsupported by law may constitute violations of Rule 11(b)(1)–(2) and will warrant appropriate sanctions or monitoring.

Dated: June 24, 2025

Respectfully submitted,

/s/ Ronald A. Blair
RONALD A. BLAIR
r.anthony.blair@gmail.com
2404 Parisio Court
Leander, TX 78641
Telephone: 717-808-4671

PRO SE PLAINTIFF

9

Blair v. Ferguson et al.                Civil Action No. _____                Civil Rights Complaint

## CERTIFICATE OF CONFERENCE

Plaintiff certifies pre-filing conference was impracticable given the involvement of judicial defendants; will confer with other parties once appearances are entered.

Dated:  June 24, 2025

Respectfully submitted,

/s/ Ronald A. Blair
RONALD A. BLAIR
r.anthony.blair@gmail.com
2404 Parisio Court
Leander, TX 78641
Telephone:  717-808-4671

PRO SE PLAINTIFF

Blair v. Ferguson et al.                Civil Action No. _____                Civil Rights Complaint

## CERTIFICATE OF SERVICE

I hereby certify that on June 24, 2025, a true and correct copy of this Complaint will be served on all named Defendants in accordance with Rule 4 of the Federal Rules of Civil Procedure:

- Pursuant to Rule 4(i), service upon the United States will be effected via certified mail on:
    - The United States Attorney for the District of Columbia;
    - The Attorney General of the United States; and
    - The Clerk of the United States District Court for the District of Columbia.
- Pursuant to Rule 4(e) and 4(h), all corporate and individual defendants will be served via certified mail with return receipt requested. Affidavits of service will be filed upon completion.
- **Electronic service** may be used in addition where legally permissible and where prior contact information is available.

/s/ Ronald A. Blair

RONALD A. BLAIR

PRO SE PLAINTIFF