UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RONALD A. BLAIR,<br><br>Plaintiff,<br><br>v.<br><br>FERGUSON ENTERPRISES, INC., *et al.*,<br><br>Defendants. | No. 1:25-CV-02174-ACRE<br><br>Judge Ana C. Reyes |

## NOTICE OF REQUEST FOR PRE-MOTION CONFERENCE

Defendants Ferguson Enterprises, Inc., Ferguson US Holdings, Inc., Ferguson Enterprises, LLC (collectively "Ferguson"), McGuireWoods LLP ("McGuireWoods"), Joel Allen, and Cory R. Ford (collectively "Defendants"), through counsel and pursuant to Paragraph 7(f) of this Court's Standing Order (ECF No. 8), files this Notice of Request for Pre-Motion Conference regarding Defendants' request for leave to file a Motion to Dismiss under Local Civil Rule 7 and Federal Rule of Civil Procedure 12(b).

## GROUNDS FOR ANTICIPATED MOTION

In his Complaint, Plaintiff Ronald A. Blair ("Plaintiff" or "Blair"), seeks declaratory and injunctive relief under 42 U.S.C. § 1983 against Ferguson (his former employer), McGuireWoods (a law firm) and two McGuireWoods attorneys, Allen and Ford, related to litigation Plaintiff filed in Texas. Plaintiff also asserts claims against unidentified members of the United States District Court for the Southern District of Texas's Clerk's Office, who allegedly denied him CM/ECF access. Defendants seek leave to file a Motion to Dismiss pursuant to Rule 12(b) of the Federal Rules of Civil Procedure based on multiple substantive and procedural defects in Plaintiff's lawsuit.

1

**Failure to State a Claim Under 42 U.S.C. § 1983**. Plaintiff alleges two claims under 42 U.S.C. § 1983 ("Section 1983") against Defendants and five unidentified "Doe Defendants."[1] Section 1983 is a federal law that provides a remedy for the violation of certain federal rights "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory." "[T]he under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful . . . ." *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) (internal quotation marks and citations omitted). "[A] § 1983 claim brought against a private party cannot survive a motion to dismiss if the plaintiff fails to allege that the defendant was engaged in state action or acted under color of state law." *Nader v. McAuliffe*, 593 F. Supp. 2d 95, 101 (D.D.C. 2009) (citation omitted).

Plaintiff's Section 1983 claim is subject to dismissal here pursuant to Federal Rule of Civil Procedure 12(b)(6) because **Plaintiff does not allege any conduct undertaken pursuant to state law**. Rather, he takes issue with various filings Defendants made in another federal court, the federal court clerk's refusal to issue CM/ECF e-filing access to Plaintiff, and cease-and-desist correspondence sent by counsel for Ferguson demanding that Plaintiff cease directly contacting represented parties about the pending federal litigation and demanding that he cease making false and disparaging statements about Ferguson. *See* Compl. ¶¶ 1, 4, 6, 19–20, 22, 24, 29, Ex. N. This conduct, all of which relates to federal litigation, was not undertaken pursuant to state law, and therefore is not actionable under 42 U.S.C. § 1983. *See Williams v. U.S.*, 396 F.3d 412, 414–15 (D.C. Cir. 2005) (explaining that § 1983 does not support a claim based on actions by non-state actors under color of federal law). **Nor are any of the Defendants state actors**. *See id.* (explaining

---

[1] According to Plaintiff, these Doe Defendants "are individuals in the Clerk's Office or contractors who denied CM/ECF access motion filed May 15, and have not acted on renewed motion for CM/ECF access filed June 9, 2025."

2

state action requirement). Indeed, in Paragraph 9 of his Complaint, Plaintiff admits that the Ferguson Defendants are "private corporate actors." Compl. ¶ 9; *see also* Compl. ¶ 13. Likewise, Defendant McGuireWoods LLP is a private law firm, and Defendants Allen and Ford are attorneys at that law firm. *See* Compl. ¶¶ 14–16, 26.

Further, even if Section 1983 allowed Plaintiff to sue private parties for federal litigation practices, he has failed to plausibly allege any constitutional violations based on the mere: (1) removal of the action to federal court and related litigation filings; (2) transmission of litigation-related cease-and-desist correspondence; or (3) the District Court's adherence to its local rules regarding *pro se* filings. *Cf. Jones v. Ogletree, Deakins, Nash, Smoak & Stewart P.C.*, No. 23-3488 (RDM), 2025 U.S. Dist. LEXIS 59302, *20-21 (D.D.C. Mar. 30, 2025) ("Although [plaintiff] was evidently perturbed by Ogletree's litigation tactics, the Court is unable to discern any violation of his federal rights . . . . To the extent [plaintiff] believed that these discovery requests were improper, the appropriate forum to raise those objections was in the Eastern District of North Carolina.").

In short, 42 U.S.C. § 1983 does not countenance a collateral action in federal court challenging (and explicitly seeking to influence)[2] legal proceedings in another United States District Court, related correspondence, and a federal court's adherence to its local rules regarding CM/ECF access. Plaintiff fails to state a claim under 42 U.S.C. § 1983 and this action should be dismissed.

---

[2] In his Prayer for Relief, Plaintiff asks the Court to order, among other things, that Defendants "[g]rant Plaintiff CM/ECF credentials within (10) days," that Defendants "[c]ease all pre-service removals and ensure truthful jurisdictional disclosures," the appointment of a special master, and a declaration that Defendants may have violated Rule 11 in the Texas litigation. Compl. at 8–9.

**Lack of Personal Jurisdiction**. Additionally, pursuant to Federal Rule of Civil Procedure 12(b)(2), Ferguson, Allen, and Ford seek leave to file a Motion to Dismiss for lack of personal jurisdiction. Plaintiff's Complaint alleges no facts to establish personal jurisdiction over these defendants. As to Ferguson, Plaintiff alleges it is a Virginia limited liability company registered to do business in Texas. Compl. ¶ 13. And Plaintiff alleges that both Allen and Ford are attorneys at McGuireWoods. *Id*. ¶¶ 14-15; *see also* Ex. N (May 13, 2025 Ltr. from Allen to Blair, listing Allen's professional address in Dallas, TX). Plaintiff bears the burden of establishing that this Court has personal jurisdiction over defendants. *See Lemon v. Kramer*, 270 F.Supp.3d 125, 135 (D.D.C. 2017) (citations omitted). Plaintiff does not allege any facts under which this Court could exercise general jurisdiction over these defendants. Likewise, Plaintiff does not allege any facts that would establish specific jurisdiction over Ferguson, Allen or Ford. The alleged acts that form the basis of Plaintiff's claims arise out of or relate to litigation in Texas. *See, e.g.*, Compl. ¶¶ 1-2, 4-5, 18-24. The Complaint makes no allegations connecting the conduct of Ferguson, Allen or Ford to the District of Columbia. As a result, Plaintiff has failed to allege sufficient facts to meet his burden to establish personal jurisdiction over these defendants. *See Lemon*, 270 F.Supp.3d at 137-138 (dismissing pro se complaint for lack of personal jurisdiction).

## CONCLUSION

For these reasons, Defendants respectfully request that this Court permit Defendants to file a Motion to Dismiss Plaintiff's Complaint and deem Defendants' responsive pleading under Rule 12 timely filed pursuant to Paragraph 7(f) of this Court's Standing Order (ECF No. 8).[3]

---

[3] Defendants reserve their right to seek to recover their attorneys' fees incurred in defending against this action pursuant to 42 U.S.C. § 1988(b).

Dated: August 8, 2025

Respectfully submitted,

**McGuireWoods LLP**

*/s/ David L. Greenspan*
David L. Greenspan (D.C. Bar No. 1021256)
McGuireWoods LLP
1750 Tysons Boulevard, Suite 1800
Tysons, VA 22102
T: (703) 712-5096
F: (703) 712-5217
dgreenspan@mcguirewoods.com

*Counsel for Defendants Ferguson Enterprises, Inc., Ferguson US Holdings, Inc., Ferguson Enterprises, LLC, McGuireWoods LLP, Joel Allen, Esq., and Cory R. Ford, Esq.*

## CERTIFICATE OF SERVICE

I hereby certify that on August 8, 2025, the foregoing document was filed electronically via CM/ECF, and served by certified mail and electronic mail to:

Ronald A. Blair
2404 Parisio Court
Leander, TX 78641
*Pro se Plaintiff*

                                                */s/ David L. Greenspan*
                                                David L. Greenspan