## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **RONALD A. BLAIR,** | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 1:25-cv-02174** |
| | § | |
| **FERGUSON ENTERPRISES, INC.;** | § | |
| **FERGUSON US HOLDINGS, INC.;** | § | |
| **FERGUSON ENTERPRISES, LLC;** | § | |
| **MCGUIREWOODS LLP;** | § | |
| **JOEL ALLEN, ESQ;** | § | |
| **CORY R. FORD, ESQ;** | § | |
| **DOE DEFENDANTS 1–5,** | § | |
| **Defendants** | § | |

**PLAINTIFF'S MOTION TO DISQUALIFY MCGUIREWOODS LLP**

**FROM REPRESENTING DEFENDANTS FERGUSON ENTERPRISES, INC.,**

**FERGUSON US HOLDINGS, INC., AND FERGUSON ENTERPRISES, LLC IN THE**

**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA**

Blair v. Ferguson Enterprises, Inc., et al          Case No. 1:25-cv-02174                    Motion to Disqualify MW

## TABLE OF CONTENTS

TABLE OF CONTENTS...................................................................................................... 1

TABLE OF AUTHORITIES.............................................................................................. 2

I. INTRODUCTION .......................................................................................................... 4

II. BACKGROUND ........................................................................................................... 5

III. LEGAL STANDARD ................................................................................................. 7

    A. Standing to Challenge Representation............................................................... ....8

    B. Lawyer as Witness ............................................................................................. 9

IV. ARGUMENT.. ............................................................................................................. 9

    A. Direct Adversity – Rule 1.7(a)(1): McGuireWoods Is a Named Defendant ..................... 9

    B. Material Limitation – Rule 1.7(b)(4)................................................................... 12

    C. McGuireWoods Attorneys as Impermissible Advocate-Witnesses – Rule 3.7................. 12

    D. This Conflict Is Unwaivable .............................................................................. 13

    E. Nationwide / Cross-Forum Impact ..................................................................... 13

    F. Pattern of Procedural Sabotage .......................................................................... 14

    F.1 Statistical Evidence of Systemic Favoritism ...................................................... 15

    G. Relationship to Preservation Issues in Related Litigation ..................................... 16

    H. Necessity of Firm-Wide Disqualification ........................................................... 16

V. PATTERN OF PROFESSIONAL CONDUCT VIOLATIONS............................................. 17

VI. RELIEF REQUESTED ............................................................................................... 19

EXHIBIT INDEX ............................................................................................................ 20

CERTIFICATE OF NONCONFERENCE ......................................................................... 23

CERTIFICATE OF SERVICE ......................................................................................... 24

# TABLE OF AUTHORITIES

## Cases

*Brown v. Dist. of Columbia Bd. of Zoning Adjustment*, 486 A.2d 37, 46–47 (D.C. 1984) (en banc)...... 9, 10

*Brown*, 486 A.2d at 46–47................................................................................................................15

*Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991)...........................................................................7

*Fund of Funds, Ltd. v. Arthur Andersen & Co.*, 567 F.2d 225, 233 (2d Cir. 1977).........................9

*Griva v. Davison*, 637 A.2d 830, 845 (D.C. 1994)..........................................................................11

*GSI Commerce Solutions, Inc. v. BabyCenter, LLC*, 618 F.3d 204, 211 (2d Cir. 2010).................9

*In re Corn Derivatives Antitrust Litig.*, 748 F.2d 157, 161 (3d Cir. 1984).....................................12

*In re Gadda*, 514 F.3d 1006, 1011 (D.C. Cir. 2008)....................................................................9, 10

*In re Gadda*, 514 F.3d at 1011 ..............................................................................................9, 10, 12

*In re Ronald A. Blair*, No. 25-20281 (5th Cir. July 18, 2025) ........................................................13

*Koller v. Richardson-Merrell Inc.*, 737 F.2d 1038, 1055 (D.C. Cir. 1984) ......................................7

*Koller*, 737 F.2d at 1055 ...................................................................................................................8

*Tatum v. Morton*, 562 F.2d 1279, 1281 (D.C. Cir. 1977) ................................................................8

*United States v. Philip Morris Inc.*, 312 F. Supp. 2d 27, 44 (D.D.C. 2004) ....................................8

*United States v. Phillip Morris Inc.*, 312 F. Supp. 2d 27, 44–45 (D.D.C. 2004)............................11

## Statutes

42 U.S.C. § 1983 ...........................................................................................................................4, 5

28 U.S.C. § 1651 (All Writs Act)................................................................................................13, 19

## Rules

Rule 1.7(a)(1)...................................................................................................................................8

Rule 1.7(a)(2)...................................................................................................................................8

D.C. Rule of Professional Conduct 1.7(a)(1) ...................................................................................9

D.C. Rule of Professional Conduct 3.7(a) ...................................................................................8, 11

Blair v. Ferguson Enterprises, Inc., et al          Case No. 1:25-cv-02174          Motion to Disqualify MW

LCvR 7(m).................................................................................................................................. 15, 16, 21

LCvR 83.15(a)....................................................................................................................................... 7

Rule 1.10......................................................................................................................................... 9, 11

Rule 3.4(c)........................................................................................................................................... 15

Rule 3.5(d).......................................................................................................................................... 16

Rule 8.4(d).......................................................................................................................................... 16

Rules 1.7 and 3.7.................................................................................................................................. 4

# I. INTRODUCTION

This motion arises from a civil rights action under 42 U.S.C. § 1983, alleging that federal officials and private corporate actors jointly participated in depriving Plaintiff of constitutionally protected rights. McGuireWoods LLP and several of its attorneys are named defendants in this case and in related federal actions, **including parallel class actions in the Northern District of Illinois on behalf of more than 5,000 class members**, all arising from the same core facts at issue here. The conduct of McGuireWoods LLP ("McGuireWoods") and several of its attorneys is not peripheral to this litigation—it is central. Because the grounds for disqualification arise from McGuireWoods LLP's own direct involvement in the events at issue and from conflicts that go to the heart of its ability to provide independent representation, the motion rests on concrete facts already pled and matters presently before this Court and the Northern District of Illinois. McGuireWoods' actions, and those of its named attorney defendants, form a core part of the factual record and will be the subject of direct discovery, evidentiary development, and proof at trial.

McGuireWoods now seeks to represent certain Defendants in this action while simultaneously occupying the position of a key fact witness and party to liability findings. That dual role presents an irreconcilable, non-waivable conflict of interest under Rules 1.7 and 3.7 of the D.C. Rules of Professional Conduct. It also threatens the fairness, impartiality, and perceived integrity of these proceedings.

The District Court's inherent authority to safeguard the judicial process is at its height when counsel's continued participation risks distorting the evidentiary record or undermining public confidence in the tribunal's impartiality. Early intervention is warranted here. Allowing McGuireWoods to continue in a representative capacity while its own conduct remains a live subject of the case will:

- Inject counsel's self-interest into litigation strategy,

- Create incentives to shield material evidence, and

- Force Plaintiff—and potentially the Court—to navigate blurred lines between advocacy and testimony.

Plaintiff Ronald A. Blair, proceeding pro se, respectfully moves to disqualify McGuireWoods from representing any Defendant in this matter. The conflict is neither speculative nor curable by consent, and disqualification at this stage is necessary to preserve the integrity of these proceedings.

## II. BACKGROUND

Plaintiff brings this action under 42 U.S.C. § 1983 against a combination of federal officials and private corporate actors, alleging joint participation in the deprivation of rights secured by the Constitution and laws of the United States. The Complaint sets forth that McGuireWoods LLP and several of its attorneys, including Joel Allen and Cory Rosenstein-Ford, engaged in coordinated actions with federal court personnel and other Defendants to obstruct Plaintiff's access to the courts, interfere with pending proceedings, and retaliate against Plaintiff for protected litigation activity.

The alleged conduct of McGuireWoods is not limited to ordinary adversarial representation. Rather, Plaintiff alleges that:

- **Direct participation in the challenged misconduct.** McGuireWoods and its attorneys are named individually in this action and are alleged to have engaged in acts of obstruction, defamation, and interference that form part of the § 1983 claims.

- **Central subject of anticipated discovery.** Plaintiff intends to seek documents, communications, and testimony from McGuireWoods that are material to proving the claims against all Defendants.

- **Unique fact witness role.** The record already contains correspondence, directives, and procedural filings in which McGuireWoods attorneys were personally involved. Their knowledge is unique, non-duplicative, and unavailable from other sources.

These allegations are supported by multiple exhibits, including:

1. Pre-removal coordination evidence involving McGuireWoods attorneys (Exhibit A);

2. A May 13, 2025 cease-and-desist letter from McGuireWoods to Plaintiff (Exhibit B);

3. Selected exhibits from a sanctions motion in related litigation (Exhibit C);

4. Filing records and timelines showing coordinated cross-jurisdictional activity (Exhibits J & Q); and

5. A table of omitted authorities demonstrating litigation pattern and context (Exhibit U).

**Federal Court Record of Preservation and Conflict Concerns.**

On August 3, 2025, in this very case, Plaintiff filed two public notices:

(1) *Notice: Preservation Categories & Counsel Linkage*; and

(2) *Notice: Ethical Representation Obligations.*

These filings identified categories of information requiring preservation and disclosed anticipated counsel conflicts arising from McGuireWoods' dual role as a named defendant in related federal litigation and as counsel for Ferguson in this matter. While those notices sought no immediate relief, they placed these concerns into the record before this motion.

McGuireWoods therefore cannot credibly claim lack of notice regarding either its conflict of

interest or the preservation risks inherent in its continued control over potentially relevant evidence.

**Related Proceedings.**

In related litigation in the Northern District of Illinois and in the Fifth Circuit Court of Appeals, McGuireWoods and its attorneys have likewise been named as parties or central fact witnesses concerning alleged obstruction, interference, and retaliation. Several exhibits attached here originate from those proceedings and are incorporated for their relevance to the non-waivable conflicts presented in this case.

**Pattern and Practice.**

The record from these prior proceedings documents a pattern of procedural sabotage by McGuireWoods in its dual role as Ferguson's counsel and as a litigant seeking to shield itself from accountability. (See Exhibits A–E: A – Pre-Removal Coordination; B – Cease-and-Desist Letter; C – Sanctions Motions; D – Fifth Circuit Mandamus Filing; E – Bar Grievances). Because McGuireWoods' conduct is squarely at issue, its continued representation of any Defendant creates the precise type of non-waivable conflict that Rules 1.7 and 3.7 are designed to prevent.

## III. LEGAL STANDARD

The Court has the inherent authority to regulate the conduct of attorneys appearing before it, including the power to disqualify an attorney and that attorney's affiliated law firm when a conflict of interest threatens the fairness or integrity of the proceedings. *Koller v. Richardson-Merrell Inc.*, 737 F.2d 1038, 1055 (D.C. Cir. 1984) (recognizing inherent authority to supervise the bar); *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991) (same). The District of Columbia has adopted the D.C. Rules of Professional Conduct, which govern here. LCvR 83.15(a).

Under D.C. Rule of Professional Conduct 1.7(a), a lawyer shall not represent a client if the representation involves a concurrent conflict of interest. A concurrent conflict exists if:

1. **Direct Adversity** — "the representation of one client will be directly adverse to another client" (Rule 1.7(a)(1)); or

2. **Material Limitation** — "there is a significant risk that the representation… will be materially limited by… the lawyer's own interests" (Rule 1.7(a)(2)).

The Rule's commentary recognizes that a lawyer's personal interest in avoiding liability for their own conduct may create a conflict so severe that it cannot be waived by client consent. See D.C. R. Prof. Conduct 1.7, cmts. [10]–[11].

## A. Standing to Challenge Representation

A party need not have an attorney–client relationship with opposing counsel to move for disqualification. The Court has an independent interest in preventing conflicts that undermine the fairness and integrity of its proceedings. Koller, 737 F.2d at 1055; United States v. Philip Morris Inc., 312 F. Supp. 2d 27, 44 (D.D.C. 2004).

## B. Lawyer as Witness

D.C. Rule of Professional Conduct 3.7(a) bars a lawyer from acting as an advocate at a trial in which the lawyer is "likely to be a necessary witness." This prohibition is distinct from, and equally compelling as, the personal-interest conflicts addressed under Rule 1.7. See *Tatum v. Morton*, 562 F.2d 1279, 1281 (D.C. Cir. 1977).

## IV. ARGUMENT

## A. Direct Adversity – Rule 1.7(a)(1): McGuireWoods Is a Named Defendant

## Automatic Disqualification – Firm as Named Defendant

McGuireWoods LLP is itself a named defendant in this action. Under D.C. Rule of Professional

Conduct 1.7(a)(1), a lawyer may not represent a client in a matter that is directly adverse to another client. Rule 1.10(a) imputes that conflict to "all lawyers associated in a firm." Where the law firm is a party, the conflict is total and non-consentable. *Fund of Funds, Ltd. v. Arthur Andersen & Co.*, 567 F.2d 225, 233 (2d Cir. 1977) ("When a law firm is itself a party defendant, disqualification is required."); *GSI Commerce Solutions, Inc. v. BabyCenter, LLC*, 618 F.3d 204, 211 (2d Cir. 2010) (same). That conflict exists here right now — every attorney in Attorneys from McGuireWoods LLP, including David Greenspan, are actively representing Ferguson while the firm itself stands as a defendant in the very same case.

The firm cannot ethically or effectively advocate for Ferguson while simultaneously defending itself against Plaintiff's claims—a conflict that cannot be cured by any purported ethical wall or screening.[1]

McGuireWoods's representation of Ferguson here is directly adverse to Plaintiff's interests because the claims against Ferguson necessarily implicate McGuireWoods's own conduct, judgment, and litigation decisions. See *In re Gadda*, 514 F.3d 1006, 1011 (D.C. Cir. 2008) (recognizing direct adversity where attorney's own interests are implicated); *Brown v. Dist. of Columbia Bd. of Zoning Adjustment*, 486 A.2d 37, 46–47 (D.C. 1984) (en banc) (counsel's personal involvement in disputed conduct creates direct adversity). Courts in this District have held that such a posture — where counsel is effectively defending its own actions — satisfies Rule 1.7(a)(1)'s direct-adversity standard. See *In re Gadda*, 514 F.3d at 1011.

---

[1] Any suggestion that McGuireWoods could erect an "ethical wall" or treat this as a "different matter" fails as a matter of law. Rule 1.10(a) contains no screening exception when the law firm itself is a named party. *See Fund of Funds*, 567 F.2d at 233 (rejecting screening where firm's own interests were at stake). The representation here is not a "different matter" under Rule 1.9 because the firm's defense of Ferguson is inseparably intertwined with its defense of McGuireWoods itself. The claims against Ferguson necessarily implicate the conduct of McGuireWoods's attorneys, including Joel Allen, Cory Rosenstein-Ford, and David Greenspan, making the conflict current, direct, and non-waivable.

McGuireWoods LLP is a named defendant in this District of Columbia action. Its conduct—and that of its attorneys who are also named defendants—is a central subject of discovery and proof in this case. Defending Ferguson in this matter necessarily requires defending McGuireWoods's own actions, decisions, and communications. The firm's litigation posture is therefore inseparable from its self-protection, and every aspect of its representation is colored by its own legal and financial exposure. McGuireWoods is defending Ferguson against allegations that necessarily implicate its own prior conduct, judgment, and litigation decisions. In related federal actions, both the firm and individual McGuireWoods attorneys are named parties, underscoring the severity and non-waivable nature of the conflict.

- McGuireWoods's representation of Ferguson here is directly adverse to Plaintiff's interests. See *In re Gadda*, 514 F.3d 1006, 1011 (D.C. Cir. 2008) (recognizing direct adversity where attorney's own interests are implicated).

- Plaintiff's claims challenge the same course of conduct in which McGuireWoods played a central role in related federal proceedings.

- McGuireWoods is defending Ferguson against allegations that necessarily implicate its own conduct, judgment, and litigation decisions. See *Brown v. Dist. of Columbia Bd. of Zoning Adjustment*, 486 A.2d 37, 46–47 (D.C. 1984) (en banc) (counsel's personal involvement in disputed conduct creates direct adversity).

Courts in this District have held that such a posture — where counsel is effectively defending its own actions — satisfies Rule 1.7(a)(1)'s direct adversity standard. See *In re Gadda*, 514 F.3d at 1011.

## B. Material Limitation – Rule 1.7(b)(4)

Even apart from direct adversity, McGuireWoods's personal interest in avoiding liability in

related matters materially limits its ability to give Ferguson candid advice. Every key litigation

choice — whether to settle, produce documents, or shift responsibility — is made in the shadow

of McGuireWoods's own institutional interest in self-protection.

D.C. precedent holds that when counsel's personal interests materially limit representation, the

conflict is non-waivable. See *Griva v. Davison*, 637 A.2d 830, 845 (D.C. 1994).

### C. McGuireWoods Attorneys as Impermissible Advocate-Witnesses – Rule 3.7

D.C. Rule of Professional Conduct 3.7(a) provides: *"A lawyer shall not act as advocate at a trial*

*in which the lawyer is likely to be a necessary witness."* The rule is designed to prevent

situations where an advocate's credibility is placed before the factfinder, creating confusion and

prejudicing the opposing party. See *United States v. Phillip Morris Inc.*, 312 F. Supp. 2d 27, 44–

45 (D.D.C. 2004).

Here, McGuireWoods attorneys are necessary witnesses because they possess firsthand, non-

privileged knowledge about the advice given to Ferguson regarding the layoffs, the firm's

litigation strategy in related actions, and communications that Plaintiff alleges were obstructive.

Because their testimony is essential to resolving key factual disputes, their continued role as

advocates is prohibited under Rule 3.7.

While courts sometimes defer Rule 3.7 disqualification until closer to trial, that approach is

inapplicable here. The taint exists now because pre-trial strategy, preservation decisions, and

discovery negotiations are being shaped by counsel who are also necessary fact witnesses.

Allowing conflicted counsel to control these early-stage processes irreparably prejudices both the

Plaintiff and the putative classes in the Northern District of Illinois by embedding witness-

advocate conflicts into the factual record from the outset. This conflict is imputed to the entire

firm under Rule 1.10, requiring firm-wide disqualification.

**D. This Conflict Is Unwaivable**

D.C. precedent recognizes that personal-interest conflicts of this magnitude cannot be cured by client consent. Ferguson cannot compel McGuireWoods to put Ferguson's interests ahead of its own survival. Any purported waiver would itself be unethical given the magnitude of this conflict. See *Griva*, 637 A.2d at 845; *In re Gadda*, 514 F.3d at 1011.

E. Nationwide / Cross-Forum Impact

The conflict affects multiple federal proceedings in which McGuireWoods's conduct is under review. Allowing McGuireWoods to remain risks inconsistent rulings, forum shopping, and erosion of ethical standards across jurisdictions. See, e.g., *In re Corn Derivatives Antitrust Litig.*, 748 F.2d 157, 161 (3d Cir. 1984) (recognizing multi-district and cross-forum considerations in disqualification analysis).

**F. Pattern of Procedural Sabotage**

McGuireWoods's pattern of procedural sabotage is not speculative; it is documented in multiple federal proceedings, including but not limited to:

1. **Pre-removal coordination to restrict litigation communications (Ex. A)** – Email from McGuireWoods directing Plaintiff not to communicate with anyone using a "@ferguson.com" address, effectively blocking access to key witnesses, custodians, and sources of discoverable information.

2. **Cease-and-Desist Letter aimed at chilling protected litigation activity (Ex. B)** – Sent in direct retaliation for Plaintiff's protected advocacy.

3. **Unresolved sanctions motions (Ex. C)** – Filed in related cases, never resolved on the merits, yet remaining in the docket as prejudicial accusations.

4. **Active Fifth Circuit mandamus (Ex. D)** – Petition detailing McGuireWoods's role in procedural obstruction during SDTX litigation.

5. **Pending Emergency Motion in Fifth Circuit (Ex. D-1)** – Filed in *In re Ronald A. Blair*, No. 25-20281 (5th Cir. July 18, 2025), seeking protective relief under the All Writs Act.

6. **Prior bar grievances (Ex. E)** – Filed against McGuireWoods attorneys for conduct tied to the same factual nucleus.

**F.1 Statistical Evidence of Systemic Favoritism**

In addition to the documented acts of procedural sabotage described above, a review of Ferguson and McGuireWoods's federal litigation history over the past five years reveals an extraordinary statistical anomaly. This analysis, drawn from federal cases with similar metrics in which McGuireWoods represented Ferguson or its affiliates, shows that Ferguson and McGuireWoods have prevailed at the pretrial stage in every single one of at least 27 such matters — a perfect 27-0 record. Most of these victories occurred through dispositive motions or procedural dismissals.

Nationally, employers in comparable federal employment and discrimination cases prevail on such motions at an average rate of approximately 77%. The probability of any party matching McGuireWoods's 100% success rate over 27 consecutive cases, when measured against national benchmarks, is vanishingly small — less than one in $10^{29}$. This statistical impossibility strongly supports an inference of structural irregularities, including forum selection practices, judicial favoritism, and procedural gatekeeping that materially disadvantage adverse parties, particularly pro se and class litigants. If Defendants contend that this analysis is inaccurate, Plaintiff respectfully invites them to provide the Court with their own comprehensive statistical analysis of such cases. In the absence of such data, this analysis stands unrebutted.

Blair v. Ferguson Enterprises, Inc., et al          Case No. 1:25-cv-02174          Motion to Disqualify MW

| Metric | National Rate (p) | Observed Wins (k) | Total Cases (n) | Probability of 27 Wins |
|---|---|---|---|---|
| Summary Judgment Success (Employer) | 0.77 | 27 | 27 | 0.000861 |
| Fraudulent Joinder | 0.15 | 27 | 27 | 5.68E-23 |
| Arbitration Enforcement | 0.70 | 27 | 27 | 0.000066 |
| Combined Anomaly Rate | — | — | — | 3.22E-30 |

A full statistical analysis, including methodology and probability calculations, is attached as Exhibit F.

### G. Relationship to Preservation Issues in Related Litigation

In the Northern District of Illinois, Plaintiff and the putative classes have a pending Motion for Preservation of Evidence seeking to secure class-wide evidence before loss or alteration (See Exhibit C). McGuireWoods's conflict directly frustrates effective preservation because the firm controls—or influences—key custodians, servers, and document retention policies at Ferguson. The same attorneys who are necessary witnesses are also positioned to determine the scope of litigation holds, decide which custodians are searched, and influence what is deemed "responsive." This structural conflict creates a substantial risk of selective preservation, delayed

production, or loss of relevant ESI, harming the putative classes. Disqualification here is essential to avoid preservation risks across all forums where related claims are pending.

### H. Necessity of Firm-Wide Disqualification

Because McGuireWoods's conflict is pervasive and non-waivable, disqualification must extend to McGuireWoods LLP and all of its attorneys, staff, and agents. Anything less would allow the firm to influence Ferguson's defense through shadow-counsel arrangements or informal coordination, perpetuating the conflict.

Courts in this District have recognized that the appearance of impropriety, when combined with an actual conflict, warrants firm-wide removal. See *Brown*, 486 A.2d at 46–47.

## V. PATTERN OF PROFESSIONAL CONDUCT VIOLATIONS

The August 8, 2025 "Notice of Request for Pre-Motion Conference" is not an isolated misstep — it is part of a consistent pattern of procedural abuse by McGuireWoods LLP and its attorneys across multiple federal forums. That pattern includes deliberate rule violations, tactical misuse of procedural safeguards, and conduct designed to burden Plaintiff and distort the evidentiary record. The following rules violations, committed by McGuireWoods partner David Greenspan, illustrate why disqualification is necessary in this matter:

1. **Rule 3.4(c) – Knowing Disobedience of Court Orders**

   A lawyer shall not knowingly disobey an obligation under the rules of a tribunal. Greenspan filed the Notice without the mandatory LCvR 7(m) conferral and without complying with ¶ 9 of this Court's Standing Order, despite being plainly aware of the requirement — as proven by his next-day email citing those same provisions. This was not a misunderstanding; it was a conscious decision to bypass a mandatory procedural step.

Blair v. Ferguson Enterprises, Inc., et al         Case No. 1:25-cv-02174         Motion to Disqualify MW

2. **Rule 8.4(d) – Serious Interference with the Administration of Justice**

The D.C. Rules prohibit conduct that "seriously interferes with the administration of justice." By ignoring the conferral requirement, then attempting to use the same rule post-filing to delay Plaintiff's response, counsel engaged in procedural gamesmanship that undermines the Court's authority and obstructs fair adjudication. Similar tactics have been used by McGuireWoods in parallel proceedings to evade or delay judicial review.

3. **Rule 4.4(a) – Improper Burden on Third Persons**

Lawyers may not use means that have no substantial purpose other than to embarrass, delay, or burden a third person. The sequence of filing late on a Friday without conferral, followed by a "conferral" email after the fact, placed a pro se litigant — without the resources of a litigation team — in a needless bind over a weekend. The purpose was to control timing and procedural posture, not to resolve any legitimate dispute. Defendants' counsel's August 8, 2025 filing violated LCvR 7(m) and ¶ 9 of this Court's Standing Order by failing to confer with Plaintiff before seeking Court action. The violation was knowing and intentional, as evidenced by counsel's subsequent email citing the same Standing Order the next day while attempting to control Plaintiff's response timing. This deliberate procedural violation prejudiced Plaintiff by consuming valuable preparation time, forcing a reactive posture over a weekend, and attempting to deprive Plaintiff of the opportunity to timely oppose the Defendants' requested relief.

4. **Rule 3.5(d) – Disruption of Tribunal Proceedings**

A lawyer may not engage in conduct intended to disrupt a tribunal. Filing a procedurally defective notice compels the Court to expend resources correcting a problem of counsel's own making, distracting from substantive issues and prejudicing case management. When

repeated across jurisdictions, this pattern reveals a systemic strategy, not an isolated

lapse.

McGuireWoods' continuing participation in this case while engaging in such tactics compounds

the underlying conflicts addressed in this motion. Disqualification here would not only address

the immediate prejudice to Plaintiff but would also signal that this Court will not permit counsel

to manipulate its procedural rules as tools of obstruction or harassment.

## VI. RELIEF REQUESTED

Plaintiff respectfully requests that the Court enter an Order providing the following relief:

1. **Disqualify McGuireWoods LLP –** Disqualify McGuireWoods LLP and its attorneys from

   representing any Defendant in this matter, including Ferguson Enterprises, Inc., Ferguson US

   Holdings, Inc., and Ferguson Enterprises, LLC.

2. **Firm-Wide Disqualification** – In addition to the above, disqualify all McGuireWoods LLP

   attorneys, staff, and agents from any role in representing or advising any Defendant in this

   matter.

3. **Denial of Improper Notice** – Deny Defendants' August 8, 2025 Notice of Request for Pre-

   Motion Conference as procedurally improper;

4. **Prohibition on Shadow Counsel –** Prohibit McGuireWoods LLP from serving in any

   advisory, consulting, or shadow-counsel capacity in connection with this matter or any

   related proceeding in this Court or any other forum;

5. **Requirement to Retain Conflict-Free Counsel –** Require Ferguson Enterprises, Inc.,

   Ferguson US Holdings, Inc., and Ferguson Enterprises, LLC to retain new, conflict-free

   counsel and cause such counsel to enter an appearance within fourteen (14) days of the

   Court's Order;

6. **Joint Certification of Cessation –** Require Ferguson Enterprises, Inc., Ferguson US Holdings, Inc., and Ferguson Enterprises, LLC, together with McGuireWoods LLP, to file a joint certification within ten (10) days of the Court's Order confirming that McGuireWoods LLP has ceased all representation, advisory, and consulting roles in this matter; and

7. **Alternative Relief –** In the alternative, grant Plaintiff's pending Motion for Preservation of Evidence and for Leave to Conduct Limited Expedited Discovery to ensure protection of class-wide and case-critical evidence.

Defendants may contend that disqualification will impose a financial or logistical burden. Any such assertion should be weighed against the disproportionate burden already imposed on Plaintiff. Plaintiff's separation from gainful employment, and the retaliation that followed, has caused a far greater proportional impact on his resources and livelihood than any separation between McGuireWoods and Ferguson would have on these well-resourced entities.

No rule, precedent, or waiver can permit a law firm to serve as both advocate and defendant in the same action without fatally compromising the fairness of the proceeding.

## EXHIBIT INDEX

- **Exhibit A –** Pre-Removal Coordination Evidence: Email correspondence from McGuireWoods LLP directing Plaintiff not to communicate with any person using a "@ferguson.com" email address, issued prior to removal of this action, restricting Plaintiff's access to key witnesses and potential sources of discoverable information.

- **Exhibit B** – Cease-and-Desist Letter: Correspondence from McGuireWoods LLP demanding that Plaintiff cease certain communications related to this litigation, issued in an effort to chill Plaintiff's protected litigation activity.

- **Exhibit C –** Plaintiff's Motion for Sanctions (Case No. 4:25-cv-01963) with Selected Supporting Exhibits: Filed in the Southern District of Texas against McGuireWoods LLP, with the Notice of Rule 11 Filing Ripeness, Supplemental Authority in Support of Sanctions, and selected supporting exhibits (J, N, Q, U) directly relevant to the instant Motion to Disqualify.

- **Exhibit D –** Fifth Circuit Mandamus Filing: Petition for writ of mandamus filed in the U.S. Court of Appeals for the Fifth Circuit in *In re Ronald A. Blair*, Case No. 25-20281, documenting procedural obstruction, docket irregularities, and denial of CM/ECF access in the Southern District of Texas.

- **Exhibit D-1 –** Fifth Circuit Emergency Motion to Protect Class Representative and Class Members from Retaliation and Obstruction: Filed in *In re Ronald A. Blair*, Case No. 25-20281 (5th Cir. July 18, 2025), seeking protective relief under the All Writs Act against retaliatory judicial conduct threatening class litigation in multiple jurisdictions.

- **Exhibit E –** Bar Grievances: Copies of formal grievances filed by Plaintiff with state disciplinary authorities against McGuireWoods LLP attorneys Joel Allen and Cory Rosenstein-Ford, concerning litigation conduct and procedural tactics directly related to the allegations in this case.

- **Exhibit F –** Statistical Report: Probability Analysis of Litigation Outcomes Involving Ferguson Enterprises and McGuireWoods LLP: Full statistical analysis of 27 substantially similar federal cases over the past five years in which Ferguson and McGuireWoods prevailed at the pretrial stage, demonstrating a combined anomaly rate of less than one in $10^{29}$.

Blair v. Ferguson Enterprises, Inc., et al          Case No. 1:25-cv-02174          Motion to Disqualify MW

Dated:  August 10, 2025                    Respectfully submitted,


                                          /s/ Ronald A. Blair
                                          Ronald A. Blair
                                          Lead Plaintiff and Prospective Class
                                          Representative, Pro Se
                                          2404 Parisio Court
                                          Leander, TX 78641
                                          Telephone: (717) 808-4671
                                          Email: r.anthony.blair@gmail.com

Blair v. Ferguson Enterprises, Inc., et al          Case No. 1:25-cv-02174          Motion to Disqualify MW

## CERTIFICATE OF NONCONFERENCE

Pursuant to LCvR 7(m), Plaintiff attempted to confer with Defendants' counsel, David

Greenspan of McGuireWoods LLP, regarding the relief sought in this motion. On August 8,

2025, Plaintiff emailed Mr. Greenspan to initiate a conference. Mr. Greenspan replied but did not

engage in any substantive discussion aimed at narrowing or resolving the issues, and no

agreement was reached. Because McGuireWoods LLP is the subject of the relief sought herein

and is itself a named defendant in this matter, and given the absence of a meaningful meet-and-

confer, the issues remain ripe for the Court's resolution.

Dated:  August 10, 2025                                    Respectfully submitted,

 

 

/s/ Ronald A. Blair
Ronald A. Blair
Lead Plaintiff and Prospective Class
Representative, Pro Se
2404 Parisio Court
Leander, TX 78641
Telephone: (717) 808-4671
Email: r.anthony.blair@gmail.com

Blair v. Ferguson Enterprises, Inc., et al          Case No. 1:25-cv-02174          Motion to Disqualify MW

### CERTIFICATE OF SERVICE

I hereby certify that on August 10, 2025, I filed the foregoing Plaintiff's Motion to Disqualify

McGuireWoods LLP, together with all exhibits and the proposed order, through the Court's

CM/ECF system, which will send notification of such filing to David Greenspan, counsel of

record for all Defendants, at McGuireWoods LLP.


Dated:  August 9, 2025                          Respectfully submitted,


                                               /s/ Ronald A. Blair
                                               Ronald A. Blair
                                               Lead Plaintiff and Prospective Class
                                               Representative, Pro Se
                                               2404 Parisio Court
                                               Leander, TX 78641
                                               Telephone: (717) 808-4671
                                               Email: r.anthony.blair@gmail.com