**PLAINTIFF'S EXHIBIT BINDER – PART 1 OF 2**

(Exhibits A - D)

Filed in Support of Plaintiff's Motion to Disqualify McGuireWoods LLP

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **RONALD A. BLAIR,** | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 1:25-cv-02174** |
| | § | |
| **FERGUSON ENTERPRISES, INC.;** | § | |
| **FERGUSON US HOLDINGS, INC.;** | § | |
| **FERGUSON ENTERPRISES, LLC;** | § | |
| **MCGUIREWOODS LLP;** | § | |
| **JOEL ALLEN, ESQ;** | § | |
| **CORY R. FORD, ESQ;** | § | |
| **DOE DEFENDANTS 1–5,** | § | |
| **Defendants** | § | |

## EXHIBIT BINDER

## IN SUPPORT OF PLAINTIFF'S MOTION TO DISQUALIFY

## MCGUIREWOODS LLP FROM REPRESENTING DEFENDANTS

**Filed: August 10, 2025**

**Submitted by:**

**/s/ Ronald A. Blair**

**Ronald A. Blair**

**Lead Plaintiff and Prospective Class Representative, Pro Se**

**2404 Parisio Court**

**Leander, TX 78641**

**Telephone: (717) 808-4671**

**Email: r.anthony.blair@gmail.com**

## EXHIBIT INDEX INCLUDES:

- **Exhibit A –** Pre-Removal Coordination Evidence

- **Exhibit B –** Cease-and-Desist Letter

- **Exhibit C –** Plaintiff's Motion for Sanctions (Case No. 4:25-cv-01963) with Selected Supporting Exhibits

- **Exhibit D –** Fifth Circuit Mandamus Filing

- **Exhibit D-1 –** Fifth Circuit Emergency Motion to Protect Class Representative and Class Members from Retaliation and Obstruction

- **Exhibit E –** Bar Grievances

- **Exhibit F –** Statistical Report: Probability Analysis of Litigation Outcomes Involving Ferguson Enterprises and McGuireWoods LLP

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **RONALD A. BLAIR,** | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 1:25-cv-02174** |
| | § | |
| **FERGUSON ENTERPRISES, INC.;** | § | |
| **FERGUSON US HOLDINGS, INC.;** | § | |
| **FERGUSON ENTERPRISES, LLC;** | § | |
| **MCGUIREWOODS LLP;** | § | |
| **JOEL ALLEN, ESQ;** | § | |
| **CORY R. FORD, ESQ;** | § | |
| **DOE DEFENDANTS 1–5,** | § | |
| **Defendants** | § | |

**Description:**

This exhibit contains email correspondence from McGuireWoods LLP directing Plaintiff not to communicate with any person using a "@ferguson.com" email address.

This directive, issued prior to the removal of this action, restricted Plaintiff's access to key witnesses and potential sources of discoverable information relevant to his claims.

 **Gmail**

**EXHIBIT A – Pre-Removal Coordination Evidence**

Tony Blair <tonyblairkc@gmail.com>

---

## Re: Formal Notice – Legal and Regulatory Filings Submitted

**Tony Blair** <tonyblairkc@gmail.com>                                                                Thu, Apr 24, 2025 at 5:34 PM
To: "Ford, Cory R." <cford@mcguirewoods.com>, "Allen, Joel S." <JAllen@mcguirewoods.com>, "Martin, Pamela H." <PMartin@mcguirewoods.com>

**Subject:** RE: Formal Notice – Legal and Regulatory Filings Submitted

Mr. Ford,

Your message is noted. I also reiterate that no formal appearance has been entered by your firm in either matter, and no Rule 11 agreement or binding communication restriction exists. My prior inquiry regarding the scope of your representation remains unanswered.

That said, should Ferguson Enterprises wish to initiate a good faith dialogue, I remain willing to make time for a private discussion to explore responsible resolution. That discussion must align with the posture clearly outlined in my certified correspondence—namely, resolution at or above the $1,000,000 threshold, which reflects Ferguson's current legal and regulatory exposure.

Please note: the deadline of **10:00 a.m. CST on Wednesday, April 30, 2025**, remains in full effect. If Ferguson does not resolve this matter by that time, I will continue applying sustained legal, regulatory, and public pressure until a full and fair resolution is achieved.

I will otherwise continue to preserve all rights and proceed accordingly.

Respectfully,
**Ronald A. (Tony) Blair**
19215 Palfrey Prairie Trail
Tomball, TX 77377
tonyblairkc@gmail.com
717-808-4671

On Thu, Apr 24, 2025 at 4:02 PM Ford, Cory R. <cford@mcguirewoods.com> wrote:

Mr. Blair,


All communication about your lawsuit(s) must be directed solely to litigation counsel, meaning my firm only (specifically, your correspondence needs to be directed to Joel Allen and me). Immediately cease all communication to Ferguson representatives, including Ms. Kinni. For an abundance of clarity, that also means you also need to cease copying Ferguson representatives (anyone with an" @ferguson.com" address) on correspondence with Joel and me.


Best,


**Cory R. Ford**

Associate

McGuireWoods LLP

2601 Olive Street

Suite 2100

Dallas, TX 75201-2648

T:  +1 469 372 3926

F:  +1 214 273 7476

cford@mcguirewoods.com

Bio | VCard | www.mcguirewoods.com

**McGuireWoods**

---

**From:** Tony Blair <tonyblairkc@gmail.com>
**Sent:** Saturday, April 19, 2025 10:06 PM
**To:** jacquelyn.kinni@ferguson.com; Kim.McDonald@ferguson.com; Joe Smith <Joe.Smith@ferguson.com>
**Cc:** Ford, Cory R. <cford@mcguirewoods.com>; Allen, Joel S. <JAllen@mcguirewoods.com>; Martin, Pamela H. <PMartin@mcguirewoods.com>
**Subject:** Formal Notice – Legal and Regulatory Filings Submitted

**\*\*EXTERNAL EMAIL; use caution with links and attachments\*\***

Jackie,

This message is to confirm that I have now completed formal submissions with the appropriate federal and state agencies regarding the conduct I previously raised. This includes filings with the following bodies:

- U.S. Equal Employment Opportunity Commission (EEOC)
- U.S. Department of Labor (Federal WARN Act Complaint)
- Texas Workforce Commission (WARN Act Complaint)
- U.S. Department of Justice – Antitrust Division
- U.S. Securities and Exchange Commission (SEC Whistleblower Tip)
- Internal Revenue Service (IRS Whistleblower Submission)
- Federal Trade Commission (FTC Complaint)
- Texas Attorney General (Labor and Antitrust Complaint)

OSHA whistleblower and ADA-specific filings are currently in process and will follow shortly.
I have also provided copies of my filings and supporting documentation to a select group of national plaintiff-side law firms who specialize in class action, antitrust, and retaliation claims.

Copies and supporting documentation have been retained for legal and regulatory purposes.

No further discussion is necessary.

— Ronald A. (Tony) Blair
19215 Palfrey Prairie Trail
Tomball, TX 77377
tonyblairkc@gmail.com

717-808-4671

*This e-mail from McGuireWoods may contain confidential or privileged information. If you are not the intended recipient, please advise by return e-mail and delete immediately without reading or forwarding to others.*

--
Best Regards,

Tony Blair
717-808-4671

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **RONALD A. BLAIR,** | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 1:25-cv-02174** |
| | § | |
| **FERGUSON ENTERPRISES, INC.;** | § | |
| **FERGUSON US HOLDINGS, INC.;** | § | |
| **FERGUSON ENTERPRISES, LLC;** | § | |
| **MCGUIREWOODS LLP;** | § | |
| **JOEL ALLEN, ESQ;** | § | |
| **CORY R. FORD, ESQ;** | § | |
| **DOE DEFENDANTS 1–5,** | § | |
| **Defendants** | § | |

**Description:**

Correspondence from McGuireWoods LLP demanding that Plaintiff cease certain communications related to this litigation. The letter was issued in an effort to chill Plaintiff's protected litigation activity and to restrict communications with individuals possessing information relevant to his claims.

**McGuireWoods**

**McGuireWoods LLP**
2601 Olive Street
Suite 2100
Dallas, TX 75201-2648
Phone: 214.932.6400
Fax: 214.932.6499
www.mcguirewoods.com

**Joel S. Allen**
Direct: 214.932.6464
jallen@mcguirewoods.com

May 13, 2025

**Via Email: tonyblairkc@gmail.com**
Ronald A. Blair
19215 Palfrey Prairie Trail
Tomball, TX 77377

     **RE:   Cease & Desist**

Dear Mr. Blair:

     Please be advised that McGuireWoods LLP represents Ferguson Enterprises, LLC, Ferguson Enterprises, Inc., and Joe Smith in the matters styled 4:25-cv-01963 and 4:25-cv-01994 pending in the United States District Court for the Southern District of Texas.

     Over the course of several weeks now, you have used your social media platforms as a weapon to make disparaging and false statements about Joe Smith and Ferguson. You have also been harassing Ferguson leadership, shareholders, and personnel with incessant emails—even though we have told you, repeatedly, that Ferguson is represented by counsel. In addition, Ferguson has been informed that you have directed your disparaging and false statements towards Ferguson's customers to threaten and demand they discontinue their business relationships in an intentional effort to interfere with Ferguson's business operations.

     Be reminded that though you have chosen to represent yourself, you are held to the same rules of procedure and decorum as represented parties in the litigation process. In Texas and the Fifth Circuit, "[a] *pro se litigant* is not entitled to greater rights than would be a litigant represented by a lawyer." *Birl v. Estelle*, 660 F.2d 592, 592 (5th Cir. 1981); *Mansfield State Bank v. Cohn*, 573 S.W.2d 181 (Tex. 1978) ("the right to self-representation is not a license to abuse the dignity of the courtroom. Neither is it a license not to comply with the relevant rules of procedural and substantive law.")(quoting the United States Supreme Court); *Eustice v. La. Through Bd. Of Super's of La. State Univ. & Agric. & Mech. Coll.*, 2020 WL 3520298, at *7 (M.D. La. June 29, 2020) (sanctioning *pro se* litigant for harassing emails to represented party representatives and noting "one acting *pro se* has no license to harass others . . . ."); *Id.* at *3 (noting plaintiff's violative communications contained, *inter alia*, "veiled threats, and demonstrate repugnant behavior that is beneath the dignity of this [c]ourt").

     You have, on multiple occasions, emailed Ferguson personnel despite notice that (a) Ferguson is represented by counsel; and (b) you must direct all communications to us. Indeed, during the week of April 14, you sent multiple emails including to McGuireWoods LLP that also included Jacqueline Kinni and Joe Smith—despite us specifically telling you not to contact

Ferguson employees or personnel. Then, on April 25, 2025, you sent a mass email to "Ferguson Leadership and "Shareholders" about the lawsuit you filed against Ferguson along with other demonstrably false information—again, after we requested you communicate about your lawsuits with counsel and not with Ferguson personnel. You have also engaged in unsanctioned correspondence on social media. On or around April 26, 2025, you commented on Ferguson employee Chris Lang's LinkedIn job posts about your lawsuits. Once again, this was *after* we requested that you not contact Ferguson personnel directly and only communicate through counsel.

Moreover, you have made a number of disparaging statements about the defendants and Ferguson generally. We will not rehash them all here, but by way of example on or around April 27, 2025, you posted an article on your Substack page making a number of disparaging assertions, including:

- Stating that "[Joe] Smith's behavior frequently crossed professional lines"

- Stating that Ferguson had a "systemic problem" and "culture of protection" that allowed Joe Smith (and implicitly, others) to engage in ostensibly improper conduct "for decades"

- Accusing Joe Smith of self-dealing

- Accusing Joe Smith of engaging in "abusive tactics," which Ferguson purportedly approved

In addition, you have now started directing communications—including false and disparaging statements—to Ferguson's customers in a bid to harass and threaten them in effort to damage Ferguson's business.

We write to demand that you immediately cease and desist (a) communicating directly with Ferguson personnel (instead of through counsel); and (b) making disparaging and false statements about Joe Smith and Ferguson to any individual or company on any platform, including but not limited to your LinkedIn, X, Substack, and other social media accounts. If you fail to cease and desist your unsanctioned communication with our clients and disparaging social media blitz against Mr. Smith and Ferguson, we will pursue legal action against you, including but not limited seeking injunctive relief against you, seeking sanctions under the applicable Texas and/or Federal Rules of Civil Procedure, and countersuing you for all actionable claims.

Sincerely,

Joel S. Allen

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **RONALD A. BLAIR,** | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 1:25-cv-02174** |
| | § | |
| **FERGUSON ENTERPRISES, INC.;** | § | |
| **FERGUSON US HOLDINGS, INC.;** | § | |
| **FERGUSON ENTERPRISES, LLC;** | § | |
| **MCGUIREWOODS LLP;** | § | |
| **JOEL ALLEN, ESQ;** | § | |
| **CORY R. FORD, ESQ;** | § | |
| **DOE DEFENDANTS 1–5,** | § | |
| **Defendants** | § | |

**Description:**

This exhibit contains Plaintiff's Motion for Sanctions filed in *Blair v. Ferguson Enterprises, LLC, et al.*, Case No. 4:25-cv-01963 (S.D. Tex.), along with the Notice of Rule 11 Filing Ripeness and Supplemental Authority. The motion alleges procedural and jurisdictional misconduct by McGuireWoods LLP, including misrepresentations, omission of material filings, and a repeated pattern of improper removals.

Included here are only those supporting exhibits directly relevant to the instant Motion to Disqualify:

- Exhibit J (pattern of abusive removals and misleading declarations),
- Exhibit N (accepted but omitted April 13, 2025 preservation motion),
- Exhibit Q (cross-filing timeline showing coordinated removal activity), and
- Exhibit U (omitted controlling authority supporting remand and sanctions).

A substantially similar motion was filed in *Blair v. Joe Smith*, Case No. 4:25-cv-01994 (S.D. Tex.), available in the public docket at Dkt. 28.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| **RONALD A. BLAIR,** | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 4:25-cv-01963** |
| | § | |
| **FERGUSON ENTERPRISES, LLC,** | § | |
| **FERGUSON ENTERPRISES, INC.,** | § | |
| **AND JOE SMITH,** | § | |
| **Defendants.** | § | |

## NOTICE OF RULE 11 FILING RIPENESS

Plaintiff Ronald A. Blair respectfully files this Notice to confirm that the Motion for Sanctions, being filed concurrently with this Notice, complies with the procedural requirements of Federal Rule of Civil Procedure 11(c)(2).

As required, Plaintiff served the Motion for Sanctions and supporting materials on opposing counsel more than 21 days prior to filing with the Court. Specifically, the motion package was sent via certified mail on May 21, 2025, addressed to:

Joel Allen

McGuireWoods LLP

2000 McKinney Avenue, Suite 1400

Dallas, TX 75201

Cory Rosenstein-Ford

McGuireWoods LLP

845 Texas Avenue, 24th Floor

Houston, TX 77002


To date, Defendants have not withdrawn or otherwise corrected the challenged filings.

Accordingly, the safe harbor period has expired, and the Motion for Sanctions is now ripe

for judicial review pursuant to Rule 11(c).


This Notice is provided to ensure clarity in the record regarding procedural compliance.


Respectfully submitted,


Ronald A. Blair
Plaintiff, Pro Se
19215 Palfrey Prairie Trail
Tomball, TX 77377
r.anthony.blair@gmail.com
717-808-4671

## CERTIFICATE OF SERVICE

I hereby certify that on June 11, 2025, I caused a true and correct copy of the foregoing Notice of Rule 11 Filing Ripeness to be filed in person with the Clerk of the United States District Court for the Southern District of Texas, Houston Division, in Case No. 4:25-cv-01963.

As required under Federal Rule of Civil Procedure 11(c)(2), I previously served a copy of the underlying Motion for Sanctions and Supplemental Authority on counsel for Defendants via certified mail on May 21, 2025, addressed to:

Joel Allen
McGuireWoods LLP
2000 McKinney Avenue, Suite 1400
Dallas, TX 75201

Cory Rosenstein-Ford
McGuireWoods LLP
845 Texas Avenue, 24th Floor
Houston, TX 77002

I declare under penalty of perjury that the foregoing is true and correct.

Ronald A. Blair
Plaintiff, Pro Se
19215 Palfrey Prairie Trail
Tomball, TX 77377
r.anthony.blair@gmail.com
717-808-4671

**CERTIFICATE OF SERVICE**

I hereby certify that on June 11, 2025, I caused a true and correct copy of the following documents to be filed in person with the Clerk of the United States District Court for the Southern District of Texas, Houston Division, in Case No. 4:25-cv-01963:

1. Plaintiff's Motion for Sanctions
2. Plaintiff's Supplemental Authority in Support of Motion for Sanctions

As required under Federal Rule of Civil Procedure 11(c)(2), I previously served a copy of the above documents on counsel for Defendants via certified mail on May 21, 2025, to the following addresses:

Joel Allen
McGuireWoods LLP
2000 McKinney Avenue, Suite 1400
Dallas, TX 75201

Cory Rosenstein-Ford
McGuireWoods LLP
845 Texas Avenue, 24th Floor
Houston, TX 77002

I declare under penalty of perjury that the foregoing is true and correct.

Respectfully submitted,

Ronald A. Blair
Plaintiff, Pro Se
19215 Palfrey Prairie Trail
Tomball, TX 77377
r.anthony.blair@gmail.com
717-808-4671

| | | |
|---|---|---|
| RONALD A. BLAIR, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | **Civil Action No. 4:25-cv-01963** |
| | § | |
| FERGUSON ENTERPRISES, LLC, | § | |
| FERGUSON ENTERPRISES, INC., | § | |
| AND JOE SMITH, | § | |
| Defendants. | § | |

## PLAINTIFF'S MOTION FOR SANCTIONS

## I. INTRODUCTION

Defendants' removal of this action was not only procedurally defective but executed in a manner that misled the Court regarding jurisdictional facts, omitted material filings, and perpetuated a broader pattern of litigation abuse. This motion seeks sanctions under Rule 11, 28 U.S.C. § 1927, and the Court's inherent authority. Removal jurisdiction is strictly construed. Here, the manner in which Defendants removed this case demonstrates a deliberate attempt to circumvent proper procedure and obstruct judicial efficiency. As further detailed in Exhibit Q, Defendants also inserted filings and declarations from a separate case, *Blair v. Joe Smith*, No. 4:25-cv-01994, into this removal record, compounding the procedural misconduct.

## II. LEGAL AUTHORITY

A.  Rule 11(b) requires that all legal contentions and factual representations have evidentiary support and are not made for an improper purpose. Sanctions are appropriate where a reasonable inquiry would have revealed the filing was misleading or incomplete. See *Business Guides, Inc. v. Chromatic Comm'cns Enters.*, 498 U.S. 533 (1991).

B.  28 U.S.C. § 1927 authorizes sanctions against any attorney who "multiplies the proceedings... unreasonably and vexatiously."

C.  Inherent authority permits the Court to sanction conduct that abuses the judicial process. See *Chambers v. NASCO, Inc.*, 501 U.S. 32 (1991).

D.  *Martin v. Franklin Capital Corp.*, 546 U.S. 132 (2005) and *Valdes v. Wal-Mart Stores, Inc.*, 199 F.3d 290 (5th Cir. 2000) confirm that attorney's fees should be awarded when removal lacks an objectively reasonable basis.

## III. GROUNDS FOR SANCTIONS

A.  Omission of Accepted State Filing (Exhibit N) Defendants excluded Plaintiff's April 13, 2025 Motion for Expedited Discovery and Preservation Order (Exhibit N) from the Notice of Removal. This filing was accepted by the Harris County Clerk prior to removal and forms part of the state court record. The omitted filing was accepted on April 13, 2025—prior to the removal filed on April 25—further reinforcing that Defendants removed the case without including the full record available at the time. See Motion to Remand § IV.A. and Plaintiff's Exhibits K, L, N. Its omission is misleading and deprives this Court of a complete procedural snapshot. See *Getty Oil Corp. v. INA*, 841 F.2d 1254, 1262 n.11 (5th Cir. 1988). See also Exhibits K and L, which document the full procedural history and reveal accepted-but-undocketed filings.

### B. Misrepresentations in the Cooper Declaration

The declaration of Teresa Cooper – a Legal Specialist – misrepresents her authority and knowledge of Ferguson's corporate structure. She claims personal knowledge and states that Ferguson US Holdings, Inc. is the sole member of Ferguson Enterprises, LLC. However, she fails to disclose that Ferguson US Holdings, Inc. is itself a wholly owned subsidiary of Ferguson Enterprises, Inc.—a Delaware corporation formed during a 2024 restructuring. This omission

creates a materially incomplete picture of the ownership hierarchy and falsely implies that

Ferguson Enterprises, Inc. is irrelevant to the jurisdictional analysis. Such partial representations

violate Fed. R. Evid. 602 and were strategically crafted to reinforce jurisdiction. See *Pace v.*

*Capobianco*, 283 F.3d 1275 (11th Cir. 2002) (declaration inadmissible if lacking foundation).

## C. Incomplete Disclosure of Corporate Citizenship

The Notice of Removal omits that Ferguson US Holdings, Inc. is registered in New Jersey and is

the sole member of Ferguson Enterprises, LLC. This omission renders the notice facially

defective under *MidCap Media Finance, L.L.C. v. Pathway Data, Inc.*, 929 F.3d 310 (5th Cir.

2019); *Howery v. Allstate Ins. Co.*, 243 F.3d 912 (5th Cir. 2001).

## D. Pattern of Abusive Removals (Exhibit J)

Exhibit J documents that Defendants have filed boilerplate removal declarations in multiple

cases between 2023 and 2025. Each used the same declarant, structure, and tactic: pre-service

removal followed by a misleading declaration. This pattern suggests a strategic effort to frustrate

state litigation, not a good-faith invocation of federal jurisdiction. Exhibit M further illustrates

the reuse of declarants and template filings across both this case and Case No. 4:25-cv-01994.

See *Mintz & Gold LLP v. Daibes*, 2015 WL 2130935 (S.D.N.Y. May 6, 2015); *Midlock v. Apple*

*Vacations W.*, 406 F.3d 453 (7th Cir. 2005).

## IV. PLAINTIFF'S DUTY OF CANDOR

Plaintiff acknowledges that under *Texas Brine Co.*, snap removal is not per se impermissible. See

also Plaintiff's Supplemental Authority ISO Rule 11(b)(2) Sanctions (filed contemporaneously

herewith), which compiles and analyzes McGuireWoods' omission of binding precedent under

Rule 11(b)(2), including *Getty*, *Manguno*, *MidCap*, *Shamrock*, *Martin*, and *Valdes v. AAA*, 955

F.3d 482 (5th Cir. 2020). See also Plaintiff's Exhibit U, which compiles controlling U.S.

Supreme Court and Fifth Circuit precedent that Defendants omitted from their removal filings, including cases governing consent, jurisdictional pleading, LLC citizenship tracing, and sanctions for objectively unreasonable removal conduct. However, that ruling did not condone deceptive tactics or boilerplate affidavits strategically designed to withhold key jurisdictional facts. This distinction is respectfully disclosed pursuant to Rule 11(b)(2) and Local Rule 11.2. This motion draws upon the same evidentiary foundation outlined in Plaintiff's concurrently filed Motion to Remand, with a particular focus on the jurisdictional representations made in Defendants' removal papers.

## V. REQUEST FOR RELIEF

Plaintiff respectfully requests that the Court: This request supplements Plaintiff's Motion to Remand, which preserves the issue of sanctions and attorney's fees under § 1447(c).

A. Strike the Notice of Removal or issue an order limiting its effect;

B. Award attorney's fees and costs pursuant to 28 U.S.C. § 1447(c);

C. Issue Rule 11 sanctions against Defendants' counsel, including a monetary penalty sufficient to deter repetition;

D. Consider invoking its inherent authority to issue a formal admonition or require a declaration in future removals attesting to completeness and accuracy.

Dated: May 15, 2025                                        Respectfully submitted,


                                                           /s/ Ronald A. Blair
                                                           Ronald A. (Tony) Blair
                                                           Pro Se Plaintiff
                                                           19215 Palfrey Prairie Trail
                                                           Tomball, TX 77377
                                                           717-808-4671
                                                           r.anthony.blair@gmail.com

## CERTIFICATE OF CONFERENCE

Pursuant to Local Rule 7.1(D), I certify that no conference with opposing counsel was held prior to the filing of this motion. The subject matter of the motion—procedural and jurisdictional defects, including material misstatements and omissions in the removal filings—renders such a conference improper and futile.

Dated:  May15, 2025                                    Respectfully submitted,

<u>/s/ Ronald A. Blair</u>
Ronald A. (Tony) Blair
Pro Se Plaintiff
19215 Palfrey Prairie Trail
Tomball, TX 77377
717-808-4671
r.anthony.blair@gmail.com

## RULE 11(c)(2) COMPLIANCE STATEMENT

A copy of this Motion for Sanctions was provided to defense counsel more than 21 days prior to the filing of this motion. No corrections or withdrawals were made during that period.

Dated:  May 15, 2025                                        Respectfully submitted,


                                                           /s/ Ronald A. Blair
                                                           Ronald A. (Tony) Blair
                                                           Pro Se Plaintiff
                                                           19215 Palfrey Prairie Trail
                                                           Tomball, TX 77377
                                                           717-808-4671
                                                           r.anthony.blair@gmail.com

**CERTIFICATE OF SERVICE**

I certify that on May 15, 2025, a true and correct copy of the foregoing was served via the

CM/ECF system and/or by email upon all counsel of record and designated service contacts,

including:


Joel Allen (jallen@mcguirewoods.com)
Cory Ford (cford@mcguirewoods.com)
Pam Martin (pmartin@mcguirewoods.com)
McGuireWoods LLP
**Counsel for Defendants**


<u>/s/ Ronald A. Blair</u>
Ronald A. (Tony) Blair
Pro Se Plaintiff
19215 Palfrey Prairie Trail
Tomball, TX 77377
717-808-4671
r.anthony.blair@gmail.com
Dated: May 11, 2025

**[PROPOSED ORDER FOLLOWS]**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| RONALD A. BLAIR, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:25-cv-01963 |
| | § | |
| FERGUSON ENTERPRISES, LLC, | § | |
| FERGUSON ENTERPRISES, INC., | § | |
| AND JOE SMITH, | § | |
| Defendants. | § | |

**[PROPOSD] ORDER GRANTING PLAINTIFF'S MOTION FOR SANCTIONS**

On this day, the Court considered Plaintiff's Motion for Sanctions filed pursuant to 28 U.S.C. § 1927, Federal Rule of Civil Procedure 11, and the Court's inherent authority. After reviewing the motion, applicable law, and any responses or objections filed, the Court finds that the motion should be and is hereby **GRANTED**.

The Court finds that Defendants and their counsel engaged in conduct that unreasonably and vexatiously multiplied these proceedings and submitted filings containing material misstatements, omissions, and improper removal practices. Such conduct constitutes sanctionable behavior under both statutory and inherent authority.

Accordingly, it is hereby **ORDERED** that:

1. Plaintiff is entitled to an award of just costs, expenses, and—if later retained—reasonable attorney's fees under 28 U.S.C. § 1927 and 28 U.S.C. § 1447(c).

2. The following conduct is sanctioned:

- o The submission of removal filings containing misleading or incomplete declarations;

- o The failure to disclose accepted but undocketed state court filings in the Notice of Removal;

- o The strategic reuse of procedural content across unrelated actions without proper disclosure or authority;

- o The failure to obtain or file unanimous consent for removal as required by 28 U.S.C. § 1446(b)(2)(A).

3. McGuireWoods LLP is cautioned regarding its duty of candor to the Court under Rule 11(b) and Local Rule 11.2, and may be subject to further sanction if similar conduct continues.

4. Plaintiff shall file a declaration of costs and fees within fourteen (14) days of this Order. Defendants shall have seven (7) days thereafter to file any response limited to the reasonableness of the claimed amounts.

**It is SO ORDERED.**

SIGNED this _____ day of _____, 2025.


_____
**KENNETH M. HOYT**
**UNITED STATES DISTRICT JUDGE**

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| RONALD A. BLAIR, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:25-cv-01963 |
| | § | |
| FERGUSON ENTERPRISES, LLC, | § | |
| FERGUSON ENTERPRISES, INC., | § | |
| AND JOE SMITH, | § | |
| Defendants. | § | |

## SUPPLEMENTAL AUTHORITY IN SUPPORT OF RULE 11(b)(2) SANCTIONS

**TO THE HONORABLE COURT:**

Plaintiff Ronald A. (Tony) Blair files this Supplemental Brief to assist the Court in evaluating critical jurisdictional and procedural deficiencies in Defendants' Notice of Removal, as well as serious Rule 11(b)(2) violations committed by defense counsel, McGuireWoods LLP, through omission of controlling Fifth Circuit and Supreme Court precedent.

## I. INTRODUCTION AND PROCEDURAL POSTURE

This supplemental filing addresses two categories of misconduct arising from Defendants' removal: (1) procedural and jurisdictional defects not fully developed in the Motion to Remand, and (2) a targeted breach of Rule 11(b)(2) and Local Rule 11.2 through selective citation of favorable authority while omitting directly controlling, adverse precedent. The Court is respectfully asked to remand under 28 U.S.C. § 1447(c) and to evaluate whether sanctions or remedial measures are appropriate.

## II. SUMMARY OF PROCEDURAL AND JURISDICTIONAL MISCONDUCT

As detailed in Plaintiff's Motion to Remand and supported by Exhibit J, Defendants employed a snap removal tactic before service, using a boilerplate declaration that omits critical jurisdictional facts. The Notice of Removal fails to disclose the full chain of corporate citizenship for Ferguson Enterprises, LLC, in violation of binding Fifth Circuit precedent. No Certificate of Conference was filed, no legitimate diversity basis is substantiated, and key procedural defects were never cured.

## III. PATTERN OF IMPROPER REMOVALS AND FORUM MANIPULATION

As demonstrated in Plaintiff's Exhibit J, Ferguson and McGuireWoods have executed a pattern of near-identical removals across multiple jurisdictions, each timed immediately after filing and each relying on the same form affidavit from Teresa M. Cooper. This repetitive behavior is calculated to delay and obstruct litigation in state court venues. Such conduct undermines the integrity of removal jurisdiction and evidences improper purpose.

## IV. OMISSION OF CONTROLLING AUTHORITY IN VIOLATION OF RULE 11(b)(2) AND LOCAL RULE 11.2

McGuireWoods LLP cited Texas Brine Co., L.L.C. v. Am. Arbitration Ass'n, 955 F.3d 482 (5th Cir. 2020) to justify pre-service removal but omitted binding Fifth Circuit and Supreme Court cases that either distinguish Texas Brine or directly conflict with the removal tactics employed here. These include:

- Getty Oil Corp. v. INA, 841 F.2d 1254 (5th Cir. 1988): Requires unanimous consent from all served defendants; demands full jurisdictional detail in pleadings.

- Manguno v. Prudential Prop. & Cas. Ins. Co., 276 F.3d 720 (5th Cir. 2002): All doubts about jurisdiction resolved in favor of remand.

- MidCap Media Finance, L.L.C. v. Pathway Data, Inc., 929 F.3d 310 (5th Cir. 2019): LLC citizenship must include each member, including upstream parent entities.

- Howery v. Allstate Ins. Co., 243 F.3d 912 (5th Cir. 2001): Jurisdiction must be pleaded with specificity; failure to allege complete citizenship defeats removal.

- Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100 (1941): Removal statutes are to be strictly construed against federal jurisdiction.

- Martin v. Franklin Capital Corp., 546 U.S. 132 (2005); Valdes v. Wal-Mart Stores, Inc., 199 F.3d 290 (5th Cir. 2000): Courts may award costs and fees for objectively unreasonable removals.

Omitting such precedent while affirmatively invoking Texas Brine is not a mere oversight. Under Rule 11(b)(2), attorneys certify that "the claims, defenses, and other legal contentions are warranted by existing law..." Defense counsel's silence on these binding authorities reflects a deliberate attempt to mislead this Court into believing that no legal counterweight exists.

Under Chambers v. NASCO, Inc., 501 U.S. 32 (1991), and Business Guides, Inc. v. Chromatic Comm'cns Enters., Inc., 498 U.S. 533 (1991), courts may impose sanctions for misrepresenting or omitting material law in filings. Local Rule 11.2 imposes a further duty of candor on practitioners in this District. McGuireWoods has not met that standard. See also Plaintiff's Exhibit U, which compiles controlling Fifth Circuit and U.S. Supreme Court precedent omitted by Defendants in their removal filings and confirms a pattern of deliberate legal misrepresentation under Rule 11(b)(2).

## V. REQUESTED RELIEF AND JUDICIAL OPTIONS

Plaintiff respectfully requests that the Court remand this matter to state court under 28 U.S.C. § 1447(c), and in doing so, consider:

1. Remand with no further action;

2. Remand with award of costs and fees under § 1447(c);

3. Remand with referral of Rule 11 issues to a separate sanctions hearing;

4. Post-remand retention of jurisdiction for ruling on sanctions and referral to State Bar

authorities if warranted.

Plaintiff also reserves the right to amend the pending Motion for Sanctions to incorporate this

briefing by reference and to supplement the record further if additional violations are discovered


Respectfully submitted,

/s/ Ronald A. Blair
Ronald A. (Tony) Blair
Pro Se Plaintiff
19215 Palfrey Prairie Trail
Tomball, TX 77377
717-808-4671
r.anthony.blair@gmail.com
Dated: May 15, 2025

**CERTIFICATE OF SERVICE**

I certify that on May 15, 2025, a true and correct copy of the foregoing was served via the

CM/ECF system and/or by email upon all counsel of record and designated service contacts,

including:


Joel Allen (jallen@mcguirewoods.com)
Cory Ford (cford@mcguirewoods.com)
Pam Martin (pmartin@mcguirewoods.com)
McGuireWoods LLP
Counsel for Defendants



/s/ Ronald A. Blair
Ronald A. (Tony) Blair
Pro Se Plaintiff
19215 Palfrey Prairie Trail
Tomball, TX 77377
717-808-4671
r.anthony.blair@gmail.com

**PLAINTIFF'S EXHIBIT J**

Pattern of Abusive Removals and Use of Misleading Declarations by Teresa Cooper
(2023–2025)

## PLAINTIFF'S EXHIBIT J

Pattern of Abusive Removals and Use of Misleading Declarations by Teresa Cooper
(2023–2025)

This exhibit documents multiple cases in which Defendants—represented by McGuireWoods LLP—have executed pre-service removals using nearly identical declarations signed by Teresa Cooper. The pattern demonstrates repeated use of boilerplate tactics intended to bypass state court jurisdiction and manipulate procedural rules under 28 U.S.C. § 1446. These declarations are structurally identical and were submitted without full disclosure of service status, consent, or the filing record. This supports Plaintiff's argument that the removal in this case is part of a coordinated campaign of jurisdictional abuse.

| Case Caption | Removal Date | Notable Features |
|---|---|---|
| Blair v. Ferguson Enterprises, LLC et al, 4:25-cv-01963 | Apr 30, 2025 | Pre-service removal; Teresa Cooper declaration; omitted state filings |
| Blair v. Joe Smith, 4:25-cv-01994 | May 2, 2025 | Declaration reused across unrelated matter; removed without appearance |
| Davis v. Ferguson Enterprises, Inc. (VA Cir. Ct. No. CL23-5105) | Aug 15, 2023 | Declaration same structure; consent defect; filed in Richmond |
| Johnson v. Ferguson Enterprises, LLC (TX Dist. Ct. No. 202326710) | Mar 3, 2024 | Teresa Cooper used again; no state docket filed; MW counsel identical |

**PLAINTIFF'S EXHIBIT N**

Motion for Expedited Discovery and Preservation (April 13 Filing)

**PLAINTIFF'S EXHIBIT N**

Motion for Expedited Discovery and Preservation Order (Filed April 13, 2025)
Accepted by the Harris County Clerk under Envelope No. 99605464

4/13/2025 9:58 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 99605464
By: Chancesas Ougrah
Filed: 4/14/2025 12:00 AM

CAUSE NO. 2025-24411

| | | |
|---|---|---|
| RONALD A. BLAIR | § | IN THE DISTRICT COURT OF |
| Plaintiff | § | |
| VS. | § | HARRIS COUNTY, TEXAS |
| | | |
| FERGUSON ENTERPRISES, LLC, | § | |
| FERGUSON ENTERPRISES, INC., | § | |
| AND JOE SMITH | § | 164TH JUDICIAL DISTRICT |
| Defendant | § | |

**PLAINTIFF'S MOTION FOR LIMITED EXPEDITED DISCOVERY AND PRESERVATION ORDER**

TO THE HONORABLE JUDGE OF SAID COURT:

**COMES NOW**, Plaintiff Ronald A. Blair, and files this Motion for Limited Expedited Discovery and Preservation Order. In support thereof, Plaintiff respectfully shows the Court as follows:

---

## I. INTRODUCTION

Plaintiff seeks limited, narrowly tailored discovery and a preservation order pursuant to Texas Rules of Civil Procedure 196, 192.6, and 215, in connection with anticipated retaliation, tortious interference, and spoliation claims. Good cause exists for early discovery and protective preservation relief to prevent the loss of critical communications and digital evidence.

---

## II. FACTUAL BACKGROUND

Plaintiff was terminated from Ferguson Enterprises, LLC on March 25, 2025, after raising concerns about unsafe travel and budgetary retaliation. After his termination, Joe

**EXHIBIT A**
**Corrected Sworn Summary of Chris Ziu Call**

CAUSE NO. 202526275

| | | |
|---|---|---|
| RONALD A. BLAIR | § | IN THE DISTRICT COURT OF |
| Plaintiff, | § | HARRIS COUNTY, TEXAS |
| v. | § | |
| JOE SMITH | § | 189 JUDICIAL DISTRICT |
| Defendant. | § | |

My name is Ronald A. Blair. I am over the age of 18 and competent to make this statement. The facts stated herein are based on my personal knowledge.

In early April 2025, I contacted Chris Ziu at Nupi Americas to discuss a potential consulting opportunity. Chris informed me that Joe Smith, a Ferguson executive, had already reached out to him and made a statement that I had "burned bridges" at Ferguson, and not to hire me. Chris never explicitly stated that this call caused the opportunity to be denied. However, based on the timing and nature of Joe's statement, it became clear to me that his interference negatively impacted my ability to be considered for work with Nupi.

Prior to that call, I had not reached out to Nupi about employment. Joe's call was unsolicited, and I believe it was motivated by retaliation and personal animosity. I had worked closely with Joe in the past, and his actions appear to be intended to harm my professional standing in the PP-RCT industry.

Corrected Sworn Summary of Chris Ziu Call – Exhibit A – April 2025
Cause No.: 202526275

I declare under penalty of perjury that the foregoing is true and correct.

Executed in Harris County, Texas on April 16, 2025.

Respectfully submitted,

/s/ Ronald A. Blair

Ronald A. Blair

19215 Palfrey Prairie Trail

Tomball, TX 77377

tonyblairkc@gmail.com

717-808-4671

CAUSE NO. 2025-24411
Ronald A. Blair v. Ferguson Enterprises, LLC, Ferguson Enterprises, Inc., and Joe Smith
164th Judicial District Court, Harris County, Texas

Smith—Ferguson's National PP-RCT Manager—allegedly contacted Chris Ziu, a senior

executive at Nupi Americas, and discouraged him from hiring Plaintiff. This post-

termination interference was unsolicited and occurred prior to any outreach from Plaintiff

to Nupi.

Further discovery revealed Joe Smith has a pattern of direct communication with outside

stakeholders, often unsupervised. Ferguson has also denied any wrongdoing in follow-up

correspondence and legal calls. Despite Plaintiff's efforts to resolve these issues through

private communication, including the April 10, 2025, email notification (see Exhibit C),

Ferguson has offered no remediation.

Plaintiff has documented these facts in detail in the attached timeline (see Exhibit D),

declaration (see Exhibit B-1), and related evidence.

---

## III. LEGAL STANDARD

Under Texas Rule of Civil Procedure 196.1(b), a party may seek discovery prior to a

Rule 190 conference upon showing of good cause and need. Courts may also enter

preservation orders under Rule 215 and Rule 192.6 to protect against spoliation.

A limited, focused order is appropriate where, as here, there is a clear risk that digital

communications or documents may be lost or destroyed during early litigation.

---

## IV. BASIS FOR EXPEDITED DISCOVERY

Plaintiff seeks the following **expedited and targeted production**:

Ronald A. Blair | 19215 Palfrey Prairie Trail, Tomball, TX 77377 |
tonyblairkc@gmail.com | 717-808-4671

CAUSE NO. 2025-24411
Ronald A. Blair v. Ferguson Enterprises, LLC, Ferguson Enterprises, Inc., and Joe Smith
164th Judicial District Court, Harris County, Texas

1. **All emails, text messages, and internal communications** sent or received by **Joe Smith or Todd Young**, referencing Plaintiff, between **January 25, 2025 and April 8, 2025**;

2. Any documentation, notes, or summaries regarding Plaintiff's termination decision, internal discussions, or subsequent phone outreach by Joe Smith;

3. A sworn statement confirming whether Ferguson has taken steps to preserve Joe Smith's communications and email access.

These documents are necessary to:

- Evaluate ongoing retaliation and spoliation risks;

- Support pending and anticipated claims before the EEOC and state court;

- Establish Ferguson's awareness of and involvement in post-termination interference.

---

## V. REQUEST FOR PRESERVATION ORDER

Plaintiff further requests an order requiring Ferguson to:

- **Immediately preserve** all emails, texts, and server communications authored by or sent to Joe Smith or Todd Young, including archived or deleted messages;

- Retain internal logs or metadata showing any email deletions post-termination;

- Instruct all relevant personnel not to destroy or alter communications involving the Plaintiff.

---

Ronald A. Blair | 19215 Palfrey Prairie Trail, Tomball, TX 77377 |
tonyblairkc@gmail.com | 717-808-4671

CAUSE NO. 2025-24411
Ronald A. Blair v. Ferguson Enterprises, LLC, Ferguson Enterprises, Inc., and Joe Smith
164th Judicial District Court, Harris County, Texas

## VI. PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that the Court grant this Motion for

Limited Expedited Discovery and Preservation Order and award the following relief:

- That Ferguson be compelled to respond to the above-listed discovery requests

  within **14 days of this Order**;

- That Ferguson be **enjoined from deleting or altering any relevant digital**

  **communications** or server metadata;

- That the Court issue any **other relief**, in law or equity, to which Plaintiff may be

  justly entitled.

Respectfully submitted,
/s/ Ronald A. Blair
Ronald A. Blair
19215 Palfrey Prairie Trail
Tomball, TX 77377
tonyblairkc@gmail.com
717-808-4671

CAUSE NO. 2025-24411
Ronald A. Blair v. Ferguson Enterprises, LLC, Ferguson Enterprises, Inc., and Joe Smith
164th Judicial District Court, Harris County, Texas

**CERTIFICATE OF CONFERENCE**

I hereby certify that I have attempted to confer with counsel and representatives for Ferguson Enterprises, LLC and Ferguson Enterprises, Inc. regarding the subject of this motion. Despite good faith efforts, the parties were unable to reach an agreement. This motion is therefore submitted for the Court's consideration.

/s/ Ronald A. Blair

Ronald A. Blair
19215 Palfrey Prairie Trail
Tomball, TX 77377
tonyblairkc@gmail.com
717-808-4671

CAUSE NO. 2025-24411
Ronald A. Blair v. Ferguson Enterprises, LLC, Ferguson Enterprises, Inc., and Joe Smith
164th Judicial District Court, Harris County, Texas

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document was served on all parties and counsel of record on April 15, 2025, in accordance with Rule 21a of the Texas Rules of Civil Procedure. Service was completed via the eFileTexas system and by email and U.S. Mail to:

Kimberly McDonald – Ferguson Enterprises, LLC

Jacquelyn Kinni – Ferguson Enterprises, Inc.

Joe Smith – Ferguson Enterprises, LLC

12500 Jefferson Avenue, Newport News, VA 23602

Emails: Kim.McDonald@ferguson.com, Jacquelyn.Kinni@ferguson.com, Joe.Smith@ferguson.com

Registered Agent for Ferguson Enterprises, Inc.:

CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, TX 75201-3136

/s/ Ronald A. Blair

Ronald A. Blair

19215 Palfrey Prairie Trail

Tomball, TX 77377

tonyblairkc@gmail.com

717-808-4671

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Envelope ID: 99605464
Filing Code Description: Motion (No Fee)
Filing Description: Plaintiff' Motion for Limited Expedited Discovery and Preservation Order
Status as of 4/14/2025 10:09 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Ronald Blair | | tonyblairkc@gmail.com | 4/13/2025 9:58:38 PM | SENT |
| Ronald Blair | | tonyblairkc@gmail.com | 4/13/2025 9:58:38 PM | SENT |
| Ronald Blair | | tonyblairkc@gmail.com | 4/13/2025 9:58:38 PM | SENT |

## EXHIBIT B-1

### EEOC Claim Number: 460-2025-05217

CAUSE NO. 202526275

| | | |
|---|---|---|
| RONALD A. BLAIR | § | IN THE DISTRICT COURT OF |
| Plaintiff, | § | HARRIS COUNTY, TEXAS |
| v. | § | |
| JOE SMITH | § | 189 JUDICIAL DISTRICT |
| Defendant. | § | |

EEOC (Inquiry) Number: 460-2025-05217

<u>INQUIRY INFORMATION</u>

<u>INQUIRY OFFICE</u>

    Receiving: Houston District Office

    Accountable: Houston District Office

<u>POTENTIAL CHARGING PARTY</u>

    Name: Mr. Ronald Blair

    Address: 19215 Palfrey Prairie Trail

    TOMBALL, TX 77377

    Year of Birth: 1962

    Email Address: tonyblairkc@gmail.com

    Phone Number: 717-808-4671

<u>POTENTIAL CHARGING PARTY'S DEMOGRAPHICS</u>

    Gender: Male

    Disabled? Yes

    Are you Hispanic or Latino? No

    Ethnicity:

    National Origin:

    Title:

Exhibit B – EEOC Claim
Blair v. Smith – Cause No. 202526275

<u>REASON(S) FOR CLAIM</u>

Date of Incident (Approximate): 03/25/2025

Reason for Complaint: Age - I am 40 years of age or older, Disability, Retaliation - I complained to my employer about job discrimination Pay Disparity:

Location of Incident: Texas

Submission (initial inquiry) Date 04/09/2025 Claim

previously filed as charge with EEOC? No

Approximate Date of Filing:

Charge Number: 460-2025-05217

Claim previously filed as complaint with another Agency? No

Agency Name:

Approximate Date of Filing:

Nature of Complaint:

<u>ADVERSE ACTION(s)</u>

I was involuntarily terminated on March 25, 2025, by Ferguson Enterprises, LLC, after raising objections to unsafe travel directives and potential internal violations of federal law. I believe my layoff was discriminatory based on my age (63) and disability, and retaliatory in response to my protected activity. Following my termination, a senior Ferguson executive interfered with my employment prospects by contacting a potential employer and making false and damaging statements.

<u>APPOINTMENT</u>

Appointment Date and time:

Interview Type:

<u>APPROXIMATE DEADLINE FOR FILING A CHARGE:</u> 01/20/2026

**Exhibit C – Plaintiff's Motion for Sanctions (Case No. 4:25-cv-01963) with Selected Supporting Exhibits**

Exhibit B – EEOC Claim
Blair v. Smith – Cause No. 202526275

<u>Supplemental Information</u>

<u>What Reason(s) were you given for the action taken against you?</u>

I was told that my position was being eliminated as part of a broader company-wide restructuring. However, I was the only person in the Mechanical Solutions Division in my district who was laid off, despite having more combined talent, skill, ability, and customer respect than nearly anyone in the division nationwide. Others in similar roles were retained, even though my contributions had clearly exceeded expectations.

Just prior to my layoff, I had pushed back against a directive from my manager that I believed was unsafe and unreasonable ? specifically, the expectation to eliminate hotel stays and complete same-day travel for training trips that involved excessive drive time and long hours. This created escalating tension between us.

At the same time, Ryan Malone, my direct supervisor at the time, stated that since I had transferred into his district, our PP-RCT sales had risen from being one of the lowest in the country to the second highest ? and he directly attributed that success to me. Despite this strong performance and documented impact, I was selected for termination with no reference to performance issues or disciplinary concerns.

Joe Smith, a senior figure in the company and nationally known in the PP-RCT sector, had been the driving force behind my original hiring at Ferguson. He strongly encouraged leadership in District 02 to bring me on board and was supportive until I accepted a transfer offer from Ryan Malone in District 31. After the transfer ? which was agreed upon by district leadership and well within company policy ? Joe Smith became visibly retaliatory. He expressed that he did not want me working for Ferguson at all and demonstrated hostility, even though he had no formal authority over such decisions. This abrupt shift in his behavior coincided with escalating tensions and ultimately my layoff.

Given the timing and circumstances, I believe the stated reason for my termination was a pretext and that my layoff was motivated by retaliation and/or other improper factors.

<u>Was anyone in a similar situation treated the same, better, or worse than you?</u>

Several other Mechanical Solutions Specialists and District Team Members with similar or lower performance records were not laid off during the same restructuring. To my knowledge, I was the only person in my role within the Mechanical Solutions Division in my district who was selected for termination.

Others in the same position remained employed despite having lower performance metrics, less technical expertise, and fewer customer relationships. Some were in lower-performing districts and had not contributed meaningfully to PP-RCT sales growth.

Meanwhile, Ryan Malone, my district manager, confirmed that after my transfer to his district, our PP-RCT sales rose from one of the lowest in the country to the second highest ? and he attributed that success primarily to me. Despite this, I was the one selected for termination, with no documented performance issues.

This strongly suggests I was treated worse than others in a similar situation and that the layoff decision was not based on objective or performance-based criteria.

**Exhibit C – Plaintiff's Motion for Sanctions (Case No. 4:25-cv-01963) with Selected Supporting Exhibits**

<u>Please provide name(s) and email and/or phone number of anyone who will support your claim, and briefly describe the information this person will provide.</u>

Michael LeBlanc (mv_leblanc@yahoo.com / 281-300-9343), Senior Representative at Nupi, worked directly with me in Ryan Malone?s district and can confirm my strong performance, technical expertise, and positive impact on PPRCT sales in his assigned territory. Michael also witnessed Joe Smith?s change in behavior after I accepted the district transfer. He observed that Joe became upset and tried to push me out of Ferguson, and even advised me to ?stay away from Joe.? This aligns with the breakdown in communication between Joe and me post-transfer and supports my claim of a retaliatory environment.

Ryan Malone (ryan.malone@ferguson.com / 817-247-5369), District Manager at Ferguson, was my direct supervisor at the time of my layoff. He confirmed that after I transferred into his district, our PP-RCT sales rose from one of the lowest in the country to the second highest ? and credited me directly for that success. He can also confirm that I had no performance or conduct issues.

Chris Ziu (chris.ziu@nupius.com / 913-220-4570), a senior executive at Nupi, can confirm that Joe Smith contacted him after my termination and made negative statements about me ? including that I had ?burned bridges? at Ferguson and should not be hired. This occurred before I ever reached out to Nupi regarding employment and supports my claim of post-termination retaliation.

<u>Please tell us any other information about your experience.</u>

I am 63 years old with a nationally respected track record in the PP-RCT industry, and this layoff has severely impacted my ability to continue working in my field. I believe I was targeted due to internal retaliation and that the official reason given was a pretext. The retaliatory behavior by Joe Smith, both before and after my termination, has also harmed my future employment prospects.

I have made every effort to resolve this matter professionally and internally. However, I now feel compelled to pursue formal action to protect my rights and career. I respectfully request a full investigation and welcome the opportunity to provide any further documentation, witnesses, or timeline details you may need.

## EXHIBIT C

### April 10, 2025 – Email Notification to Ferguson

CAUSE NO. 202526275

| | | |
|---|---|---|
| RONALD A. BLAIR | § | IN THE DISTRICT COURT OF |
| Plaintiff, | § | HARRIS COUNTY, TEXAS |
| v. | § | |
| JOE SMITH | § | 189 JUDICIAL DISTRICT |
| Defendant. | § | |

From: Ronald A. Blair <tonyblairkc@gmail.com>

To: Jacquelyn Kinni <jacquelyn.kinni@ferguson.com>, Kim McDonald <kim.mcdonald@ferguson.com>

Date: April 10, 2025

Subject: Legal Filing Update – Motions Relating to Discovery and Protective Orders

Dear Ms. Kinni and Ms. McDonald,

I am writing to confirm that I am preparing to file several motions with the court, including a Motion for Limited Expedited Discovery and a Supplemental Motion for Protective Order. These filings relate to serious concerns about post-termination interference, reputational harm, and potential retaliation by Ferguson personnel.

As you are aware, I have made multiple attempts to resolve these issues privately. However, given the nature of the actions involved and the lack of resolution to date, I am proceeding with formal legal filings to preserve my rights and prevent further harm.

I intend to include relevant supporting declarations and exhibits outlining the specific misconduct, including a post-termination phone call made by Joe Smith to a potential employer. The motion will also request preservation of communications and server data during the relevant period.

EXHIBIT C - April 10, 2025 – Email Notification to Ferguson
Cause No. 202526275                                    April 10, 2025


I will continue to act in good faith and remain open to dialogue, but I believe court intervention is now necessary to ensure a fair process.


Regards,


/s/ Ronald A. Blair

## EXHIBIT D

**Timeline of Relevant Events**

CAUSE NO. 202526275

| | | |
|---|---|---|
| RONALD A. BLAIR | § | IN THE DISTRICT COURT OF |
| Plaintiff, | § | HARRIS COUNTY, TEXAS |
| v. | § | |
| JOE SMITH | § | 189 JUDICIAL DISTRICT |
| Defendant. | § | |

| Date | Event |
|---|---|
| Nov 2024 – Dec 2024 | Joe Smith attempts to prevent Tony Blair's internal district transfer after learning Tony intended to accept a role under Ryan Malone. |
| Late 2024 | Tony Blair transfers to the Texas district within Ferguson's Mechanical Solutions Division. Joe's involvement with the transition diminishes, but resentment grows. |
| Jan–Mar 2025 | Joe Smith exhibits escalating hostility, including suspected retaliatory behavior after Tony's transfer. |
| March 25, 2025 | Tony is laid off. There is no prior written notice or progressive discipline. Joe's influence over post-termination narratives is suspected. |
| April 2, 2025 | Chris Ziu informs Tony that Joe Smith contacted Nupi before Tony did, and told Chris not to hire Tony, claiming Tony had "burned bridges" at Ferguson. |
| April 3–6, 2025 | Tony investigates the career impact of Joe Smith's interference and prepares evidence and legal strategy related to the post-termination misconduct. |
| April 8, 2025 | Tony files an Original Petition in Harris County District Court against Joe Smith in |

| | |
|---|---|
| | his individual capacity, asserting claims for tortious interference, defamation, and retaliation. |
| April 10, 2025 | Tony executes a declaration and finalizes supporting exhibits documenting Joe Smith's post-termination conduct for legal and evidentiary purposes. |

CAUSE NO. 2025-24411

| | | |
|---|---|---|
| RONALD A. BLAIR | § | IN THE DISTRICT COURT OF |
| Plaintiff | § | |
| | | |
| VS. | § | HARRIS COUNTY, TEXAS |
| | | |
| FERGUSON ENTERPRISES, LLC, | § | |
| FERGUSON ENTERPRISES, INC., | § | |
| AND JOE SMITH | § | 164TH JUDICIAL DISTRICT |
| Defendant | § | |

PROPOSED ORDER

On this day, the Court considered Plaintiff's Motion for Limited Expedited Discovery and Preservation Order.

After reviewing the motion, the Court finds that the motion should be GRANTED.

IT IS THEREFORE ORDERED that Plaintiff is authorized to conduct limited expedited discovery as follows:

Defendant shall produce the following within 14 days of this Order:

1. All emails, texts, and internal communications authored by or received by Joe Smith or Todd Young referencing Plaintiff between January 25, 2025 and April 8, 2025.

2. All internal documents or notes concerning Plaintiff's termination.

3. A sworn statement verifying preservation of email communications and server data.

Defendant is further ORDERED to preserve all relevant communications, including deleted, archived, and metadata, and to instruct all relevant personnel not to alter or delete such materials.

SIGNED this _____ day of _____, 2025.

_____

JUDGE PRESIDING

Ronald A. Blair
19215 Palfrey Prairie Trail
Tomball, TX 77377
tonyblairkc@gmail.com
717-808-4671

April 13, 2025

District Clerk
Harris County District Courts
201 Caroline St.
Houston, TX 77002

RE: Filing of Motion for Limited Expedited Discovery and Preservation Order
Cause No. 2025-24411
Ronald A. Blair v. Ferguson Enterprises, LLC, Ferguson Enterprises, Inc., and Joe Smith
In the 164th Judicial District Court of Harris County, Texas

Dear Clerk:

Please find enclosed for filing in the above-referenced matter:

- Plaintiff's Motion for Limited Expedited Discovery and Preservation Order

- Exhibit A – Summary of Chris Ziu Call

- Exhibit B-1 – EEOC Filing

- Exhibit C – April 10, 2025 Email Notification

- Exhibit D – Timeline of Events

- Proposed Order

- Certificate of Conference and Certificate of Service (included within motion)

This motion seeks limited, narrowly tailored discovery and protective relief pursuant to Texas Rules of Civil Procedure 196, 192.6, and 215. The relief requested is time-sensitive due to ongoing risk of evidentiary loss.

Please file this motion and all associated exhibits accordingly. I am filing electronically through the eFileTexas system and will serve all parties via email.

Respectfully submitted,

/s/ Ronald A. Blair

Ronald A. Blair

19215 Palfrey Prairie Trail

Tomball, TX 77377

tonyblairkc@gmail.com

717-808-4671

**PLAINTIFF'S EXHIBIT Q**

Cross-Filing Timeline – Overlap and removal coordination across 01963 and 01994

Filed in support of: Motion to Remand and Motion for Sanctions

**PLAINTIFF'S EXHIBIT Q**

Cross-Filing Timeline – Overlap and removal coordination across 01963 and 01994

Filed in support of: Motion to Remand and Motion for Sanctions

This timeline illustrates coordinated or duplicative removal activity by Defendants and their counsel across both federal actions. It highlights repeated use of near-identical language, shared declarations, and use of filings from one matter in the removal packet of another.

| Date | Action | Case Number | Notable Overlap / Issue |
|------|--------|-------------|-------------------------|
| April 8, 2025 | Plaintiff files both state cases (202524411 and 202526275) | N/A | Filed same day; no joinder motion |
| April 25, 2025 | Defendants file Notice of Removal (01963) | 4:25-cv-01963 | Attaches Exhibit 2 from 202526275 |
| April 26, 2025 | McGuireWoods sends removal service notice to Plaintiff | Both | Identical language, reused declaration (Teresa Cooper) |
| May 13, 2025 | McGuireWoods issues Cease & Desist to Plaintiff | Both | Claims spanning both cases; pattern of procedural intimidation |

**PLAINTIFF'S EXHIBIT Q**

Cross-Filing Timeline – Overlap and removal coordination across 01963 and 01994

Filed in support of: Motion to Remand and Motion for Sanctions

**PLAINTIFF'S EXHIBIT Q**

Cross-Filing Timeline – Overlap and removal coordination across 01963 and 01994

Filed in support of: Motion to Remand and Motion for Sanctions

This timeline illustrates coordinated or duplicative removal activity by Defendants and their counsel across both federal actions. It highlights repeated use of near-identical language, shared declarations, and use of filings from one matter in the removal packet of another.

| Date | Action | Case Number | Notable Overlap / Issue |
|---|---|---|---|
| April 8, 2025 | Plaintiff files both state cases (202524411 and 202526275) | N/A | Filed same day; no joinder motion |
| April 25, 2025 | Defendants file Notice of Removal (01963) | 4:25-cv-01963 | Attaches Exhibit 2 from 202526275 |
| April 26, 2025 | McGuireWoods sends removal service notice to Plaintiff | Both | Identical language, reused declaration (Teresa Cooper) |
| May 13, 2025 | McGuireWoods issues Cease & Desist to Plaintiff | Both | Claims spanning both cases; pattern of procedural intimidation |

**PLAINTIFF'S EXHIBIT U**

Table of Omitted Controlling Authorities Supporting Remand and Sanctions

Includes U.S. Supreme Court and Fifth Circuit precedent omitted by Defendants in removal.
Demonstrates pattern of evidentiary omission relevant to Plaintiff's Motion for Sanctions and
Motion to Remand.

**PLAINTIFF'S EXHIBIT U**

Table of Omitted Controlling Authorities Supporting Remand and Sanctions

Includes U.S. Supreme Court and Fifth Circuit precedent omitted by Defendants in removal.
Demonstrates pattern of evidentiary omission relevant to Plaintiff's Motion for Sanctions and
Motion to Remand.

| Case | Citation | Jurisdiction | Controlling? | Omitted by MW? | Relevance to Remand or Sanctions |
|------|----------|--------------|--------------|----------------|----------------------------------|
| Getty Oil Corp. v. INA | 841 F.2d 1254 (5th Cir. 1988) | 5th Circuit | Yes | Yes | Unanimous consent and pleading defects |
| Manguno v. Prudential | 276 F.3d 720 (5th Cir. 2002) | 5th Circuit | Yes | Yes | Doubt favors remand |
| MidCap Media Finance v. Pathway Data | 929 F.3d 310 (5th Cir. 2019) | 5th Circuit | Yes | Yes | LLC citizenship tracing |
| Howery v. Allstate | 243 F.3d 912 (5th Cir. 2001) | 5th Circuit | Yes | Yes | Specificity in pleading jurisdiction |
| Shamrock Oil & Gas v. Sheets | 313 U.S. 100 (1941) | Supreme Court | Yes | Yes | Strict construction of removal statutes |
| Martin v. Franklin Capital | 546 U.S. 132 (2005) | Supreme Court | Yes | Yes | Fees for improper removal |
| Valdes v. Wal-Mart | 199 F.3d 290 (5th Cir. 2000) | 5th Circuit | Yes | Yes | Fees for objectively unreasonable removal |
| Chambers v. NASCO | 501 U.S. 32 (1991) | Supreme Court | Yes | Yes | Inherent power to sanction abuse |
| Business Guides v. Chromatic | 498 U.S. 533 (1991) | Supreme Court | Yes | Yes | Rule 11 liability for omissions |

**PLAINTIFF'S EXHIBIT J**

Pattern of Abusive Removals and Use of Misleading Declarations by Teresa Cooper
(2023–2025)

**Exhibit C – Plaintiff's Motion for Sanctions (Case No. 4:25-cv-01963) with Selected Supporting Exhibits**

## PLAINTIFF'S EXHIBIT J

Pattern of Abusive Removals and Use of Misleading Declarations by Teresa Cooper
(2023–2025)

This exhibit documents multiple cases in which Defendants—represented by McGuireWoods LLP—have executed pre-service removals using nearly identical declarations signed by Teresa Cooper. The pattern demonstrates repeated use of boilerplate tactics intended to bypass state court jurisdiction and manipulate procedural rules under 28 U.S.C. § 1446. These declarations are structurally identical and were submitted without full disclosure of service status, consent, or the filing record. This supports Plaintiff's argument that the removal in this case is part of a coordinated campaign of jurisdictional abuse.

| Case Caption | Removal Date | Notable Features |
|---|---|---|
| Blair v. Ferguson Enterprises, LLC et al, 4:25-cv-01963 | Apr 30, 2025 | Pre-service removal; Teresa Cooper declaration; omitted state filings |
| Blair v. Joe Smith, 4:25-cv-01994 | May 2, 2025 | Declaration reused across unrelated matter; removed without appearance |
| Davis v. Ferguson Enterprises, Inc. (VA Cir. Ct. No. CL23-5105) | Aug 15, 2023 | Declaration same structure; consent defect; filed in Richmond |
| Johnson v. Ferguson Enterprises, LLC (TX Dist. Ct. No. 202326710) | Mar 3, 2024 | Teresa Cooper used again; no state docket filed; MW counsel identical |

**PLAINTIFF'S EXHIBIT N**

Motion for Expedited Discovery and Preservation (April 13 Filing)

**PLAINTIFF'S EXHIBIT N**

Motion for Expedited Discovery and Preservation Order (Filed April 13, 2025)
Accepted by the Harris County Clerk under Envelope No. 99605464

4/13/2025 9:58 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 99605464
By: Chancesas Ougrah
Filed: 4/14/2025 12:00 AM

CAUSE NO. 2025-24411

| | | |
|---|---|---|
| RONALD A. BLAIR | § | IN THE DISTRICT COURT OF |
| Plaintiff | § | |
| VS. | § | HARRIS COUNTY, TEXAS |
| | § | |
| FERGUSON ENTERPRISES, LLC, | § | |
| FERGUSON ENTERPRISES, INC., | § | |
| AND JOE SMITH | § | 164TH JUDICIAL DISTRICT |
| Defendant | § | |

**PLAINTIFF'S MOTION FOR LIMITED EXPEDITED DISCOVERY AND
PRESERVATION ORDER**

TO THE HONORABLE JUDGE OF SAID COURT:

**COMES NOW**, Plaintiff Ronald A. Blair, and files this Motion for Limited Expedited

Discovery and Preservation Order. In support thereof, Plaintiff respectfully shows the

Court as follows:

---

## I. INTRODUCTION

Plaintiff seeks limited, narrowly tailored discovery and a preservation order pursuant to

Texas Rules of Civil Procedure 196, 192.6, and 215, in connection with anticipated

retaliation, tortious interference, and spoliation claims. Good cause exists for early

discovery and protective preservation relief to prevent the loss of critical communications

and digital evidence.

---

## II. FACTUAL BACKGROUND

Plaintiff was terminated from Ferguson Enterprises, LLC on March 25, 2025, after

raising concerns about unsafe travel and budgetary retaliation. After his termination, Joe

**EXHIBIT A**
**Corrected Sworn Summary of Chris Ziu Call**

CAUSE NO. 202526275

| | | |
|---|---|---|
| RONALD A. BLAIR | § | IN THE DISTRICT COURT OF |
| Plaintiff, | § | HARRIS COUNTY, TEXAS |
| v. | § | |
| JOE SMITH | § | 189 JUDICIAL DISTRICT |
| Defendant. | § | |

My name is Ronald A. Blair. I am over the age of 18 and competent to make this statement. The facts stated herein are based on my personal knowledge.

In early April 2025, I contacted Chris Ziu at Nupi Americas to discuss a potential consulting opportunity. Chris informed me that Joe Smith, a Ferguson executive, had already reached out to him and made a statement that I had "burned bridges" at Ferguson, and not to hire me. Chris never explicitly stated that this call caused the opportunity to be denied. However, based on the timing and nature of Joe's statement, it became clear to me that his interference negatively impacted my ability to be considered for work with Nupi.

Prior to that call, I had not reached out to Nupi about employment. Joe's call was unsolicited, and I believe it was motivated by retaliation and personal animosity. I had worked closely with Joe in the past, and his actions appear to be intended to harm my professional standing in the PP-RCT industry.

Corrected Sworn Summary of Chris Ziu Call – Exhibit A – April 2025
Cause No.: 202526275

I declare under penalty of perjury that the foregoing is true and correct.

Executed in Harris County, Texas on April 16, 2025.

Respectfully submitted,

/s/ Ronald A. Blair

Ronald A. Blair

19215 Palfrey Prairie Trail

Tomball, TX 77377

tonyblairkc@gmail.com

717-808-4671

CAUSE NO. 2025-24411
Ronald A. Blair v. Ferguson Enterprises, LLC, Ferguson Enterprises, Inc., and Joe Smith
164th Judicial District Court, Harris County, Texas

Smith—Ferguson's National PP-RCT Manager—allegedly contacted Chris Ziu, a senior executive at Nupi Americas, and discouraged him from hiring Plaintiff. This post-termination interference was unsolicited and occurred prior to any outreach from Plaintiff to Nupi.

Further discovery revealed Joe Smith has a pattern of direct communication with outside stakeholders, often unsupervised. Ferguson has also denied any wrongdoing in follow-up correspondence and legal calls. Despite Plaintiff's efforts to resolve these issues through private communication, including the April 10, 2025, email notification (see Exhibit C), Ferguson has offered no remediation.

Plaintiff has documented these facts in detail in the attached timeline (see Exhibit D), declaration (see Exhibit B-1), and related evidence.

---

## III. LEGAL STANDARD

Under Texas Rule of Civil Procedure 196.1(b), a party may seek discovery prior to a Rule 190 conference upon showing of good cause and need. Courts may also enter preservation orders under Rule 215 and Rule 192.6 to protect against spoliation.

A limited, focused order is appropriate where, as here, there is a clear risk that digital communications or documents may be lost or destroyed during early litigation.

---

## IV. BASIS FOR EXPEDITED DISCOVERY

Plaintiff seeks the following **expedited and targeted production**:

Ronald A. Blair | 19215 Palfrey Prairie Trail, Tomball, TX 77377 |
tonyblairkc@gmail.com | 717-808-4671

CAUSE NO. 2025-24411
Ronald A. Blair v. Ferguson Enterprises, LLC, Ferguson Enterprises, Inc., and Joe Smith
164th Judicial District Court, Harris County, Texas

1. **All emails, text messages, and internal communications** sent or received by **Joe Smith or Todd Young**, referencing Plaintiff, between **January 25, 2025 and April 8, 2025**;

2. Any documentation, notes, or summaries regarding Plaintiff's termination decision, internal discussions, or subsequent phone outreach by Joe Smith;

3. A sworn statement confirming whether Ferguson has taken steps to preserve Joe Smith's communications and email access.

These documents are necessary to:

- Evaluate ongoing retaliation and spoliation risks;
- Support pending and anticipated claims before the EEOC and state court;
- Establish Ferguson's awareness of and involvement in post-termination interference.

---

## V. REQUEST FOR PRESERVATION ORDER

Plaintiff further requests an order requiring Ferguson to:

- **Immediately preserve** all emails, texts, and server communications authored by or sent to Joe Smith or Todd Young, including archived or deleted messages;
- Retain internal logs or metadata showing any email deletions post-termination;
- Instruct all relevant personnel not to destroy or alter communications involving the Plaintiff.

---

Ronald A. Blair | 19215 Palfrey Prairie Trail, Tomball, TX 77377 |
tonyblairkc@gmail.com | 717-808-4671

CAUSE NO. 2025-24411
Ronald A. Blair v. Ferguson Enterprises, LLC, Ferguson Enterprises, Inc., and Joe Smith
164th Judicial District Court, Harris County, Texas


**VI. PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully requests that the Court grant this Motion for

Limited Expedited Discovery and Preservation Order and award the following relief:

- That Ferguson be compelled to respond to the above-listed discovery requests

  within **14 days of this Order**;

- That Ferguson be **enjoined from deleting or altering any relevant digital**

  **communications** or server metadata;

- That the Court issue any **other relief**, in law or equity, to which Plaintiff may be

  justly entitled.


Respectfully submitted,
/s/ Ronald A. Blair
Ronald A. Blair
19215 Palfrey Prairie Trail
Tomball, TX 77377
tonyblairkc@gmail.com
717-808-4671

CAUSE NO. 2025-24411
Ronald A. Blair v. Ferguson Enterprises, LLC, Ferguson Enterprises, Inc., and Joe Smith
164th Judicial District Court, Harris County, Texas

## CERTIFICATE OF CONFERENCE

I hereby certify that I have attempted to confer with counsel and representatives for Ferguson Enterprises, LLC and Ferguson Enterprises, Inc. regarding the subject of this motion. Despite good faith efforts, the parties were unable to reach an agreement. This motion is therefore submitted for the Court's consideration.

/s/ Ronald A. Blair

Ronald A. Blair
19215 Palfrey Prairie Trail
Tomball, TX 77377
tonyblairkc@gmail.com
717-808-4671

CAUSE NO. 2025-24411
Ronald A. Blair v. Ferguson Enterprises, LLC, Ferguson Enterprises, Inc., and Joe Smith
164th Judicial District Court, Harris County, Texas

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served on all parties and counsel of record on April 15, 2025, in accordance with Rule 21a of the Texas Rules of Civil Procedure. Service was completed via the eFileTexas system and by email and U.S. Mail to:

Kimberly McDonald – Ferguson Enterprises, LLC

Jacquelyn Kinni – Ferguson Enterprises, Inc.

Joe Smith – Ferguson Enterprises, LLC

12500 Jefferson Avenue, Newport News, VA 23602

Emails: Kim.McDonald@ferguson.com, Jacquelyn.Kinni@ferguson.com,

Joe.Smith@ferguson.com

Registered Agent for Ferguson Enterprises, Inc.:

CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, TX 75201-3136

/s/ Ronald A. Blair

Ronald A. Blair

19215 Palfrey Prairie Trail

Tomball, TX 77377

tonyblairkc@gmail.com

717-808-4671

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Envelope ID: 99605464
Filing Code Description: Motion (No Fee)
Filing Description: Plaintiff' Motion for Limited Expedited Discovery and Preservation Order
Status as of 4/14/2025 10:09 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Ronald Blair | | tonyblairkc@gmail.com | 4/13/2025 9:58:38 PM | SENT |
| Ronald Blair | | tonyblairkc@gmail.com | 4/13/2025 9:58:38 PM | SENT |
| Ronald Blair | | tonyblairkc@gmail.com | 4/13/2025 9:58:38 PM | SENT |

## EXHIBIT B-1

### EEOC Claim Number: 460-2025-05217

CAUSE NO. 202526275

| | | |
|---|---|---|
| RONALD A. BLAIR | § | IN THE DISTRICT COURT OF |
| Plaintiff, | § | HARRIS COUNTY, TEXAS |
| v. | § | |
| JOE SMITH | § | 189 JUDICIAL DISTRICT |
| Defendant. | § | |

EEOC (Inquiry) Number: 460-2025-05217

<u>INQUIRY INFORMATION</u>

<u>INQUIRY OFFICE</u>

    Receiving: Houston District Office

    Accountable: Houston District Office

<u>POTENTIAL CHARGING PARTY</u>

    Name: Mr. Ronald Blair

    Address: 19215 Palfrey Prairie Trail

    TOMBALL, TX 77377

    Year of Birth: 1962

    Email Address: tonyblairkc@gmail.com

    Phone Number: 717-808-4671

<u>POTENTIAL CHARGING PARTY'S DEMOGRAPHICS</u>

    Gender: Male

    Disabled? Yes

    Are you Hispanic or Latino? No

    Ethnicity:

    National Origin:

    Title:

Exhibit B – EEOC Claim
Blair v. Smith – Cause No. 202526275

<u>REASON(S) FOR CLAIM</u>

Date of Incident (Approximate): 03/25/2025

Reason for Complaint: Age - I am 40 years of age or older, Disability, Retaliation - I complained to my employer about job discrimination Pay Disparity:

Location of Incident: Texas

Submission (initial inquiry) Date 04/09/2025 Claim

previously filed as charge with EEOC? No

Approximate Date of Filing:

Charge Number: 460-2025-05217

Claim previously filed as complaint with another Agency? No

Agency Name:

Approximate Date of Filing:

Nature of Complaint:

<u>ADVERSE ACTION(s)</u>

I was involuntarily terminated on March 25, 2025, by Ferguson Enterprises, LLC, after raising objections to unsafe travel directives and potential internal violations of federal law. I believe my layoff was discriminatory based on my age (63) and disability, and retaliatory in response to my protected activity. Following my termination, a senior Ferguson executive interfered with my employment prospects by contacting a potential employer and making false and damaging statements.

<u>APPOINTMENT</u>

Appointment Date and time:

Interview Type:

<u>APPROXIMATE DEADLINE FOR FILING A CHARGE:</u> 01/20/2026

Exhibit B – EEOC Claim
Blair v. Smith – Cause No. 202526275

Supplemental Information

What Reason(s) were you given for the action taken against you?

I was told that my position was being eliminated as part of a broader company-wide restructuring. However, I was the only person in the Mechanical Solutions Division in my district who was laid off, despite having more combined talent, skill, ability, and customer respect than nearly anyone in the division nationwide. Others in similar roles were retained, even though my contributions had clearly exceeded expectations.

Just prior to my layoff, I had pushed back against a directive from my manager that I believed was unsafe and unreasonable ? specifically, the expectation to eliminate hotel stays and complete same-day travel for training trips that involved excessive drive time and long hours. This created escalating tension between us.

At the same time, Ryan Malone, my direct supervisor at the time, stated that since I had transferred into his district, our PP-RCT sales had risen from being one of the lowest in the country to the second highest ? and he directly attributed that success to me. Despite this strong performance and documented impact, I was selected for termination with no reference to performance issues or disciplinary concerns.

Joe Smith, a senior figure in the company and nationally known in the PP-RCT sector, had been the driving force behind my original hiring at Ferguson. He strongly encouraged leadership in District 02 to bring me on board and was supportive until I accepted a transfer offer from Ryan Malone in District 31. After the transfer ? which was agreed upon by district leadership and well within company policy ? Joe Smith became visibly retaliatory. He expressed that he did not want me working for Ferguson at all and demonstrated hostility, even though he had no formal authority over such decisions. This abrupt shift in his behavior coincided with escalating tensions and ultimately my layoff.

Given the timing and circumstances, I believe the stated reason for my termination was a pretext and that my layoff was motivated by retaliation and/or other improper factors.

Was anyone in a similar situation treated the same, better, or worse than you?

Several other Mechanical Solutions Specialists and District Team Members with similar or lower performance records were not laid off during the same restructuring. To my knowledge, I was the only person in my role within the Mechanical Solutions Division in my district who was selected for termination.

Others in the same position remained employed despite having lower performance metrics, less technical expertise, and fewer customer relationships. Some were in lower-performing districts and had not contributed meaningfully to PP-RCT sales growth.

Meanwhile, Ryan Malone, my district manager, confirmed that after my transfer to his district, our PP-RCT sales rose from one of the lowest in the country to the second highest ? and he attributed that success primarily to me. Despite this, I was the one selected for termination, with no documented performance issues.

This strongly suggests I was treated worse than others in a similar situation and that the layoff decision was not based on objective or performance-based criteria.

Exhibit B — EEOC Claim
Blair v. Smith — Cause No. 202526275

<u>Please provide name(s) and email and/or phone number of anyone who will support your claim, and briefly describe the information this person will provide.</u>

Michael LeBlanc (mv_leblanc@yahoo.com / 281-300-9343), Senior Representative at Nupi, worked directly with me in Ryan Malone?s district and can confirm my strong performance, technical expertise, and positive impact on PPRCT sales in his assigned territory. Michael also witnessed Joe Smith?s change in behavior after I accepted the district transfer. He observed that Joe became upset and tried to push me out of Ferguson, and even advised me to ?stay away from Joe.? This aligns with the breakdown in communication between Joe and me post-transfer and supports my claim of a retaliatory environment.

Ryan Malone (ryan.malone@ferguson.com / 817-247-5369), District Manager at Ferguson, was my direct supervisor at the time of my layoff. He confirmed that after I transferred into his district, our PP-RCT sales rose from one of the lowest in the country to the second highest ? and credited me directly for that success. He can also confirm that I had no performance or conduct issues.

Chris Ziu (chris.ziu@nupius.com / 913-220-4570), a senior executive at Nupi, can confirm that Joe Smith contacted him after my termination and made negative statements about me ? including that I had ?burned bridges? at Ferguson and should not be hired. This occurred before I ever reached out to Nupi regarding employment and supports my claim of post-termination retaliation.

<u>Please tell us any other information about your experience.</u>

I am 63 years old with a nationally respected track record in the PP-RCT industry, and this layoff has severely impacted my ability to continue working in my field. I believe I was targeted due to internal retaliation and that the official reason given was a pretext. The retaliatory behavior by Joe Smith, both before and after my termination, has also harmed my future employment prospects.

I have made every effort to resolve this matter professionally and internally. However, I now feel compelled to pursue formal action to protect my rights and career. I respectfully request a full investigation and welcome the opportunity to provide any further documentation, witnesses, or timeline details you may need.

## EXHIBIT C

### April 10, 2025 – Email Notification to Ferguson

CAUSE NO. 202526275

| | | |
|---|---|---|
| RONALD A. BLAIR | § | IN THE DISTRICT COURT OF |
| Plaintiff, | § | HARRIS COUNTY, TEXAS |
| v. | § | |
| JOE SMITH | § | 189 JUDICIAL DISTRICT |
| Defendant. | § | |

From: Ronald A. Blair <tonyblairkc@gmail.com>

To: Jacquelyn Kinni <jacquelyn.kinni@ferguson.com>, Kim McDonald <kim.mcdonald@ferguson.com>

Date: April 10, 2025

Subject: Legal Filing Update – Motions Relating to Discovery and Protective Orders

Dear Ms. Kinni and Ms. McDonald,

I am writing to confirm that I am preparing to file several motions with the court, including a Motion for Limited Expedited Discovery and a Supplemental Motion for Protective Order. These filings relate to serious concerns about post-termination interference, reputational harm, and potential retaliation by Ferguson personnel.

As you are aware, I have made multiple attempts to resolve these issues privately. However, given the nature of the actions involved and the lack of resolution to date, I am proceeding with formal legal filings to preserve my rights and prevent further harm.

I intend to include relevant supporting declarations and exhibits outlining the specific misconduct, including a post-termination phone call made by Joe Smith to a potential employer. The motion will also request preservation of communications and server data during the relevant period.

EXHIBIT C - April 10, 2025 – Email Notification to Ferguson
Cause No. 202526275                                        April 10, 2025


I will continue to act in good faith and remain open to dialogue, but I believe court
intervention is now necessary to ensure a fair process.


Regards,


/s/ Ronald A. Blair

**EXHIBIT D**

**Timeline of Relevant Events**

CAUSE NO. 202526275

| RONALD A. BLAIR | § | IN THE DISTRICT COURT OF |
| Plaintiff, | § | HARRIS COUNTY, TEXAS |
| v. | § | |
| JOE SMITH | § | 189 JUDICIAL DISTRICT |
| Defendant. | § | |

| Date | Event |
|------|-------|
| Nov 2024 – Dec 2024 | Joe Smith attempts to prevent Tony Blair's internal district transfer after learning Tony intended to accept a role under Ryan Malone. |
| Late 2024 | Tony Blair transfers to the Texas district within Ferguson's Mechanical Solutions Division. Joe's involvement with the transition diminishes, but resentment grows. |
| Jan–Mar 2025 | Joe Smith exhibits escalating hostility, including suspected retaliatory behavior after Tony's transfer. |
| March 25, 2025 | Tony is laid off. There is no prior written notice or progressive discipline. Joe's influence over post-termination narratives is suspected. |
| April 2, 2025 | Chris Ziu informs Tony that Joe Smith contacted Nupi before Tony did, and told Chris not to hire Tony, claiming Tony had "burned bridges" at Ferguson. |
| April 3–6, 2025 | Tony investigates the career impact of Joe Smith's interference and prepares evidence and legal strategy related to the post-termination misconduct. |
| April 8, 2025 | Tony files an Original Petition in Harris County District Court against Joe Smith in |

| | |
|---|---|
| | his individual capacity, asserting claims for tortious interference, defamation, and retaliation. |
| April 10, 2025 | Tony executes a declaration and finalizes supporting exhibits documenting Joe Smith's post-termination conduct for legal and evidentiary purposes. |

CAUSE NO. 2025-24411

| | | |
|---|---|---|
| RONALD A. BLAIR | § | IN THE DISTRICT COURT OF |
| Plaintiff | § | |
| | | |
| VS. | § | HARRIS COUNTY, TEXAS |
| | | |
| FERGUSON ENTERPRISES, LLC, | § | |
| FERGUSON ENTERPRISES, INC., | § | |
| AND JOE SMITH | § | 164TH JUDICIAL DISTRICT |
| Defendant | § | |

PROPOSED ORDER

On this day, the Court considered Plaintiff's Motion for Limited Expedited Discovery and Preservation Order.

After reviewing the motion, the Court finds that the motion should be GRANTED.

IT IS THEREFORE ORDERED that Plaintiff is authorized to conduct limited expedited discovery as follows:

Defendant shall produce the following within 14 days of this Order:

1. All emails, texts, and internal communications authored by or received by Joe Smith or Todd Young referencing Plaintiff between January 25, 2025 and April 8, 2025.

2. All internal documents or notes concerning Plaintiff's termination.

3. A sworn statement verifying preservation of email communications and server data.

Defendant is further ORDERED to preserve all relevant communications, including deleted, archived, and metadata, and to instruct all relevant personnel not to alter or delete such materials.

SIGNED this _____ day of _____, 2025.

_____

JUDGE PRESIDING

Ronald A. Blair
19215 Palfrey Prairie Trail
Tomball, TX 77377
tonyblairkc@gmail.com
717-808-4671

April 13, 2025

District Clerk
Harris County District Courts
201 Caroline St.
Houston, TX 77002

RE: Filing of Motion for Limited Expedited Discovery and Preservation Order
Cause No. 2025-24411
Ronald A. Blair v. Ferguson Enterprises, LLC, Ferguson Enterprises, Inc., and Joe Smith
In the 164th Judicial District Court of Harris County, Texas

Dear Clerk:

Please find enclosed for filing in the above-referenced matter:

- Plaintiff's Motion for Limited Expedited Discovery and Preservation Order

- Exhibit A – Summary of Chris Ziu Call

- Exhibit B-1 – EEOC Filing

- Exhibit C – April 10, 2025 Email Notification

- Exhibit D – Timeline of Events

- Proposed Order

- Certificate of Conference and Certificate of Service (included within motion)

This motion seeks limited, narrowly tailored discovery and protective relief pursuant to Texas Rules of Civil Procedure 196, 192.6, and 215. The relief requested is time-sensitive due to ongoing risk of evidentiary loss.

Please file this motion and all associated exhibits accordingly. I am filing electronically through the eFileTexas system and will serve all parties via email.

Respectfully submitted,

/s/ Ronald A. Blair

Ronald A. Blair

19215 Palfrey Prairie Trail

Tomball, TX 77377

tonyblairkc@gmail.com

717-808-4671

**PLAINTIFF'S EXHIBIT Q**

Cross-Filing Timeline – Overlap and removal coordination across 01963 and 01994

Filed in support of: Motion to Remand and Motion for Sanctions

**PLAINTIFF'S EXHIBIT Q**

Cross-Filing Timeline – Overlap and removal coordination across 01963 and 01994

Filed in support of: Motion to Remand and Motion for Sanctions

This timeline illustrates coordinated or duplicative removal activity by Defendants and their counsel across both federal actions. It highlights repeated use of near-identical language, shared declarations, and use of filings from one matter in the removal packet of another.

| Date | Action | Case Number | Notable Overlap / Issue |
|------|--------|-------------|-------------------------|
| April 8, 2025 | Plaintiff files both state cases (202524411 and 202526275) | N/A | Filed same day; no joinder motion |
| April 25, 2025 | Defendants file Notice of Removal (01963) | 4:25-cv-01963 | Attaches Exhibit 2 from 202526275 |
| April 26, 2025 | McGuireWoods sends removal service notice to Plaintiff | Both | Identical language, reused declaration (Teresa Cooper) |
| May 13, 2025 | McGuireWoods issues Cease & Desist to Plaintiff | Both | Claims spanning both cases; pattern of procedural intimidation |

**PLAINTIFF'S EXHIBIT U**

Table of Omitted Controlling Authorities Supporting Remand and Sanctions

Includes U.S. Supreme Court and Fifth Circuit precedent omitted by Defendants in removal.
Demonstrates pattern of evidentiary omission relevant to Plaintiff's Motion for Sanctions and
Motion to Remand.

**PLAINTIFF'S EXHIBIT U**

Table of Omitted Controlling Authorities Supporting Remand and Sanctions

Includes U.S. Supreme Court and Fifth Circuit precedent omitted by Defendants in removal.
Demonstrates pattern of evidentiary omission relevant to Plaintiff's Motion for Sanctions and
Motion to Remand.

| Case | Citation | Jurisdiction | Controlling? | Omitted by MW? | Relevance to Remand or Sanctions |
|------|----------|--------------|--------------|----------------|-----------------------------------|
| Getty Oil Corp. v. INA | 841 F.2d 1254 (5th Cir. 1988) | 5th Circuit | Yes | Yes | Unanimous consent and pleading defects |
| Manguno v. Prudential | 276 F.3d 720 (5th Cir. 2002) | 5th Circuit | Yes | Yes | Doubt favors remand |
| MidCap Media Finance v. Pathway Data | 929 F.3d 310 (5th Cir. 2019) | 5th Circuit | Yes | Yes | LLC citizenship tracing |
| Howery v. Allstate | 243 F.3d 912 (5th Cir. 2001) | 5th Circuit | Yes | Yes | Specificity in pleading jurisdiction |
| Shamrock Oil & Gas v. Sheets | 313 U.S. 100 (1941) | Supreme Court | Yes | Yes | Strict construction of removal statutes |
| Martin v. Franklin Capital | 546 U.S. 132 (2005) | Supreme Court | Yes | Yes | Fees for improper removal |
| Valdes v. Wal-Mart | 199 F.3d 290 (5th Cir. 2000) | 5th Circuit | Yes | Yes | Fees for objectively unreasonable removal |
| Chambers v. NASCO | 501 U.S. 32 (1991) | Supreme Court | Yes | Yes | Inherent power to sanction abuse |
| Business Guides v. Chromatic | 498 U.S. 533 (1991) | Supreme Court | Yes | Yes | Rule 11 liability for omissions |

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **RONALD A. BLAIR,** | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 1:25-cv-02174** |
| | § | |
| **FERGUSON ENTERPRISES, INC.;** | § | |
| **FERGUSON US HOLDINGS, INC.;** | § | |
| **FERGUSON ENTERPRISES, LLC;** | § | |
| **MCGUIREWOODS LLP;** | § | |
| **JOEL ALLEN, ESQ;** | § | |
| **CORY R. FORD, ESQ;** | § | |
| **DOE DEFENDANTS 1–5,** | § | |
| **Defendants** | § | |

**Description:**

This exhibit contains Plaintiff's petition for writ of mandamus filed in the U.S. Court of Appeals for the Fifth Circuit in *In re Ronald A. Blair*, Case No. 25-20281. The petition documents procedural obstruction, docket irregularities, and denial of CM/ECF access in the Southern District of Texas.

The filing describes how McGuireWoods LLP's conduct, in coordination with the handling of Plaintiff's cases in the Southern District of Texas, deprived Plaintiff of timely and fair judicial review. It is offered here to demonstrate the broader context of procedural manipulation relevant to the instant Motion to Disqualify.

No. _____

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT


RONALD A. BLAIR,

  Petitioner,

v.

THE HONORABLE KENNETH M. HOYT,

United States District Judge for the Southern District of Texas,

  Respondent.


PETITION FOR WRIT OF MANDAMUS

From consolidated matters pending in the

United States District Court for the Southern District of Texas – Houston Division

Civil Action Nos. 4:25-cv-01963 and 4:25-cv-01994

Filed by:

RONALD A. BLAIR

2404 Parisio Court

Leander, TX 78641

r.anthony.blair@gmail.com

(717) 808-4671

Pro Se Petitioner

**TO THE HONORABLE JUDGES OF THE UNITED STATES COURT OF APPEALS FOR THE FIFTH CIRCUIT:**

**PRELIMINARY STATEMENT**

Pursuant to 28 U.S.C. § 1651 and the All Writs Act, Petitioner Ronald A. Blair, a pro se litigant with documented health challenges and extensive procedural burdens, brings this Petition for Writ of Mandamus to compel prompt adjudication of four time-sensitive motions currently pending in consolidated matters before the United States District Court for the Southern District of Texas – Houston Division. These motions include filings for sanctions under Rule 11, opposition to consolidation, electronic filing (CM/ECF) access, and a motion for reconsideration of a remand denial. Despite diligent compliance with procedural requirements and repeated attempts to obtain status updates, the District Court, under Judge Kenneth M. Hoyt, has persistently failed to rule, thereby inflicting irreparable harm and undermining the petitioner's constitutional access to the courts.

This petition emphasizes that the delays and inaction are not merely the result of permissible judicial discretion but represent a pattern of systemic procedural exclusion, particularly against pro se litigants. Petitioner presents affidavits and expert declarations (see Exhibits U, M, and expert declarations attached) that support these factual allegations and demonstrate the acute impact on his ability to litigate and maintain access to justice.

# TABLE OF CONTENTS

Preliminary Statement ................................................................................................ 1

I. Relief Requested ................................................................................................... 4

II. Factual Background..... ....................................................................................... 5

III. Legal Standard ... ............................................................................................... 6

IV. Argument ............................................................................................................7

    A. Clear and Indisputable Right to Relief

    B. Judicial Duty to Act and Counterarguments on Judicial Discretion

    C. Urgency, Irreparable Harm, and Lack of Adequate Alternative Remedies

    D. Jurisdictional Urgency and Procedural Irregularities

    F. Institutional Affiliation Bias and Reinforced Structural Asymmetry

V. Conclusion ....... .................................................................................................. 9

Proposed Order ..... ................................................................................................. 11

Exhibit List.... ......................................................................................................... 12

Appendix A – Disciplinary Record and Media Coverage of Judges Hoyt and Ellison ............... 14

Certificate of Service ..... ....................................................................................... 20

Exhibits A-V Bindeer...............................................................................................

**TABLE OF AUTHORITIES**

**U.S. Supreme Court Cases**

- Cheney v. U.S. Dist. Ct., 542 U.S. 367 (2004)

- Dietz v. Bouldin, 579 U.S. 40 (2016)

- Pulliam v. Allen, 466 U.S. 522 (1984)

- Ex parte United States, 287 U.S. 241 (1932)

**Fifth Circuit Cases**

- In re Volkswagen of Am., Inc., 545 F.3d 304 (5th Cir. 2008)

- In re Lloyd's Register N. Am., Inc., 780 F.3d 283 (5th Cir. 2015)

**Federal Rules**

- Fed. R. Civ. P. 11

**Statutes**

- 28 U.S.C. § 1651

## I. RELIEF REQUESTED

Petitioner respectfully requests that this Court:

1. Issue a Writ of Mandamus compelling the District Court to promptly and substantively rule on the following pending motions:

   - Plaintiff's Motion for Sanctions under Federal Rule of Civil Procedure 11 in case 4:25-cv-01963 (Docket 24, filed 06/11/2025, supported by Exhibits F-1 and F-2);

   - Plaintiff's Opposition to the Motion to Consolidate in case 4:25-cv-01994 (Docket 12, filed 06/05/2025, supported by Exhibits J and J-1);

   - Plaintiff's Second Motion for Electronic Filing (CM/ECF) Access in cases 4:25-cv-01963 and 4:25-cv-01994 (filed 06/09/2025, supported by Exhibits F-1, F-2, M, and illustrated by Exhibit R);

   - Plaintiff's Motion for Reconsideration of the Remand Denial in case 4:25-cv-01963 (Docket 28, filed 06/13/2025).

2. Vacate the consolidation order entered in case 4:25-cv-01994 on 06/23/2025 (Docket 31), confirmed on 06/24/2025, on the grounds that it is procedurally defective in light of unanswered oppositions and pending motions.

3. Stay any further dispositive rulings or orders in cases 4:25-cv-01963 and 4:25-cv-01994 until all pending motions are fully adjudicated.

4. Alternatively, reassign or refer this matter to the Chief Judge of the Southern District of Texas for an expedited structural review of judicial administration.

5. Grant such further and other relief as may be just and proper, including the issuance of the attached proposed order.

## II. FACTUAL BACKGROUND

### A. Removal and Case Assignment

- Case 4:25-cv-01963 (Lead) was removed from the 164th District Court, Harris County, TX (case number 2025-24411) on 04/30/2025 (Removal filed as Docket #1).

- Case 4:25-cv-01994 (Member) was removed from the 189th District Court of Harris County, TX (case number 1025-26275) on 05/02/2025 (Removal filed as Docket #1).

### B. Pending Motions and Filing History

- The Rule 11 Sanctions Motion in case 4:25-cv-01963 was filed on 06/11/2025 (Docket 24).

- The Opposition to the Defendants' Motion to Consolidate in case 4:25-cv-01994 was filed on 06/05/2025 (Docket 12).

- The Second Motion for Electronic Filing (CM/ECF) Access in both cases was filed on 06/09/2025 (supported by docket records and Exhibits F-1, F-2, M, and R).

- The Motion for Reconsideration of the Remand Denial in case 4:25-cv-01963 was filed on 06/13/2025 (Docket 28).

### C. Orders and Procedural Inaction

- A Remand Denial Order was issued on 06/12/2025 in case 4:25-cv-01963 (Docket 27).

- A Consolidation Order uniting the two cases was entered on 06/23/2025 in case 4:25-cv-01994 (Docket 31) and finalized on 06/24/2025.

### D. Impact on Petitioner

Petitioner's repeated requests for updates—supported by affidavits from independent experts and declarations (see Exhibit M and attached expert declarations)—demonstrate that the continuing delays have resulted in significant financial, emotional, and health-related hardships. A detailed

timeline chart (refer to Exhibit R) illustrates the cumulative procedural delays and the resulting prejudice to Petitioner's right to an efficient and fair adjudication.

### E. Institutional Context

Petitioner further notes that the judicial officers involved—Judges Hoyt and Ellison—share overlapping organizational ties with counsel for the real parties in interest, including present and former McGuireWoods LLP partners. These include co-membership in the Council on Foreign Relations, bar foundation fellowships, and indirect alignment through nonprofit legal aid institutions. While not grounds for mandatory recusal, these affiliations contribute to the perception of institutional insulation and lend context to the unexplained procedural inaction detailed above.

### III. LEGAL STANDARD

Mandamus relief is warranted when:

1. The petitioner has a clear and indisputable right to the relief sought;

2. The respondent has a plain, ministerial duty to act; and

3. No adequate alternative remedy exists.

Recent Fifth Circuit decisions, such as *In re Lloyd's Register N. Am., Inc.*, 780 F.3d 283 (2015), and Supreme Court cases addressing judicial inaction (*Cheney v. U.S. Dist. Ct.*, 542 U.S. 367 (2004)), reinforce that prolonged inaction resulting in irreparable harm justifies mandamus relief—even where judicial discretion is a factor. The petitioner acknowledges that while judicial discretion exists, it does not absolve the court of its duty when repeated filings, demonstrated procedural diligence, and subsequent harm converge to mandate an immediate remedy.

# IV. ARGUMENT

## A. Clear and Indisputable Right to Relief

1. Petitioner timely filed his motions (Rule 11 Sanctions Motion, Opposition to Consolidation, CM/ECF Access Motion, and Motion for Reconsideration) as evidenced by the docket records and supported by multiple exhibits.

2. The failure to rule on these motions has resulted in demonstrable and irreparable harm. Affidavits from court communications experts and trial documents (Exhibits M and U) confirm the absence of any administrative response, reinforcing Petitioner's clear right.

## B. Judicial Duty to Act and Counterarguments

1. Judicial duty requires prompt action on pending motions that affect substantive rights. See *Ex parte United States*, 287 U.S. 241 (1932), and Fifth Circuit guidance in *In re Volkswagen of Am., Inc.*, 545 F.3d 304 (2008).

2. Counterarguments citing judicial discretion or procedural adequacy do not justify a prolonged inaction that undermines procedural fairness, as must be resolved swiftly to prevent structural prejudice against pro se litigants.

3. Recent precedent such as *Dietz v. Bouldin*, 579 U.S. 40 (2016), supports the view that constitutional access to courts cannot be impeded by administrative inaction.

## C. Urgency, Irreparable Harm, and Lack of Adequate Alternatives

1. Petitioner's continued inability to file electronically and receive timely rulings has compounded financial and health-related hardships. Expert declarations (attached) attest to the evidence of systemic filing barriers.

2. Reliance on in-person filings further delays equitable access and exacerbates harm. The enclosed timeline chart (Exhibit R) underscores the cumulative impact of these delays, leaving no adequate alternative remedy[1].

### D. Jurisdictional Urgency and Procedural Irregularities

1. The improper removal of cases and the consolidation order—coupled with the persistent delays—raise serious jurisdictional and due process concerns.

2. This Court's intervention is necessary to prevent further harm and ensure that the district court fulfills its constitutional and ministerial duties.

### E. Expert Opinions and Supporting Evidence

Declarations from legal experts, filings logs, and independent communications auditors (Exhibits M, N, O, and expert affidavits) uniformly support the argument that pro se litigants face systemic electronic filing barriers. These expert opinions further highlight that the procedural delays are not due to benign administrative backlog but are part of a broader pattern of exclusion.

F. Institutional Affiliation Bias and Reinforced Structural Asymmetry

In addition to procedural delays and filing access denials, Petitioner highlights a structural environment that reinforces systemic disadvantage. Judges Hoyt and Ellison have longstanding affiliations with attorneys and former partners of McGuireWoods LLP through elite bar and policy organizations:

- Judge Ellison is a current member of the Council on Foreign Relations (CFR), which includes among its members former McGuireWoods partner and international practice chair Mark Brzezinski.

---

[1] See also Fed. R. Civ. P. 83(b); pro se litigants may be granted modified procedures where systemic access barriers impede fairness.

- Judge Hoyt and McGuireWoods attorneys are Fellows of the Texas Bar Foundation during overlapping periods, reinforcing institutional proximity.

- Both Petitioner and McGuireWoods attorneys have supported the Lone Star Legal Aid network (formerly Gulf Coast Legal Foundation), where Judge Ellison once served as a board officer and McGuireWoods provided emergency infrastructure support after Hurricane Harvey.

These affiliations, while not financial conflicts under 28 U.S.C. § 455(b), significantly amplify the appearance of partiality when combined with prolonged delays, docket anomalies, and electronic filing obstruction. Courts have recognized that even non-financial entrenchments can create the appearance of systemic bias, particularly where a pro se litigant alleges exclusion from neutral adjudication. See *In re Kensington Int'l Ltd.*, 368 F.3d 289 (3d Cir. 2004) (recusal warranted where judicial relationships "undermine public confidence in impartiality").

This environment contributes to a judicial ecosystem in which Plaintiff's access has not only been procedurally denied but institutionally foreclosed.

## V. CONCLUSION

## PRAYER FOR RELIEF

WHEREFORE, Petitioner respectfully seeks that this Court:

1. Issue a Writ of Mandamus compelling the District Court to promptly rule on the following pending motions in cases 4:25-cv-01963 and 4:25-cv-01994:

   - Rule 11 Sanctions Motion;

   - Opposition to the Motion to Consolidate;

   - Second Motion for CM/ECF Access; and

   - Motion for Reconsideration of the Remand Denial;

2. Vacate the consolidation order entered on 06/23/2025 (finalized 06/24/2025) on the grounds of procedural defectiveness;

3. Stay any further dispositive actions until these motions are adjudicated; or alternatively, reassign the matter for rapid supervisory review by the Chief Judge of the Southern District of Texas; and

4. Grant any further relief deemed just in light of the demonstrated irreparable harm and systemic prejudice against pro se litigants.

5. Failure to address these pending motions promptly will support further constitutional claims under 42 U.S.C. §§ 1983 and 1985, based on coordinated procedural obstruction.

Dated: 6/27/2025                                      Respectfully submitted,

                                                     /s/ Ronald A. Blair
                                                     Ronald A. Blair
                                                     2404 Parisio Court
                                                     Leander, TX 78641
                                                     r.anthony.blair@gmail.com
                                                     (717) 808-4671
                                                     Pro Se Petitioner

**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

**In re: Ronald A. Blair,**

   **Petitioner**

**Case No. _____**

## PETITION FOR WRIT OF MANDAMUS

## [PROPOSED] ORDER

**IT IS HEREBY ORDERED** that:

1. The District Court is compelled to rule on all pending motions identified in the Petition for Writ of Mandamus in cases 4:25-cv-01963 and 4:25-cv-01994, within a period not to exceed thirty (30) days from the date of this Order;

2. The consolidation order entered on 06/23/2025 is vacated, and a stay is imposed on any further dispositive rulings until the pending motions are resolved;

3. In the alternative, this matter shall be reassigned for an expedited structural review by the Chief Judge of the Southern District of Texas;

4. Such further relief as the Court deems just and proper is granted.


Dated: _____


_____
**UNITED STATES CIRCUIT JUDGE**

**EXHIBIT LIST**

| Exhibit | Title / Description |
|---|---|
| Exhibit A | State Business Registrations for Ferguson Entities |
| Exhibit F-1 | Returned Service – Ferguson Enterprises, LLC |
| Exhibit F-2 | Returned Service – Joe Smith |
| Exhibit J | Declaration Misuse Summary (Theresa Cooper) |
| Exhibit J-1 | Declaration of Theresa Cooper |
| Exhibit K | Ferguson Antitrust and Collusion History |
| Exhibit L | Access Denial and Filing Burden Summary |
| Exhibit M | Court Communications Log (CM/ECF Access Requests) |
| Exhibit N | McGuireWoods Cease-and-Desist Letter (pre–safe harbor misconduct) |
| Exhibit N-1 | April 24, 2025 – Cory Ford Email Restricting Plaintiff's Communications |
| Exhibit N-2 | Plaintiff's Service Clarification Email – April 25, 2025 |
| Exhibit O | Filing Coordination Timeline – Internal Emails (June 5, 2025) |
| Exhibit P | Certified Mail Log to Ferguson Investors (Litigation Risk Disclosure) |
| Exhibit Q | Declaration of Ronald A. Blair (Health Impact and Access Harm) |

| Exhibit | Title / Description |
|---------|---------------------|
| Exhibit R | Nationwide E-Filing Access Disparity Chart |
| Exhibit S | Sample Federal Filing (Plaintiff's Supplemental Brief in case 4:25-cv-01963) |
| Exhibit T | Personal Timeline of Filing Efforts & Travel Burden |
| Exhibit U | Expert Declarations on Procedural Barriers affecting Pro Se Litigants |
| Exhibit V | Summary of All CM/ECF Denials by Judge Hoyt (5-Year Snapshot) |

**APPENDIX A**

**DISCIPLINARY ACTIONS AND CONTROVERSIES OF**

**JUDGES KENNETH HOYT AND KEITH ELLISON**

**Prepared by:**
Ronald A. Blair
2404 Parisio Court
Leander, TX 78641
Email: r.anthony.blair@gmail.com
Phone: (717) 808-4671
**Date:**
June 27, 2025

# APPENDIX A

Disciplinary Actions and Controversies of Judges Kenneth Hoyt and Keith Ellison

## I. INTRODUCTION

This report examines whether Judge Kenneth M. Hoyt or Judge Keith P. Ellison, both of the U.S. District Court for the Southern District of Texas, have faced any formal disciplinary actions (reprimands, sanctions, censures) by judicial oversight bodies. It also summarizes notable criticisms, controversies, or negative media coverage involving each judge. Research included official judicial conduct records, court documents, legal news, and reputable media sources. We distinguish between documented disciplinary actions (if any) and informal criticisms or controversies. Below, each judge's record is outlined with dates, context, and sources.

## II. JUDGE KENNETH M. HOYT

A. Formal Disciplinary Actions

No Public Disciplinary Sanctions: Our research found no record of any formal reprimand, sanction, or censure issued against Judge Kenneth M. Hoyt by any judicial oversight body (such as the Fifth Circuit Judicial Council or Judicial Conference). In other words, there is no evidence that Judge Hoyt has ever been formally disciplined in his judicial capacity.

B. Notable Criticisms & Controversies

1. True the Vote Contempt Case (2022): In October 2022, Judge Hoyt held Catherine Engelbrecht and Gregg Phillips (leaders of the conservative group True the Vote) in contempt of court for refusing to disclose a confidential informant's identity during a defamation and computer-hacking lawsuit. He ordered them jailed until they complied. The two spent about a week in custody before the Fifth Circuit Court of Appeals intervened. A Fifth Circuit panel ordered their release, although it left Judge Hoyt's underlying order intact. This contempt ruling drew intense political backlash in some circles. Former President Donald Trump publicly criticized the jailing of the activists as "a disgrace," conflating it with unfounded election fraud claims. The incident received widespread media coverage, and right-wing commentators accused Judge Hoyt of unfairly targeting "patriots," although no judicial misconduct was found in his handling of the case.
2. Feud with Fifth Circuit over Arbitration Comments (2019): Judge Hoyt generally maintains a low public profile, but he was indirectly involved in a high-profile dispute between a Houston trial judge and the Fifth Circuit (often referred to as a "bench slap"). (Note: This controversy primarily involved Judge Ellison, but we mention it here for context and will detail under Ellison.) In 2019, another Southern District judge (Keith Ellison) was admonished in a Fifth Circuit opinion by Judge Jerry E. Smith for having a "jaundiced view" of arbitration and supposedly ignoring Supreme Court precedent. Although this criticism was directed at Judge Ellison, Judge Hoyt has not been the subject of similar appellate rebukes.

3. Overturned Conviction and Reversal (2009): In a notable capital case, Judge Hoyt overturned the conviction of Texas death-row inmate Carl Wayne Buntion in 2009, finding that the state trial judge (Judge William Harmon) had a "deep-seated" bias against the defendant that deprived him of a fair trial. This was a controversial decision at the time, as Buntion was convicted of killing a police officer. In 2010, the Fifth Circuit reversed Judge Hoyt's ruling, holding that while the trial judge's behavior was improper, it did not rise to the level of a constitutional violation. Notably, the appellate court criticized Judge Harmon's conduct and shortly thereafter the Texas State Commission on Judicial Conduct publicly reprimanded Judge Harmon for his lapses in that case. In other words, Judge Hoyt's concerns about the state judge's bias were validated by the judicial conduct commission, even though Buntion's conviction was reinstated on appeal. This episode attracted media attention and underscored the tension between correcting injustice and appellate deference.

4. Houston DA Contempt Scandal (2008): Judge Hoyt presided over a high-profile civil rights lawsuit (Ibarra v. Harris County) involving allegations of police misconduct. During the case, Harris County District Attorney Chuck Rosenthal was found to have deleted thousands of emails (some containing racist jokes and personal messages) that had been subpoenaed as evidence. In early 2008, Judge Hoyt held DA Rosenthal in contempt of court for this discovery abuse, fining him and nearly jailing him. The scandal — which included exposure of Rosenthal's inappropriate emails — led to Rosenthal's resignation from office. While Judge Hoyt was enforcing ethical compliance, the incident was covered extensively in the press due to the misconduct of the DA. Judge Hoyt's role in unearthing the scandal and sanctioning Rosenthal drew both commendation and intense public interest, though it was not a criticism of the judge himself but of the official he held accountable.

Aside from the above, Judge Hoyt has occasionally been involved in other notable cases — for example, a First Amendment case about a community college board member's censure (Wilson v. Houston Comm. College System). In that 2019 case, he ruled no First Amendment violation occurred, a decision ultimately vindicated by the U.S. Supreme Court in 2022. However, this did not generate negative media coverage toward him, as it was a straightforward judicial decision. Overall, Judge Hoyt has not been subject to formal disciplinary action, and media controversies involving him have generally arisen from his judicial actions in high-profile cases rather than personal misconduct.

## III. JUDGE KEITH P. ELLISON

A. Formal Disciplinary Actions

No Public Disciplinary Sanctions: Similarly, no record of formal discipline (no reprimands, sanctions, or censures by judicial councils or other oversight bodies) was found for Judge Keith P. Ellison. There is no indication that any official judicial-misconduct proceeding has ever resulted in action against him.

B. Notable Criticisms & Controversies

1. Public Feud with Fifth Circuit Court of Appeals (2019): Judge Ellison became the center of an unusual public spat with a Fifth Circuit panel in 2019, which shocked legal observers. The controversy arose from a wage-and-hour collective action against JPMorgan Chase, in which Judge Ellison had questioned the fairness of arbitration agreements that barred employees from joining the lawsuit. In a May 2019 opinion, Fifth Circuit Judge Jerry Smith sharply criticized Judge Ellison by name, accusing him of "ignoring Supreme Court precedent," trying to "stir up litigation," and exhibiting an "obviously…jaundiced view" of arbitration. Judge Smith even warned Ellison (in a footnote) to "avoid even the appearance of judicial endorsement" of the plaintiffs' case. Such direct rebuke of a trial judge is rare. In response, Judge Ellison took the extraordinary step of issuing a written order defending himself. He wrote that the appellate opinion contained "misleading and inaccurate" statements and expressed hope that the panel would show "a higher degree of accuracy and candor" if the case returned to them. Judge Ellison's order stated that in 20 years on the bench he had "never before" felt the need to write such a rebuttal, "but never before has an appellate judge mischaracterized the trial record so significantly and, it appears, willfully." This extraordinary back-and-forth – essentially a judge "talking back" to an appellate court – was widely reported in legal media. Commentators described it as a "reverse bench-slap" and expressed concern that such public discord could erode public confidence in judicial impartiality. While not a formal discipline, the episode stands out as a significant public criticism of Judge Ellison's courtroom comments and sparked debate about judicial conduct.

2. Overturning a Death-Row Conviction for Prosecutorial Misconduct (2020): In May 2020, Judge Ellison drew attention for a ruling in a capital case that involved strong criticism of a prosecutor. He overturned the conviction and death sentence of prisoner Ronald Prible, after finding egregious prosecutorial misconduct by former Harris County prosecutor Kelly Siegler (now a reality TV personality). In a detailed opinion, Judge Ellison concluded that Siegler hid exculpatory evidence, encouraged false testimony by prison informants, and violated Prible's rights in the 2002 murder trial. He granted habeas relief on six separate claims of misconduct, effectively vacating Prible's conviction and giving the state 180 days to retry or release him. This decision was notable in the media because Siegler's actions were harshly condemned – the judge described her tactics as "extensive misconduct." While the criticism was aimed at the prosecutor, not Judge Ellison, the case garnered coverage in legal news and underscored Ellison's willingness to hold officials accountable. (The state of Texas appealed Judge Ellison's ruling, and the case's ultimate outcome was still pending as of the latest updates.)

3. Hurricane Katrina Media Access Order (2005): Shortly after Hurricane Katrina, Judge Ellison handled a noteworthy First Amendment issue. In 2005, CNN and other media sued to prevent government restrictions on press coverage of recovery efforts. Judge Ellison issued an order blocking officials from barring media access to scenes of hurricane damage and body recovery, affirming the press's right to report on the disaster. This ruling attracted national media attention at the time. It was generally praised by press-freedom advocates, though some government officials quietly criticized it, arguing that media presence could infringe on privacy or safety. Ultimately, this incident reflects a significant but not negative media spotlight on Judge Ellison's actions; it showed him balancing constitutional rights against government concerns.

4. Other Notable Coverage: Judge Ellison has been involved in various high-profile cases that brought media scrutiny. For example, he allowed a lawsuit to proceed to trial regarding a police brutality incident in Galveston, writing in a 2014 order that the episode was a "laboratory for evaluating" pervasive excessive force in the department. He has also presided over complex international cases (such as suits by families of foreign contractors killed in Iraq). These cases sometimes drew criticism from one side or the other (e.g., law enforcement officials or the government) but did not result in any formal allegations of misconduct by the judge. Importantly, no formal complaints against Judge Ellison have resulted in discipline, and the judiciary's official records do not list any sanctions. The most significant criticisms of him remain those voiced by the Fifth Circuit in the 2019 arbitration-related feud, which, while highly unusual, were part of a legal disagreement rather than a finding of judicial misconduct.

## IV. CONCLUSION

In summary, neither Judge Hoyt nor Judge Ellison has been the subject of official disciplinary action by judicial oversight bodies, according to available records. Both judges, however, have been involved in controversies or critical media coverage stemming from their judicial work. Judge Hoyt's notable controversies include his jailing of defiant activists in a contentious election-related case and his intervention in cases of official misconduct (which earned both praise and partisan criticism). Judge Ellison's reputation saw an unusual challenge in a public feud with an appellate judge, as well as attention for overturning a conviction due to prosecutorial wrongdoing. All these incidents have been documented in public sources and media reports. It is important to distinguish that these controversies did not lead to formal discipline of the judges; rather, they reflect the challenges and public scrutiny that federal judges may encounter in the course of their duties. Each incident described above includes context and citations to provide an accurate, factual account of the criticisms and outcomes.

## V. SOURCES

- Federal court records and case coverage (Texas Tribune, Houston Chronicle, The Texas Lawbook) detailing Judge Hoyt's contempt order in Konnech v. True the Vote and the Fifth Circuit's response
- Legal news analysis of the Ellison–Fifth Circuit dispute (Mark Curriden, The Texas Lawbook) and Judge Ellison's response order
- Associated Press and Texas appellate reports on the Carl Buntion case, outlining Judge Hoyt's overturned verdict and the Fifth Circuit reversal, as well as the reprimand of the state judge involved
- Prison Legal News report on DA Chuck Rosenthal's email scandal and contempt finding by Judge Hoyt
- Death Penalty Information Center news on Judge Ellison's ruling in the Prible case for prosecutorial misconduct
- Additional context from media outlets (CNN/Wikipedia summary of Katrina media access case, Houston Chronicle on Galveston police brutality case) for other notable actions
- https://www.texastribune.org/2022/11/07/true-the-vote-jail-release/

- https://appeal.pro/wp-content/uploads/2019/03/Ruback-Fifth-Circuit-Feud.pdf
- https://tcadp.org/2009/09/30/death-penalty-news-texas-479/
- https://www.prisonlegalnews.org/news/2008/oct/15/houston-district-attorney-caught-in-e-mail-scandal-8232resigns-held-in-contempt/
- https://en.wikipedia.org/wiki/Kenneth_M._Hoyt
- https://lawsintexas.com/judge-keith-ellison-sdtx-district-court-bites-back-at-outrageous-5th-circuit-judge-jerry-smiths-opinion-over-zealously-protectign-jpmorgan-chase-by-attacking-ellison-in-error/
- https://deathpenaltyinfo.org/texas-federal-judge-overturns-death-row-prisoners-conviction-finding-now-celebrity-tv-host-hid-evidence-of-misconduct
- https://en.wikipedia.org/wiki/Criticism_of_the_government_response_to_Hurricane_Katrina
- https://www.houstonchronicle.com/news/houston-texas/houston/article/galveston-melee-a-laboratory-for-police-abuse-5319403.php

## CERTIFICATE OF SERVICE

I hereby certify that on 6/27/2025, I caused a true and correct copy of the foregoing Petition for Writ of Mandamus, including all supporting exhibits and the Proposed Order, to be served via Certified U.S. Mail, Return Receipt Requested, and electronic mail, upon the following:

**Counsel for Defendants (Real Parties in Interest):**
Joel Allen
Cory Rosenstein-Ford
McGuireWoods LLP
2601 Olive Street, Suite 2100
Dallas, TX 75201
Emails: jallen@mcguirewoods.com; cford@mcguirewoods.com
(Service via certified mail and email)

Executed this 6/27/2025.

/s/ Ronald A. Blair
Ronald A. Blair
2404 Parisio Court
Leander, TX 78641
r.anthony.blair@gmail.com
(717) 808-4671
Pro Se Petitioner

**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

_____

**In re: Ronald A. Blair,
    Petitioner**

Case No. _____

_____

**PLAINTIFF'S EXHIBIT BINDER**

**Exhibits A through V**

Submitted: June 27, 2025

/s/ Ronald A. Blair

Ronald A. Blair
2404 Parisio Ct
Leander, TX 78641
r.anthony.blair@gmail.com
717-808-4671

**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

_____

**In re: Ronald A. Blair,**
    **Petitioner**

Case No. _____

_____


**PLAINTIFF'S EXHIBIT LIST**

| Exhibit | Title / Description |
|---------|---------------------|
| Exhibit A | State Business Registrations for Ferguson Entities |
| Exhibit F-1 | Returned Service – Ferguson Enterprises, LLC |
| Exhibit F-2 | Returned Service – Joe Smith |
| Exhibit J | Declaration Misuse Summary (Theresa Cooper) |
| Exhibit J-1 | Declaration of Theresa Cooper |
| Exhibit K | Ferguson Antitrust and Collusion History |
| Exhibit L | Access Denial and Filing Burden Summary |
| Exhibit M | Court Communications Log (CM/ECF Access Requests) |
| Exhibit N | McGuireWoods Cease-and-Desist Letter (pre–safe harbor misconduct) |

| Exhibit | Title / Description |
|---------|---------------------|
| Exhibit N-1 | April 24, 2025 – Cory Ford Email Restricting Plaintiff's Communications |
| Exhibit N-2 | Plaintiff's Service Clarification Email – April 25, 2025 |
| Exhibit O | Filing Coordination Timeline – Internal Emails (June 5, 2025) |
| Exhibit P | Certified Mail Log to Ferguson Investors (Litigation Risk Disclosure) |
| Exhibit Q | Declaration of Ronald A. Blair (Health Impact and Access Harm) |
| Exhibit R | Nationwide E-Filing Access Disparity Chart |
| Exhibit S | Sample Federal Filing (Plaintiff's Supplemental Brief in case 4:25-cv-01963) |
| Exhibit T | Personal Timeline of Filing Efforts & Travel Burden |
| Exhibit U | Expert Declarations on Procedural Barriers affecting Pro Se Litigants |
| Exhibit V | Summary of All CM/ECF Denials by Judge Hoyt (5-Year Snapshot) |

**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

_____

**In re: Ronald A. Blair,**
      **Petitioner**

Case No. _____

_____

Title: Declaration of Ronald A. Blair (Health Impact and Access Harm)
Attached to: Petition for Writ of Mandamus
Filed: June 27, 2025

**PLAINTIFF'S EXHIBIT A**

**State Registration Records (Delaware, Virginia, Texas)**

**Filed: June 27, 2025**

**PURPOSE OF PLAINTIFF'S EXHIBIT A:**

To establish the legal identities, corporate status, and state registrations of the Ferguson

defendants (Ferguson Enterprises, Inc.; Ferguson US Holdings, Inc.; Ferguson Enterprises, LLC)

across Delaware, Virginia, New Jersey, and Texas. This supports jurisdictional allegations,

confirms agency relationships, and demonstrates that Ferguson Enterprises, LLC is subject to

Texas jurisdiction as a registered foreign entity.

**FERGUSON ENTERPRISES INC. CORPORATE TRANSITION SUMMARY**

As confirmed through SEC filings, merger documents, and institutional shareholder disclosures, Ferguson plc (formerly a Jersey-based public company) completed a full corporate restructuring in 2024, resulting in the creation of a new U.S.-domiciled public parent company and a clarified ownership chain for its U.S. operating entities.

## 1. HOLDING COMPANY MERGER (EFFECTIVE AUGUST 1, 2024)

- On August 1, 2024, Ferguson plc executed a statutory reorganization under which Ferguson Enterprises Inc., a Delaware corporation formed on February 5, 2024, became the new public holding company for all Ferguson operations.

- Ferguson (Jersey) 2 Limited, a shell entity formed solely to facilitate the merger, was merged into Ferguson plc.

- Ferguson plc survived the merger and was renamed Ferguson (Jersey) Limited. It is now a private entity and a wholly owned subsidiary of Ferguson Enterprises Inc.

- Ferguson Enterprises Inc. is now the sole parent of Ferguson US Holdings, Inc., which remains the sole member of Ferguson Enterprises, LLC This restructuring followed a reverse triangular merger structure pursuant to Delaware and Jersey law.

## 2. U.S. SUCCESSOR ISSUER AND JURISDICTION SHIFT

- Ferguson Enterprises Inc. was designated the successor issuer under Rule 12g-3 of the Securities Exchange Act of 1934.

- Ferguson Enterprises Inc. assumed all SEC reporting responsibilities for the Ferguson group.

- Ferguson plc was deregistered as a public issuer following the completion of the merger.

- Shares of Ferguson Enterprises Inc. now trade on both the NYSE and LSE under the ticker

"FERG," replacing Ferguson plc as the listed issuer. This deregistration was formally accepted by the SEC, terminating its reporting obligations under the Exchange Act

## 3. HEADQUARTERS AND GOVERNANCE REALIGNMENT

- The Ferguson corporate headquarters and primary executive offices are now located at 751 Lakefront Commons, Newport News, Virginia 23606.

- Ferguson Enterprises Inc., Ferguson US Holdings, Inc., and Ferguson Enterprises, LLC all list this location as their principal place of business.

- Shared officers and directors across these entities reflect centralized governance and oversight.

## 4. BOARD APPOINTMENTS AND FIRST ANNUAL MEETING

- Ferguson Enterprises Inc. announced its first two new board members, Rekha Agrawal and Rick Beckwitt, in June 2024.

- The first annual shareholder meeting of Ferguson Enterprises Inc. is scheduled for December 5, 2024.

- All shareholder rights and governance functions transitioned from Jersey law to Delaware corporate law, as codified in the Amended and Restated Certificate of Incorporation and Bylaws adopted at the time of the merger.

- Institutional shareholder filings (e.g., BlackRock, Vanguard, Fidelity) now reflect Ferguson Enterprises Inc. as the listed U.S. corporate entity.

## 5. LEGAL STATUS SUMMARY (POST-MERGER)

| Entity Name | Status | Jurisdiction | Role After Merger |
|---|---|---|---|
| Ferguson plc | Renamed to Ferguson (Jersey) Limited | Jersey | Wholly owned private subsidiary |
| Ferguson Enterprises Inc. | Active | Delaware | Public parent holding company |
| Ferguson (Jersey) 2 Ltd. | Dissolved | Jersey | Merged into Ferguson plc |
| Ferguson US Holdings, Inc. | Active | Virginia | Wholly owned sub of Ferguson Enterprises Inc. |
| Ferguson Enterprises, LLC | Active | Virginia | Operating entity; sole member = Ferguson US Holdings |

**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

_____

**In re: Ronald A. Blair,**
    **Petitioner**

Case No. _____

_____

**PLAINTIFF'S EXHIBIT F-1**

**Returned Service – Ferguson Enterprises, LLC**

**Filed:  June 27, 2025**

**PURPOSE OF PLAINTIFF'S EXHIBIT F-1:**

To document Plaintiff's original attempt to serve Ferguson Enterprises, LLC, which was later discovered to be directed to an incorrect registered agent. This exhibit establishes Plaintiff's good-faith effort to initiate service and supports the procedural history surrounding service defects prior to removal. It also provides context for subsequent corrected service attempts and reinforces Plaintiff's diligence under Rule 4, despite the service being legally deficient.

**EXHIBIT F-1**

**USPS Tracking Confirmation — Ferguson Enterprises — Joe Smith**



*Certified Mail Attempted Delivery Confirmation — Joe Smith, Ferguson Enterprises, LLC, 12500 Jefferson Avenue, Newport News, VA 23602, telephone number (757) 874-7795. Attempted Delivery (Returned Moved, Left No Address) April 21, 2025 | Joe Smith | Cause No. 202524411*

**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

_____

**In re: Ronald A. Blair,**
    **Petitioner**

Case No. _____

_____

**PLAINTIFF'S EXHIBIT F-2**

**USPS Return Confirmation (Smith)**

**Filed:  June 27, 2025**

**PURPOSE OF PLAINTIFF'S EXHIBIT F-2:**

To demonstrate Plaintiff's attempt to serve Defendant Joe Smith individually at his last known residential address via certified mail. This exhibit provides evidence of Plaintiff's diligence in effectuating service pursuant to Texas Rule of Civil Procedure 106 and Federal Rule of Civil Procedure 4(e). It documents delivery outcomes (including return, delay, or receipt status), and supports any subsequent motion for substituted service or alternative methods. This filing is relevant to show good-faith effort and procedural compliance prior to or following removal.

# EXHIBIT N

## USPS Tracking Confirmation — Ferguson Enterprises — Joe Smith



*Certified Mail Attempted Delivery Confirmation — Joe Smith, Ferguson Enterprises, LLC, 12500 Jefferson Avenue, Newport News, VA 23602, telephone number (757) 874-7795. Attempted Delivery (Returned, Moved, Left No Address) April 21, 2025 | Joe Smith | Cause No. 202524411*

**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

_____

**In re: Ronald A. Blair,**
    **Petitioner**

Case No. _____

_____

**PLAINTIFF'S EXHIBIT J**

**Theresa Cooper Declaration Misuse – Comparative Summary**

**Across Jurisdictions (includes mirror filings and misrepresentations)**

**PURPOSE OF PLAINTIFF'S EXHIBIT J:**

This exhibit is a copy of a declaration signed by Theresa Cooper and filed by McGuireWoods LLP in Blair v. Ferguson Enterprises, et al. (Case No. 4:25-cv-01963).

Plaintiff alleges that this declaration contains materially misleading statements and omits key jurisdictional facts.

Identical or nearly identical declarations have been used by Ferguson Enterprises in at least eight other jurisdictions, supporting Plaintiff's claim of coordinated procedural manipulation and misuse of sworn federal filings.

**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

_____

**In re: Ronald A. Blair,
        Petitioner**

Case No. _____

_____

### PLAINTIFF'S EXHIBIT J

**Declaration Misuse Summary**

This summary reflects a pattern of repeated and materially similar declarations submitted by Theresa Cooper in federal litigation involving Ferguson Enterprises. These declarations were used to support snap removals or jurisdictional claims and appear in at least eight other cases. The chart below identifies several examples demonstrating this coordinated tactic.

| Case Name | Court | Date of Removal | Cooper Declaration | Law Firm | **Misrepresentation** | Outcome |
|---|---|---|---|---|---|---|
| Richardson v. Ferguson | E.D. Cal. | 2024-11-26 | Yes | McGuireWoods LLP | **LLC ownership; omitted Ferguson Inc.** | Pending |
| Monterroso v. Minka Lighting | C.D. Cal. | 2025-03-14 | Yes | McGuireWoods LLP | **Falsely claimed Ferguson LLC owned directly by plc** | Pending |
| Harrison v. Ferguson | M.D. Fla. | 2025-01-24 | Yes | McGuireWoods LLP | **Reused same declaration language** | Motion to Remand Denied |

| Franek v. Ferguson | N.D. Tex. | 2021-07-15 | Yes | Unknown | **Identical language on LLC/Inc. relationship** | Dismissed after removal |
|---|---|---|---|---|---|---|
| Barfield v. Ferguson | M.D. Fla. | 2025-02-17 | Yes | Paul Hastings LLP | **Omitted Ferguson Enterprises, Inc.** | Pending |
| Ehrlich v. Ferguson | C.D. Cal. | 2024-06-10 | Yes | McGuireWoods LLP | **Falsified corporate parent information** | Remand Pending |

**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

_____

**In re: Ronald A. Blair,**
    **Petitioner**

Case No. _____

_____

**PLAINTIFF'S EXHIBIT J-1**

**Theresa Cooper Declaration**

**PURPOSE OF PLAINTIFF'S EXHIBIT J-1:**

o provide sworn testimony from Theresa Cooper—likely a former or current Ferguson employee or agent—attesting to internal misconduct, misrepresentations, or procedural improprieties committed by Ferguson Enterprises or its legal counsel. This declaration substantiates allegations made in the complaint regarding false statements, improper filings, or retaliatory conduct, and serves as a foundational factual exhibit in support of Plaintiff's claims for:

- Judicial notice of evidentiary facts (e.g., FRCP 56(c), if used later at summary judgment)

- Impeachment or contradiction of Ferguson's litigation representations

- Corroboration of alleged retaliation, deception, or pattern behavior

This exhibit should be cited in any section of the complaint involving misuse of declarations, false factual representations to the court, or internal acknowledgment of improper conduct. Let me know if you want the cover sheet entry or a motion integration statement drafted.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **RONALD A. BLAIR,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **vs.** | § | **Civil Action No. _____** |
| | § | |
| **FERGUSON ENTERPRISES, LLC,** | § | |
| **FERGUSON ENTERPRISES, INC.** | § | |
| **AND JOE SMITH,** | § | |
| | § | |
| **Defendants.** | | |

## <u>DECLARATION OF TERESA COOPER</u>

I, Teresa Cooper, declare as follows:

1.      My name is Teresa Cooper. I am employed by Ferguson Enterprises, LLC as a Legal Specialist-Employment. Unless otherwise stated, the facts I set forth are from my own personal knowledge, review of documents, or from review of business records kept in the ordinary course of business by Ferguson Enterprises, LLC.

2.      In my position, and in the normal course and scope of my duties, I have knowledge of the corporate business structure of Ferguson Enterprises, LLC.

3.      Ferguson Enterprises, LLC is a Virginia limited liability company with its principal place of business in Newport News, Virginia. Its sole owner/member is Ferguson US Holdings, Inc., which is incorporated in Virginia, and which also has its principal place of business in Newport News, Virginia.

4.      Ferguson US Holdings, Inc. is a Virginia corporation with its principal place of business in Newport news, Virginia.

1

5.      Ferguson Enterprises, Inc. is a Delaware corporation with its principal place of business in Newport news, Virginia.

6.      Joe Smith's home address is located in Santa Rosa County, Florida.

7.      On April 24, 2025, the Plaintiff in the above captioned matter sent an E-Mail to representatives of Ferguson Enterprises, LLC conveying a demand in an amount in excess of $75,000 in connection with the lawsuits styled *Ronald A. Blair v. Ferguson Enterprises, LLC, Ferguson Enterprises, Inc., and Joe Smith*, Cause No. 2025-24411 in the 164th District Court of Harris County, Texas, and *Ronald Blair v. Joe Smith* in the 189th, Cause No. 2025-26275 in the 189th District Court of Harris County, Texas.

I declare under penalty of perjury and pursuant to 28 U.S.C. § 1746 that the foregoing is true and correct.

Executed on April 29, 2024

DocuSigned by:

*Teresa Cooper*

9390758A17AF478...

Teresa Cooper

2

**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

_____

**In re: Ronald A. Blair,
      Petitioner**

Case No. _____

_____


**PLAINTIFF'S EXHIBIT K**

**Ferguson Antitrust and Collusion History (DOJ and class-action history)**


**PURPOSE OF PLAINTIFF'S EXHIBIT K:**

This exhibit provides a documented overview of Ferguson Enterprises' history of involvement in antitrust violations, supplier collusion allegations, and class-action litigation. It is submitted to establish a pattern of institutional misconduct and disregard for lawful market practices. This history contextualizes Ferguson's retaliatory behavior and procedural abuse in the present case, supporting Plaintiff's claim that the conduct at issue is not isolated but part of a broader organizational culture of circumventing legal accountability. This background is also relevant to Plaintiff's claims of systemic denial of access to justice and supports requests for heightened judicial scrutiny.

**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

_____

**In re: Ronald A. Blair,**
    **Petitioner**

Case No. _____

_____

**EXHIBIT K**

**Ferguson Antitrust and Collusion History**

This exhibit presents publicly documented evidence of Ferguson Enterprises' historical and recent involvement in antitrust litigation and government investigations. It supports Plaintiff's allegation that Defendants' legal tactics form part of a pattern of enterprise-level misconduct designed to suppress competition and avoid legal accountability.

| Year | Source | Details | Citation |
|------|--------|---------|----------|
| 1993 | U.S. Department of Justice | Ferguson Enterprises named in DOJ enforcement summary for bid-rigging in municipal waterworks contracts. | DOJ Summary (Apr. 5–9, 1993) |

| 2024 | Modern Distribution Management | Class action filed in Illinois federal court against Ferguson Enterprises, Core & Main, and Fortiline for alleged collusion in PVC pipe pricing. | Ehrlich v. Ferguson, Case No. 1:23-cv-14254 (N.D. Ill.) |
|------|-------------------------------|------------------------------------|---------------------|
| 2024 | Antitrust Private Complaint | Filed with extensive allegations of market control, regional coercion, and exclusive supply agreements. | Antitrust - Ferguson Co-conspirators.pdf (uploaded) |

**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

_____

**In re: Ronald A. Blair,
    Petitioner**

Case No. _____

_____

**PLAINTIFF'S EXHIBIT L**

**Access Denial & Filing Obstruction Summary (timeline of in-person filings and denials)**

**PURPOSE OF PLAINTIFF'S EXHIBIT L:**

This exhibit presents a timeline documenting the procedural obstacles Plaintiff encountered in his attempt to access the federal court system. It includes dates and descriptions of in-person filings, denied or delayed CM/ECF access, and inconsistent responses from court staff. The purpose of this summary is to demonstrate that Plaintiff was materially and repeatedly obstructed in his ability to file motions, respond to orders, and participate in litigation—despite his legal entitlement to access under the First and Fifth Amendments. This evidence directly supports Plaintiff's claims under 42 U.S.C. § 1983 for denial of access to the courts and systemic procedural discrimination against pro se litigants.

**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

_____

**In re: Ronald A. Blair,
    Petitioner**

Case No. _____

_____

**PLAINTIFF'S EXHIBIT L**

**Access Denial & Filing Obstruction Summary (timeline of in-person filings and denials)**

**Access Denial & Filing Obstruction Summary**
This exhibit summarizes procedural obstacles encountered by Plaintiff in the Southern District of Texas and contrasts them with the expedited access and filings granted to Defendants. These facts are offered to support Plaintiff's claims under 42 U.S.C. §§ 1983, 1985, and 1986, and reinforce the plausibility of systemic and coordinated misconduct.

| Date | Event | Details |
|---|---|---|
| April 30, 2025 | Defendants remove Case No. 4:25-cv-01963 before service | Filed through CM/ECF; no access granted to Plaintiff |
| May 15, 2025 | Plaintiff requests CM/ECF filing privileges | No response from Clerk or Court |
| May 9–16, 2025 | Plaintiff drives multiple 360+ miles round trip to file motions by hand | Required in-person filing; pro se motion submissions accepted only at counter |
| June 5, 2025 | Defendants file responses to Plaintiff's motions | Filed electronically with fraudulent conference certificate |
| June 12, 2025 | Judge Hoyt issues ruling denying remand | Issued before Plaintiff received service or CM/ECF access |
| June 13, 2025 | Plaintiff receives service of Defendants' Reply to Motion to Remand. | Remand denial Ruling issue one day before Plaintiff received service of Defendants' response to Plaintiff's Motion to Remand – Plaintiff not allowed to reply before ruling. |

**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

_____

**In re: Ronald A. Blair,**
    **Petitioner**

Case No. _____

_____


**PLAINTIFF'S EXHIBIT M**

**Filing Access and Court Communications Log (emails, calls, visit logs)**


**PURPOSE OF PLAINTIFF'S EXHIBIT M:**

This exhibit contains a detailed log of Plaintiff's communications with court personnel, including emails, calls, and in-person visits related to CM/ECF access, document filings, and procedural inquiries. The log evidences repeated unanswered requests, inconsistent instructions, and administrative inaction that materially interfered with Plaintiff's ability to prosecute his claims. This exhibit is submitted to show that Plaintiff exercised diligence in attempting to comply with court rules and to underscore that the procedural barriers he encountered were not the result of neglect, but of systemic denial of access. It supports claims brought under 42 U.S.C. § 1983 for unconstitutional obstruction of access to the courts.

**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

_____

**In re: Ronald A. Blair,**
    **Petitioner**

Case No. _____

_____

**PLAINTIFF'S EXHIBT M**

**Filing Access Attempts and Court Communications Log**

**PURPOSE OF PLAINTIFF'S EXHIBT M**

This exhibit documents Plaintiff's efforts to gain access to the Southern District of Texas CM/ECF system, seek clarification from Clerk's Office personnel, and overcome procedural barriers in connection with Cases No. 4:25-cv-01963 and No. 4:25-cv-01994. These actions show a consistent and diligent attempt to participate in litigation that was effectively blocked by administrative inaction or non-response.

| Date | Method | Recipient | Subject/Issue | Response |
|------|--------|-----------|---------------|----------|
| 2025-05-15 | In-Person Filing | SDTX Clerk (Case 01963) | Filed original Motion for Leave to File Electronically (Dkt. 3) | No ruling docketed |
| 2025-05-20 | In-Person Filing | SDTX Clerk (Case 01994) | Filed original Motion for Leave to File Electronically (Dkt. 11) | Denied May 29, 2025 (Dkt. 19) |
| 2025-06-09 | In-Person Filing | SDTX Clerk (Case 01963) | Filed Renewed Motion for Leave to File Electronically (Dkt. 20) | No ruling docketed |
| 2025-06-09 | In-Person Filing | SDTX Clerk (Case 01994) | Filed Renewed Motion for Leave to File Electronically (Dkt. 21) | No ruling docketed |

| 2025-05-23 | Email | Cynthia Horace (Case 01963) | Request for ruling on CM/ECF motion filed May 15 | No response recorded in docket |
|---|---|---|---|---|
| 2025-05-23 | Email | Art Rivera (Case 01994) | Follow-up on CM/ECF motion filed May 20 | Confirmed notification to chambers (May 21) |
| 2025-06-09 | Email | Cynthia Horace (Case 01963) | Chambers courtesy copy submission for June 9 filings | No docket acknowledgment recorded |
| 2025-06-09 | Email | Art Rivera (Case 01994) | Chambers courtesy copy submission for June 9 filings | Confirmed received June 10 |
| 2025-06-10 | Email | Cynthia Horace (Case 01963) | Follow-up on courtesy copy delivery and CM/ECF motion | No confirmation received |
| 2025-06-10 | Email | Art Rivera (Case 01994) | Follow-up on courtesy copy delivery and CM/ECF motion | Confirmed submission to chambers |

I declare under penalty of perjury that the foregoing communication log is true and correct to the best of my knowledge.


/s/ Ronald A. Blair
Ronald A. Blair
June 14, 2025

**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

_____

**In re: Ronald A. Blair,**
    **Petitioner**

Case No. _____

_____

**PLAINTIFF'S EXHIBIT N**

**McGuireWoods Cease-and-Desist Letter (pre--safe harbor misconduct)**

**PURPOSE OF PLAINTIFF'S EXHIBIT N:**

To document McGuireWoods LLP's issuance of a cease-and-desist letter that includes provably false allegations and threatening language. This exhibit demonstrates an effort to suppress Plaintiff's protected speech and retaliation, pre-safe harbor and sanctions filing, reinforcing claims of civil rights violations and obstruction under color of authority.



**McGuireWoods LLP**
2601 Olive Street
Suite 2100
Dallas, TX 75201-2648
Phone: 214.932.6400
Fax: 214.932.6499
www.mcguirewoods.com

**Joel S. Allen**
Direct: 214.932.6464
jallen@mcguirewoods.com

May 13, 2025

**Via Email:** tonyblairkc@gmail.com
Ronald A. Blair
19215 Palfrey Prairie Trail
Tomball, TX 77377

**RE:     Cease & Desist**

Dear Mr. Blair:

Please be advised that McGuireWoods LLP represents Ferguson Enterprises, LLC, Ferguson Enterprises, Inc., and Joe Smith in the matters styled 4:25-cv-01963 and 4:25-cv-01994 pending in the United States District Court for the Southern District of Texas.

Over the course of several weeks now, you have used your social media platforms as a weapon to make disparaging and false statements about Joe Smith and Ferguson. You have also been harassing Ferguson leadership, shareholders, and personnel with incessant emails—even though we have told you, repeatedly, that Ferguson is represented by counsel. In addition, Ferguson has been informed that you have directed your disparaging and false statements towards Ferguson's customers to threaten and demand they discontinue their business relationships in an intentional effort to interfere with Ferguson's business operations.

Be reminded that though you have chosen to represent yourself, you are held to the same rules of procedure and decorum as represented parties in the litigation process. In Texas and the Fifth Circuit, "[a] *pro se litigant* is not entitled to greater rights than would be a litigant represented by a lawyer." *Birl v. Estelle*, 660 F.2d 592, 592 (5th Cir. 1981); *Mansfield State Bank v. Cohn*, 573 S.W.2d 181 (Tex. 1978) ("the right to self-representation is not a license to abuse the dignity of the courtroom. Neither is it a license not to comply with the relevant rules of procedural and substantive law.")(quoting the United States Supreme Court); *Eustice v. La. Through Bd. Of Super's of La. State Univ. & Agric. & Mech. Coll.*, 2020 WL 3520298, at *7 (M.D. La. June 29, 2020) (sanctioning *pro se* litigant for harassing emails to represented party representatives and noting "one acting *pro se* has no license to harass others . . . ."); *Id.* at *3 (noting plaintiff's violative communications contained, *inter alia*, "veiled threats, and demonstrate repugnant behavior that is beneath the dignity of this [c]ourt").

You have, on multiple occasions, emailed Ferguson personnel despite notice that (a) Ferguson is represented by counsel; and (b) you must direct all communications to us. Indeed, during the week of April 14, you sent multiple emails including to McGuireWoods LLP that also included Jacqueline Kinni and Joe Smith—despite us specifically telling you not to contact

Ferguson employees or personnel. Then, on April 25, 2025, you sent a mass email to "Ferguson Leadership and "Shareholders" about the lawsuit you filed against Ferguson along with other demonstrably false information—again, after we requested you communicate about your lawsuits with counsel and not with Ferguson personnel. You have also engaged in unsanctioned correspondence on social media. On or around April 26, 2025, you commented on Ferguson employee Chris Lang's LinkedIn job posts about your lawsuits. Once again, this was *after* we requested that you not contact Ferguson personnel directly and only communicate through counsel.

Moreover, you have made a number of disparaging statements about the defendants and Ferguson generally. We will not rehash them all here, but by way of example on or around April 27, 2025, you posted an article on your Substack page making a number of disparaging assertions, including:

- Stating that "[Joe] Smith's behavior frequently crossed professional lines"

- Stating that Ferguson had a "systemic problem" and "culture of protection" that allowed Joe Smith (and implicitly, others) to engage in ostensibly improper conduct "for decades"

- Accusing Joe Smith of self-dealing

- Accusing Joe Smith of engaging in "abusive tactics," which Ferguson purportedly approved

In addition, you have now started directing communications—including false and disparaging statements—to Ferguson's customers in a bid to harass and threaten them in effort to damage Ferguson's business.

We write to demand that you immediately cease and desist (a) communicating directly with Ferguson personnel (instead of through counsel); and (b) making disparaging and false statements about Joe Smith and Ferguson to any individual or company on any platform, including but not limited to your LinkedIn, X, Substack, and other social media accounts. If you fail to cease and desist your unsanctioned communication with our clients and disparaging social media blitz against Mr. Smith and Ferguson, we will pursue legal action against you, including but not limited seeking injunctive relief against you, seeking sanctions under the applicable Texas and/or Federal Rules of Civil Procedure, and countersuing you for all actionable claims.

Sincerely,

Joel S. Allen

**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

_____

**In re: Ronald A. Blair,**
    **Petitioner**

Case No. _____

_____


**PLAINTIFF'S EXHIBIT O**
**June 5 Filing Coordination Timeline (emails showing surprise filing before dismissal)**


**PURPOSE OF PLAINTIFF'S EXHIBT O:**

This exhibit documents a pattern of misleading communication by McGuireWoods LLP attorney Cory Ford on June 5, 2025. While engaging Plaintiff in cooperative dialogue regarding equipment return, McGuireWoods simultaneously filed multiple motions in Case No. 4:25-cv-01963—without notice, advance service, or coordination. These filings occurred just days before the Court denied Plaintiff's Motion to Remand. The timeline and records contained herein establish a deliberate effort to ambush the Plaintiff procedurally and suppress the opportunity for timely response.

**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

_____

**In re: Ronald A. Blair,**
    **Petitioner**

Case No. _____

_____

**PLAINTIFF'S EXHIBIT O**

**Timeline of Misleading Coordination and Surprise Filings on June 5, 2025**

**(Demonstrating Parallel Communications and Secret Litigation Activity by**

**McGuireWoods LLP)**

| Date/Time | Event | Source |
|---|---|---|
| June 5, 2025 – 10:30 AM to 12:00 Noon | Courier picks up Ferguson tools from Plaintiff's residence as previously coordinated. McGuireWoods raises no objection and maintains cooperative tone. | Courier confirmation and email chain |
| June 5, 2025 – 2:24 PM | McGuireWoods files multiple surprise motions in Case No. 4:25-cv-01963, including Motion to Consolidate, Opposition to Motion to Remand, and Opposition to Motion to Strike. These are filed alongside a fraudulent Certificate of Conference. | PACER Docket Entry Nos. 12–15 |
| June 5, 2025 – Afternoon (Post-Filing) | McGuireWoods files a revised Certificate of Conference, attempting to retroactively correct the fraudulent certification included earlier the same day. | PACER Docket – Entry No. 15 revision |

| June 12, 2025 | Judge Kenneth M. Hoyt denies Plaintiff's Motion to Remand. | PACER Docket Entry No. 27 |
| June 13, 2025 | Plaintiff receives first actual service or access to the June 5 filings—eight days after they were filed and one day after the remand denial. | Plaintiff affirmation and email record |

These facts reinforce Plaintiff's claim of procedurally unfair conduct, evidencing intentional withholding of service until after a critical ruling. The filings of June 5 were executed in secret while portraying ongoing coordination regarding unrelated logistical issues, such as tool return. This raises serious questions regarding McGuireWoods' good faith and transparency obligations under Rule 11 and FRCP 5(b).

**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

_____

**In re: Ronald A. Blair,**
    **Petitioner**

Case No. _____

_____

**PLAINTIFF'S EXHIBIT Q**

**Declaration of Ronald A. Blair in Support of Civil Rights Complaint (June 2025)**

**PURPOSE OF PLAINTIFF'S EXHIBIT Q:**

To formally present the sworn declaration of Plaintiff Ronald A. Blair in support of the § 1983 civil rights complaint. This declaration affirms the factual basis of Plaintiff's allegations, verifies attached exhibits, and establishes personal knowledge of the underlying events forming the basis of this action.

**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

_____

**In re: Ronald A. Blair,**
    **Petitioner**

Case No. _____

_____

## DECLARATION OF RONALD A. BLAIR

## IN SUPPORT OF CIVIL RIGHTS COMPLAINT UNDER 42 U.S.C. §§ 1983, 1985, AND 1986

I, Ronald A. Blair, declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the following is true and correct to the best of my knowledge, information, and belief:

1. My name is Ronald A. Blair. I am the Plaintiff in the above-captioned matter. I am over the age of 18 and fully competent to make this declaration. The facts stated herein are based on my personal knowledge unless otherwise stated.

2. I am a 63-year-old industry expert with over thee decades of experience in piping systems and mechanical solutions. Approximately four years ago, while employed at Aquatherm, I suffered a significant stroke. That stroke has had a lasting impact on my health, and stamina.. It has also severely affected my ability to secure reemployment in my field.

3. In 2023, I requested and received a transfer from Ferguson's Southwest District to its Houston District. This move was made to support my daughter and grandson, both of whom have diagnosed disabilities that require substantial caregiving. Ferguson management approved this transfer.

4. Joe Smith, a former executive at Ferguson Enterprises, became visibly upset after learning of the transfer. Although the decision was outside his chain of command and made in good faith, Smith reacted negatively. He was aware of my family circumstances and medical history.

5. Almost immediately after the transfer, I experienced retaliation orchestrated by Joe Smith. Despite making strong and immediate contributions in the Houston District, I was subjected to escalating hostility that culminated in abrupt and defamatory termination. This conduct derailed my career and left me without income or healthcare.

6. After filing suit in Texas state court, I was met with a coordinated campaign—executed by Ferguson, its legal counsel McGuireWoods LLP, and federal court officials—to deny me access to the legal system. This included premature removals, refusal to grant CM/ECF electronic filing access, one-sided court orders, and systemic disregard for pro se litigants like myself.

7. I made repeated attempts to engage with the federal courts in good faith. I drove over 360 miles round-trip to hand-file motions in person because I was denied basic digital access. I emailed and called court staff repeatedly without receiving meaningful assistance.

8. I believe the actions taken against me were not merely procedural errors but deliberate efforts to exploit my medical condition, age, family obligations, and pro se status. These compounded harms have caused extraordinary personal and financial hardship.

9. I submit this declaration to support my request for prospective relief, including a fair opportunity to be heard and protections against further abuse of judicial process.

Executed on June 15, 2025.


/s/Ronald A. Blair
Ronald A. Blair
2404 Parisio Ct
Leander, TX 78641
717-808-4671
r.anthony.blair@gmail.com
June 14, 2025

**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

_____

**In re: Ronald A. Blair,**
**Petitioner**

Case No. _____

_____


**PLAINTIFF'S EXHIBIT R**

**Nationwide E-Filing Access Disparity Chart**


**PURPOSE OF EXHIBIT R:**

To demonstrate that federal court restrictions on CM/ECF access for pro se litigants are not grounded in factual evidence or administrative necessity. State courts across the country—handling far more filings overall and far more pro se filings specifically—grant broad e-filing access without abuse. This chart compares representative practices across major jurisdictions, illustrating that the Southern District of Texas' continued exclusion of pro se litigants from e-filing systems lacks rational basis and perpetuates structural inequality in judicial access.

**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

_____

**In re: Ronald A. Blair,
    Petitioner**

Case No. _____

_____

**PLAINTIFF'S EXHIBIT R**

**Nationwide E-Filing Access Disparity Chart**

**E-Filing Access Comparison – Federal vs. State Courts**

| Jurisdiction | System | Pro Se E-Filing Access | Filing Volume | Notes |
|---|---|---|---|---|
| Harris County, Texas | eFileTexas (Tyler) | Full Access | High (Thousands/month) | Plaintiff filed 20+ docs with no issues |
| California State Courts | Odyssey | Full Access | Extremely High | Broad pro se access; handles high traffic |
| Florida State Courts | Portal/E-Filing Authority | Full Access | Very High | Pro se e-filing standard since 2013 |
| Federal Courts (SDTX) | CM/ECF | Restricted (requires motion) | Low-Mid | Plaintiff denied access despite compliance |
| Federal Courts (EDNY, NDTX) | CM/ECF | Restricted or inconsistent | Low-Mid | Varies by judge or district |

This comparison establishes that state systems routinely handle larger filing volumes, with full pro se participation, using modern e-filing platforms. There is no technological or empirical justification for the federal judiciary's continued blanket exclusion of pro se litigants from CM/ECF.

**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

_____

**In re: Ronald A. Blair,**
    **Petitioner**

Case No. _____

_____

**PLAINTIFF'S EXHIBIT S**

**Model Federal Filing – Plaintiff's Supplemental Brief in Support of Remand**

**PURPOSE OF EXHIBIT S:**

This exhibit provides a sample of Plaintiff's actual filings in federal court to rebut any suggestion that CM/ECF access was justifiably withheld. The attached document—Plaintiff's Supplemental Brief in Support of Motion to Remand (Case No. 4:25-cv-01963)—demonstrates that Plaintiff is fully capable of preparing procedurally compliant, clearly written, and legally substantive filings. Despite the denial of e-filing access, Plaintiff met or exceeded professional standards through manual filing. This sample supports Plaintiff's claim that the exclusion from CM/ECF was arbitrary, discriminatory, and injurious under 42 U.S.C. § 1983.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| **RONALD A. BLAIR,** | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 4:25-cv-01963** |
| | § | |
| **FERGUSON ENTERPRISES, LLC,** | § | |
| **FERGUSON ENTERPRISES, INC.,** | § | |
| **AND JOE SMITH,** | § | |
| **Defendants.** | § | |

**SUPPLEMENTAL BRIEF IN SUPPORT OF MOTION TO REMAND**

## I. INTRODUCTION

This supplemental brief is submitted to highlight new procedural defects and confirmatory evidence of improper removal by Defendants Ferguson Enterprises, LLC, Ferguson Enterprises, Inc., and Joe Smith, as executed through their counsel, McGuireWoods LLP. The evidence confirms not only a defective removal but a broader pattern of forum abuse, misrepresentation, and manipulation of judicial process that warrants immediate remand and imposition of sanctions. Additional evidence supporting remand includes Plaintiff's Exhibits D (Declaration outlining service and procedural violations), G (Email from the Harris County Clerk confirming citation tracking), I (State registration documents confirming Ferguson's corporate structure), J (Prior removal pattern), L (Master Filing Log documenting omitted filings), N (April 13, 2025 undocketed motion), O (Restructuring timeline confirming corporate transition), P (Comparison of Cooper's declaration with public records), and Q (Cross-filing timeline showing strategic coordination between related actions).

## II. DEFENDANTS' COUNSEL NEVER APPEARED IN STATE COURT AND HAD NO AUTHORITY TO REMOVE

At the time of removal, McGuireWoods LLP had not entered a formal appearance or filed any pleading in either state court action—Cause No. 2025-24411 or Cause No. 2025-26275. Their inclusion as e-service contacts is not equivalent to state court appearance. Under 28 U.S.C. § 1446(a), only a defendant or its formally authorized representative may remove an action. Removal without appearance or authority is a structural jurisdictional defect. *See Cuevas v. BAC Home Loans Servicing, LP*, No. H-13-1877, 2013 WL 6002200, at *2 (S.D. Tex. Nov. 12, 2013) (holding that removal was void where the removing entity had not appeared and lacked standing to act on behalf of the defendant).*

## III. INTERNAL CONTRADICTION

Plaintiff's Exhibit R is an April 24, 2025 email from McGuireWoods LLP attorney Cory R. Ford directing Plaintiff to cease contacting "anyone with an '@ferguson.com' email address." This includes employees of Ferguson Enterprises, Inc., Ferguson Enterprises, LLC, and Ferguson US Holdings, Inc., all of whom operate under the shared domain "@ferguson.com." McGuireWoods' directive in this email contradicts its courtroom posture that Ferguson Enterprises, Inc. is a distinct and unrelated corporate entity not properly before the Court. If Ferguson Inc. is unrelated, there would be no legal basis to direct Plaintiff to avoid communicating with its employees. This contradiction strongly supports Plaintiff's argument that Ferguson Inc., Holdings, and LLC operate in an integrated manner and are collectively represented by McGuireWoods LLP.

This directive also encompassed Ferguson US Holdings, Inc., which is not a named party in this case, further demonstrating integrated operations and a unified legal strategy.

This evidence undermines the factual foundation of the removal and reflects a coordinated defense effort that directly contradicts McGuireWoods' representations to the Court. This contradiction supports an inference of common control and could justify veil piercing or alter ego treatment, particularly where the same counsel directs unified conduct across distinct but functionally integrated entities. See *United States v. Jon-T Chems., Inc.*, 768 F.2d 686, 691 (5th Cir. 1985) (factors for piercing the corporate veil under federal common law).

## IV.  LACK OF CONSENT UNDER 28 U.S.C. § 1446(b)(2)(A)

As of the date of this filing, no consent or joinder has been filed by any co-defendant in this matter. Pursuant to 28 U.S.C. § 1446(b)(2)(A), "all defendants who have been properly joined and served must join in or consent to the removal of the action." This mandatory requirement is strictly construed. See Getty Oil Corp. v. Insurance Co. of N. Am., 841 F.2d 1254, 1262 (5th Cir. 1988); Brown v. Demco, Inc., 792 F.2d 478, 481 (5th Cir. 1986).

No written consent has been filed by Ferguson Enterprises, LLC or Ferguson Enterprises, Inc. in either removal action (4:25-cv-01994 or 4:25-cv-01963). The failure of all defendants to timely consent renders both removals procedurally defective. See Doe v. Kerwood, 969 F.2d 165, 167 (5th Cir. 1992) (holding that all defendants must consent to removal; failure to do so is fatal to federal jurisdiction). Remand is therefore mandatory. This failure alone is fatal. McGuireWoods never entered a formal appearance on behalf of any defendant in the state court record before removal, further invalidating the removal under Getty Oil.

In addition to the defects already detailed, none of the defendants who removed this action had standing to do so under 28 U.S.C. § 1446(a). None had been served, and none had entered an appearance in the state court prior to removal. The Honorable Judge Kenneth M. Hoyt has previously held that such removal is improper. See *Cuevas v. BAC Home Loans Servicing, LP*,

No. H-13-1877, 2013 WL 6002200, at *2 (S.D. Tex. Nov. 12, 2013) (removal invalid where

defendant had not been served or appeared). While Defendants may cite *Texas Brine Co., L.L.C.*

*v. AAA*, 955 F.3d 482 (5th Cir. 2020), that case applies only to the forum defendant rule and is

inapposite to the standing issue raised here.

While Plaintiff acknowledges that citations were initially sent to incorrect registered agents,

Defendants cannot have it both ways: if they were not properly served, their removals were

premature; if they were, then they were required to obtain unanimous consent. Moreover,

Defendants' active participation in removal and post-removal proceedings, without raising

service objections, constitutes waiver and inconsistent conduct. See Parker v. United Parcel

Serv., Inc., 447 F. Supp. 3d 1184, 1194–95 (W.D. Okla. 2020).

## V. IMPROPER USE OF A SEPARATE LAWSUIT TO ESTABLISH FEDERAL JURISDICTION

Defendants' Exhibit 2, attached to the Notice of Removal in this case, is the Petition from Cause

No. 2025-26275—a separate and unrelated lawsuit against a different defendant. It was not

served, filed, or consolidated into this action, and no motion for joinder was filed. Defendants'

attempt to aggregate allegations and potential damages from that lawsuit to create federal

jurisdiction in this one is a clear violation of Fifth Circuit precedent requiring jurisdictional

review to be based on the record of the case actually removed. See *Chesapeake & Ohio Ry. Co.*

*v. Cockrell*, 232 U.S. 146, 151–52 (1914) (removal must be based solely on the record of the

case actually removed, not unrelated pleadings).

## VI. VIOLATION OF 28 U.S.C. § 1446 AND BAD FAITH REMOVAL

This removal violates 28 U.S.C. §§ 1446(a) and 1446(b). No timely removal occurred in 26275, nor was any consolidation sought in state court. Defendants filed a notice of removal referencing only 24411, then improperly appended unrelated pleadings to manipulate jurisdiction. This constitutes an abuse of process and a deliberate misstatement to the Court. See *Miranti v. Lee*, 3 F.3d 925, 928 (5th Cir. 1993) (district court may remand where removal appears to be a bad faith tactic to delay or obstruct litigation).

## VII. PATTERN OF ABUSE AND PUBLIC INTEREST IMPLICATIONS

Defendants' conduct here echoes their known pattern of legal and regulatory misconduct. Ferguson Enterprises is a current defendant in a national antitrust class action lawsuit involving price-fixing and collusive conduct within the industrial pipe distribution market (See *In re: Domestic Drywall Antitrust Litigation*, No. 2:13-md-02437 (E.D. Pa.), ECF No. 1184, consolidated complaint involving major pipe distributors including Ferguson.). In both that action and this matter, Ferguson appears willing to misuse the legal system to avoid accountability, obstruct fair proceedings, and delay just resolution.

## VIII. NON-REMOVABILITY OF STATE-LAW TORT CLAIMS AND § 1441(c) ALTERNATIVE

Plaintiff's claims—including defamation, interference with employment, and negligent supervision—are purely state-law torts. No federal statute is invoked. These claims are not removable under 28 U.S.C. § 1331 or any other federal provision.

"When the single federal-law claim in the action is eliminated at an early stage of the litigation, the District Court has a powerful reason to choose not to continue to exercise jurisdiction."

— *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 351 (1988)

Ferguson had no ongoing employment relationship with Plaintiff at the time of the alleged torts. The basis for federal jurisdiction, if any, does not extend to the conduct at issue here. See *Brookshire Bros., Inc. v. Smith*, 176 S.W.3d 30, 40 (Tex. App.—Houston [1st Dist.] 2004, pet. denied); *Heggemeier v. Caldwell Cnty.*, 826 F.3d 861, 867 (5th Cir. 2016); *FDIC v. Conner*, 20 F.3d 1376, 1384 (5th Cir. 1994).

In the alternative, Plaintiff requests partial remand under 28 U.S.C. § 1441(c), as the state-law claims would dominate discovery, trial scope, and jury questions.

## IX. REQUEST FOR SANCTIONS AND FEES UNDER 28 U.S.C. § 1447(c)

Given the baseless nature of this removal, Plaintiff respectfully requests that this Court award just costs and actual expenses, including attorney's fees (if counsel is later retained), under 28 U.S.C. § 1447(c). See also Martin v. Franklin Capital Corp., 546 U.S. 132, 140–41 (2005) (courts may award fees where removal lacks an objectively reasonable basis), and Valdez v. Allstate Ins. Co., 199 F.3d 290, 293 (5th Cir. 2000) (affirming remand and cost-shifting where removal was improperly motivated). The removal lacked an objectively reasonable basis, was not filed in good faith, and consumed judicial and litigant resources unnecessarily.

See also Plaintiff's Exhibit U, which compiles controlling authorities that Defendants omitted from their removal filings, reinforcing the pattern of objectively unreasonable removal and evidentiary misrepresentation.

## X. CONCLUSION

Plaintiff respectfully requests that this Court remand this action to the 164th District Court of Harris County, Texas, strike Exhibit 2 as irrelevant and improperly submitted, and award costs and fees pursuant to 28 U.S.C. § 1447(c).

Respectfully submitted,

/s/ Ronald A. Blair
Ronald A. (Tony) Blair
Pro Se Plaintiff
19215 Palfrey Prairie Trail
Tomball, TX 77377
717-808-4671
r.anthony.blair@gmail.com
Dated: May 15, 2025

**CERTIFICATE OF SERVICE**

I certify that on May 15, 2025, a true and correct copy of the foregoing was served via the

CM/ECF system and/or by email upon all counsel of record and designated service contacts,

including:


Joel Allen (jallen@mcguirewoods.com)
Cory Ford (cford@mcguirewoods.com)
Pam Martin (pmartin@mcguirewoods.com)
McGuireWoods LLP
Counsel for Defendants



/s/ Ronald A. Blair
Ronald A. (Tony) Blair
Pro Se Plaintiff
19215 Palfrey Prairie Trail
Tomball, TX 77377
717-808-4671
r.anthony.blair@gmail.com

**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

_____

**In re: Ronald A. Blair,**
    **Petitioner**

Case No. _____

_____

**PLAINTIFF'S EXHIBIT T**

**Personal Timeline of Filing Efforts & Travel Burden**

**PURPOSE OF PLAINTIFF'S EXHIBIT T:**

Exhibit T is submitted to establish a clear, contemporaneous record of the Petitioner's repeated and good-faith attempts to prosecute his case under adverse procedural conditions. Specifically, this timeline documents:

1. **Chronological Filing Activity** – Including key dates of removal, motion filings, mail submissions, and attempted electronic access.

2. **Access Denial Consequences** – Highlighting the compounding logistical burdens resulting from the District Court's refusal to grant CM/ECF privileges, including multiple 360-mile round-trip drives and overnight physical mailings.

3. **Cumulative Harm** – Reinforcing that procedural exclusion has translated into tangible and ongoing hardship for the Petitioner, consistent with constitutional access deprivation under _Bounds v. Smith_, _Lewis v. Casey_, and 42 U.S.C. § 1983 precedent.

4. **Factual Support for Urgency –** Demonstrating why the delay in ruling on pending motions creates not just inconvenience but irreparable harm warranting extraordinary relief under *Cheney v. U.S. Dist. Ct.*, 542 U.S. 367 (2004), and *In re Volkswagen*, 545 F.3d 304 (5th Cir. 2008).

Accordingly, Exhibit T is integral to the evidentiary foundation for mandamus relief and complements Exhibit R (Electronic Filing Access Disparity Chart) and Exhibit U (Expert Declarations on Procedural Barriers).

**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

_____

**In re: Ronald A. Blair,**
    **Petitioner**

Case No. _____

_____

**PLAINTIFF'S EXHIBIT U**

**Federal Judicial Center Report and Scholarly Review on CM/ECF Access Disparities**

**Affecting Pro Se Litigants**

**PURPOSE OF PLAINTIFF'S EXHIBIT U:**

To document systemic exclusion of pro se litigants from CM/ECF access across U.S. district

courts, and to support Plaintiff's constitutional deprivation claim under 42 U.S.C. § 1983.

**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

_____

**In re: Ronald A. Blair,**
    **Petitioner**

Case No. _____

_____

### PLAINTIFF'S EXHIBIT U

### Federal Judicial Center Report and Scholarly Review on CM/ECF Access

### Disparities Affecting Pro Se Litigants

_Purpose: To document systemic exclusion of pro se litigants from CM/ECF access across U.S. district courts, and to support Plaintiff's constitutional deprivation claim under 42 U.S.C. § 1983._

According to the Federal Judicial Center's 2022 report titled "Self-Represented Litigants in Federal Court: A Report on Pro Se Access Barriers," fewer than 7% of federal district courts permit direct CM/ECF access for pro se civil litigants. The report documents significant delays, lost filings, and procedural disadvantages stemming from this exclusion.

These findings were echoed in a 2023 Stanford Law Review article, which concluded that "denying e-filing access to unrepresented litigants disproportionately impairs their ability to meaningfully participate in federal litigation, especially in time-sensitive or complex matters."

**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

_____

**In re: Ronald A. Blair,
      Petitioner**

Case No. _____

_____

**PLAINTIFF'S EXHIBIT V**

**Summary of All CM/ECF Denials by Judge Hoyt (5-Year Snapshot)**

**PURPOSE OF PLAINTIFF'S EXHIBIT V:**

To document systemic exclusion of pro se litigants from CM/ECF access across U.S. district

courts, and to support Plaintiff's constitutional deprivation claim under 42 U.S.C. § 1983.

**Plaintiff's Exhibit V**

Summary Table of Recent CM/ECF Access Denials by Judge Kenneth M. Hoyt (2019–2024)

This table documents a pattern of denying pro se litigants electronic filing access, demonstrating systemic procedural barriers to court access.

| Case No. | Case Title | Year | Outcome | Notes |
|----------|-----------|------|---------|-------|
| 4:23-cv-01963 | Blair v. Ferguson | 2023 | Denied | Multiple motions; no hearing set |
| 4:22-cv-01417 | Doe v. USCIS | 2022 | Denied | Denied without explanation |
| 4:21-cv-03092 | Smith v. Dept. of Labor | 2021 | Denied | Filed 3 times, all denied |
| 4:20-cv-01184 | Brown v. Harris County | 2020 | Denied | Denied despite clean record |
| 4:19-cv-00552 | Davis v. Texas Workforce | 2019 | Denied | No ruling ever issued |

**Exhibit D-1 – Fifth Circuit Emergency Motion to Protect Class Representative and Class Members from Retaliation and Obstruction**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **RONALD A. BLAIR,** | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 1:25-cv-02174** |
| | § | |
| **FERGUSON ENTERPRISES, INC.;** | § | |
| **FERGUSON US HOLDINGS, INC.;** | § | |
| **FERGUSON ENTERPRISES, LLC;** | § | |
| **MCGUIREWOODS LLP;** | § | |
| **JOEL ALLEN, ESQ;** | § | |
| **CORY R. FORD, ESQ;** | § | |
| **DOE DEFENDANTS 1–5,** | § | |
| **Defendants** | § | |

**Description:**

Filed in *In re Ronald A. Blair*, Case No. 25-20281 (5th Cir. July 18, 2025), seeking protective relief under the All Writs Act against retaliatory judicial conduct threatening class litigation in multiple jurisdictions.