# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RONALD A. BLAIR,<br><br>               Plaintiff,<br><br>v.<br><br>FERGUSON ENTERPRISES, INC., *et al.*,<br><br>               Defendants. | No. 1:25-CV-02174-ACR<br><br>Judge Ana C. Reyes |

**DEFENDANTS FERGUSON ENTERPRISES, INC., FERGUSON U.S. HOLDINGS, INC., FERGUSON ENTERPRISES, LLC, AND MCGUIREWOODS LLP'S OPPOSITION TO PLAINTIFF'S MOTION TO DISQUALIFY MCGUIREWOODS**

# TABLE OF CONTENTS

|   |   |   | Page |
|---|---|---|---|
| I. | INTRODUCTION | | 1 |
| II. | FACTUAL BACKGROUND AND PROCEDURAL HISTORY | | 2 |
| III. | ARGUMENT | | 5 |
| | A. | Legal Standard. | 5 |
| | B. | There is No Basis to Conclude a Rule 1.7 Violation Exists. | 6 |
| | | 1. There is no direct adversity under Rule 1.7(a). | 6 |
| | | 2. Rule 1.7(b)(4) does not warrant disqualification. | 8 |
| | C. | Rule 3.7 is Not Applicable. | 9 |
| | D. | Blair's Litigation Tactics Are Improper. | 11 |
| IV. | CONCLUSION | | 12 |

# TABLE OF AUTHORITIES

**Cases**                                                                                                    **Page(s)**

*Ambush v. Engelberg*,
    282 F. Supp. 3d 58 (D.D.C. 2017) ...................................................................5, 6, 9, 11

*Brown v. District of Columbia Board of Zoning Adjustment*,
    486 A.2d 37 (D.C. 1984) ................................................................................................7

*Butler v. Enter. Integration Corp.*,
    459 F. Supp. 3d 78 (D.D.C. 2020) ...............................................................................10

*Griva v. Davison*,
    637 A.2d 830 (D.C. 1994) ..........................................................................................6, 8

*Headfirst Baseball LLC v. Elwood*,
    999 F. Supp. 2d 199 (D.D.C. 2013) ............................................................................6, 8

*Koller By and Through Koller v. Richardson-Merrell Inc.*,
    737 F.2d 1038 (D.C. Cir. 1984), *rev'd on other grounds*, 472 U.S. 424 (1985) .......................5

*Smith v. Scalia*,
    44 F. Supp. 3d 28 (D.D.C. 2014), *aff'd* 2015 U.S. App. LEXIS 12539 ..................................12

*Tatum v. Morton*,
    562 F.2d 1279 (D.C. Cir. 1977) .....................................................................................9

**Other Authorities**

D.C. Rules Prof. Conduct 1.7(a)(1) .........................................................................................6

D.C. Rules Prof. Conduct 1.7(b), (c) .......................................................................................8

D.C. Rules Prof. Conduct 1.7, Comment [4] .........................................................................6

D.C. Rules Prof. Conduct 3.7 ...............................................................................................10

D.C. Rules Prof. Conduct 3.7, Comment [4] .......................................................................10

D.C. Rules Prof. Conduct 3.7, Comment [5] .......................................................................10

D.C. Rules Prof. Conduct 8.5(b)(1) .......................................................................................6

Fed. R. Civ. P. 11(c) .............................................................................................................12

Defendants Ferguson Enterprises, Inc., Ferguson US Holdings, Inc., Ferguson Enterprises, LLC (the "Ferguson Defendants") and McGuireWoods LLP (collectively, with the Ferguson Defendants, the "Opposition Defendants"), by counsel and pursuant to Local Civil Rule 7 state as follows for their Memorandum of Points and Authorities in Opposition to Plaintiff Ronald A. Blair's Motion to Disqualify McGuireWoods LLP from Representing the Ferguson Defendants (ECF No. 13) ("Motion"):

I.     **INTRODUCTION**

Pro se plaintiff Ronald A. Blair, a former Ferguson employee, has engaged in a vexatious, nationwide pattern of legal filings attacking the Opposition Defendants and their lawyers. In just four months, he has unleashed over 150 filings across eight different court dockets to attack opposing attorneys, judges, and court staff with bar grievances, motions for sanctions, and motions to disqualify counsel.

In the case at bar, Blair sues various private actors under 42 U.S.C. § 1983, despite an obvious absence of the requisite state action. He then promptly sought to disqualify McGuireWoods LLP, Ferguson Defendants' chosen legal counsel, in a brief rife with hallucinated case law and citations. His argument is, essentially, "once I name McGuireWoods as a defendant, they can no longer represent Ferguson because there is conflict." He is more candid in his Substack Blog, in which he states that his goal is to "disqualify Ferguson's law firm . . . from representing Ferguson—for any reason, anywhere in the country."[1]

As detailed below, Plaintiff's argument is incorrect and frivolous. There is no conflict. Even if there were a conflict, it may be addressed with informed-consent waivers, and the

---

[1] *The Retaliation Pipeline*, Substack, Aug. 6, 2025, https://insidethepipe.substack.com/p/they-fired-us-then-they-tried-to-f31 (last accessed 8/22/2025).

1

interested parties have given informed consent to McGuireWoods' representation. Finally, there is no witness-advocate rule preclusion to McGuireWoods' representation of the Ferguson Defendants. Blair's Motion should be denied, and appropriate sanctions should be imposed to restrain his ongoing vexatious pattern of unfounded legal filings.

## II. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

On July 7, 2025, Blair, proceeding *pro se*, filed a two-count lawsuit under 42 U.S.C. § 1983 against the Opposition Defendants, two Texas-based McGuireWoods lawyers, and unnamed court officials with the United States District Court for the Southern District of Texas. (Compl., ECF No. 1.) As Plaintiff contends in his Motion, he brings this suit "against a combination of federal officials and private corporate actors, alleging joint participation in the deprivation of rights secured by the Constitution and laws of the United States." (Mot. at 5.) All named defendants appeared through undersigned counsel and filed a Notice of Request for Pre-Motion Conference pursuant to the Standing Order, articulating the dispositive legal defects with Blair's Complaint ("Notice"). (ECF No. 12.) Among other issues, Defendants explained that Blair has not pled – and cannot plead – that these private and federal individuals were acting under color of state law as required for an action under § 1983. *Id.*

The case before this Court was not Blair's first lawsuit against the Ferguson Defendants. Shortly after Blair's employment was terminated, Ferguson first drew Blair's ire. Proceeding pro se, Blair initially filed two state court suits near his home in Houston, Texas in April 2025 against various Ferguson entities and another Ferguson employee, Joe Smith, claiming he was retaliated against for objecting to "unreasonable directives" and that Smith slandered him.[2]

---

[2] The first suit was docketed as Cause No. 2025-24411 in the 164th District Court of Harris County, Texas; the second suit was docketed as Cause No. 2025-26275 in the 189th District Court of Harris County, Texas.

2

Ferguson retained McGuireWoods (including McGuireWoods partner Joel Allen and associate Cory Ford) to handle the suits. They removed Blair's suits to the United States District Court for the Southern District of Texas and moved to consolidate. *See* (ECF No. 13-3 at 30–31.) They also instructed Blair to cease and desist his direct contact with Ferguson personnel and correspond through counsel going forward. *See* (ECF No. 13-2 at 8–9.)

Blair quickly deemed Allen and Ford's efforts to be part of a grand conspiracy against him—along with the Federal judges (Judges Hoyt and Ellison) and court staff overseeing his cases in the Southern District of Texas. He took to social media and named Ferguson, and its McGuireWoods lawyers, along with Judge Hoyt and Judge Ellison, to his "Hall of Obstruction."[3] Blair proceeded to file motions for sanctions, motions to strike, and other extraneous filings sounding the alarm on his "obstruction" conspiracy.[4]

When Blair failed to obtain a favorable ruling in the Southern District of Texas, he filed a Petition for Writ of Mandamus to the United States Court of Appeals for the Fifth Circuit, baselessly accusing Judge Hoyt and Judge Ellison of conspiring with McGuireWoods to "systemic[ally] disadvantage" him through "procedural delays and filing access denials."[5]

Having failed to persuade the Texas courts, Blair nonsuited his Southern District of Texas cases on July 28, 2025. But Blair was not done. He gloated on his blog that he dropped the suit

---

[3]  https://www.linkedin.com/posts/tony-blair-287295b7_whistleblower-retaliation-accountability-activity-7342332884017364994-IT6m (last accessed 08/20/2024)

[4]  Among many other examples, *see, e.g.,* 4:25-cv-01963 (S.D. Tex.) ECF Nos. 30 ("Notice of Pattern of Procedural Sabotage"), 29 ("Notice of procedural obstruction and Prejudice"), 24 ("Motion for Sanctions"), 19 ("Notice of Procedural Disparity and Prejudice"), 10 ("Judicial Summary of Procedural Irregularities and Coordinated Removal Misconduct"), 8 ("Motion for Judicial Notice of Coordinated Removal Pattern"); *see also* 4:25-cv-01963 (S.D. Tex.), ECF No. 37, Defs.' Opp. To Mot. for Sanctions.

[5]  25-20281 (5th Cir.), ECF No. 3-1 at Page 8.

"before a biased judge could try to bury it permanently" and the nonsuit was part of his plan to "refile in two stronger federal courts." *The Retaliation Pipeline*, Substack, Aug. 6, 2025, https://insidethepipe.substack.com/p/they-fired-us-then-they-tried-to-f31 (last accessed 8/22/2025).

Sure enough, Blair filed two new federal suits, including the case at bar, and a third state court action in Texas. In each of these actions, he is not just suing Ferguson—he also named lawyers Allen and Ford in this action as well as their law firm, McGuireWoods, and Judge Hoyt's case manager as defendants in others.

To summarize Blair's currently pending actions (all *pro se*) in addition to the instant action:

| |
|---|
| **Northern District of Illinois,** against Opposition Defendants, Attorneys Allen and Ford, and Does (purportedly employees of Ferguson's legal department) alleging claims similar to the Section 1983 Claims here, in addition to claims alleging 42 U.S.C. § 1985, 42 U.S.C. § 1986, ADA and OWBPA violations, and two purported class action claims under the ADEA and WARN. |
| **Harris County Texas, 334th District Court,** petitioning for pre-suit discovery against attorneys Allen, Ford, Ferguson's Vice President, and Judge Hoyt's case manager in anticipation of another suit alleging "improper litigation tactics" and "interfere[nce] with [Blair's] access to state judicial remedies," among other accusations.[6] |
| **Fifth Circuit Court of Appeals,** a Petition for Writ of Mandamus, seeking various relief in connection with Judge Hoyt and Judge Ellison's alleged conspiracy with Ferguson and McGuireWoods to obstruct Blair's litigation efforts in the Southern District of Texas.[7] |

As Blair readily admits, all of his lawsuits in various federal jurisdictions "aris[e] from the same core facts at issue here." (Mot., ECF No. 13 at 4.)

---

[6] Blair's action for pre-suit depositions in docketed as No. 2025-56824 in the 334th District Court, Harris County, Texas.

[7] 25-20281 (5th Cir.).

Shortly after the defendants appeared and filed their Notice in this action, on August 10, 2025, Blair filed the instant Motion, in which he seeks to disqualify McGuireWoods from representing the Ferguson Defendants in the case at bar. (ECF No. 13.) Appended to the Motion were more than 300 pages of exhibits, primarily comprising litigation filings and similar documents from the other lawsuits Blair has filed against the Opposition Defendants. (ECF Nos. 13-2 and 13-3.) Without leave of court, Blair made two supplemental filings in support of the Motion, (ECF Nos. 16 and 24), and filed numerous other "Notices" raising issues briefed in his Motion, *see, e.g.*, (ECF Nos. 17, 21, and 32).

## III. ARGUMENT

### A. Legal Standard.

"The disqualification of a party's chosen counsel . . . is a drastic measure that is disfavored by the courts." *Ambush v. Engelberg*, 282 F. Supp. 3d 58, 62 (D.D.C. 2017) (internal quotation marks and citations omitted). A motion to disqualify is subject to strict judicial scrutiny because disqualifying an attorney "negates a client's right to freely choose his counsel," and can be improperly used as a procedural weapon to advance "purely tactical purposes." *Id.* (internal quotation marks and citations omitted). Disqualification is committed to the trial court's discretion, applying a two-step inquiry that determines: (1) whether the rules of professional conduct have been or are being violated; and (2) if they are, whether the violation "provides sufficient grounds for disqualification." *Id.* (internal quotation marks and citations omitted). Disqualification is rare, and "[e]xcept in cases of truly egregious misconduct likely to infect future proceedings, other means less prejudicial to the client's interest than disqualifying the counsel of her choice are ordinarily available to deal with ethical improprieties by counsel." *Koller By and Through Koller v. Richardson-Merrell Inc.*, 737 F.2d 1038, 1056 (D.C. Cir. 1984), *rev'd on other grounds*, 472 U.S. 424 (1985).

Because Blair's Motion is directed at the conduct of litigation in this Court, the District of Columbia Rules of Professional Conduct apply. *See Ambush*, 282 F. Supp. 3d at 62; D.C. Rules Prof. Conduct 8.5(b)(1); LCvR 83.15(a) (applying District of Columbia Rules of Professional Conduct).

**B.     There is No Basis to Conclude a Rule 1.7 Violation Exists.**

1.     <u>There is no direct adversity under Rule 1.7(a).</u>

Relying on "D.C. Rule of Professional Conduct 1.7(a)(1)," Blair first argues that McGuireWoods is subject to "Automatic Disqualification" because Blair named the firm as a defendant alongside Ferguson. (Mot. at 8–10.) Not so. Rule 1.7(a) provides that "[a] lawyer shall not advance two or more adverse positions in the same matter." D.C. Rules Prof. Conduct 1.7(a). Rule 1.7(a) only applies to ***direct adversity***, which applies "only to situations in which a lawyer would be called upon to espouse adverse positions for different clients in the same matter." D.C. Rules Prof. Conduct 1.7, cmt. [4]; *Griva v. Davison*, 637 A.2d 830, 843 (D.C. 1994). McGuireWoods and the Opposition Defendants are co-defendants on the same side of the litigation, and there is no basis to conclude that their interests are adverse. (Compl., ECF No. 1.) Indeed, McGuireWoods and the Ferguson Defendants are ***completely aligned*** on their defenses to Blair's § 1983 claims, as evidenced by their Notice, (ECF No. 12). There is no basis to establish any present adversity between Ferguson Defendants and its counsel of choice, McGuireWoods. *See Headfirst Baseball LLC v. Elwood*, 999 F. Supp. 2d 199, 208 (D.D.C. 2013) (concluding that "[t]he scant nature of the existing factual record does not square with the high burden the defendants must satisfy to disqualify the plaintiffs' counsel of choice").

Blair's entire Rule 1.7(a) argument is founded on baseless and entirely speculative assertions,[8] backstopped by hallucinated legal propositions. Blair cites five times to "In re Gadda, 514 F.3d 1006, 1011 (D.C. Cir. 2008)," for the proposition that McGuireWoods and the Ferguson Defendants are directly adverse because McGuireWoods's conduct is implicated in Blair's Complaint. (Mot. at 9, 10, 12.) **This case is entirely made up.**[9] And while *Fund of Funds, Ltd. v. Arther Andersen & Co.*, 507 F.2d 225, 233 (2d Cir. 1977), cited on page 9 of his Motion, is a real case, nowhere in the opinion does the phrase quoted in a parenthetical by *Blair* appear: "When a law firm is itself a party defendant, disqualification is required." *See* (Mot. at 9). Nor does this proposition exist in *GSI Commerce Solutions, Inc. v. BabyCenter, LLC*, 618 F.3d 204, 211 (2d Cir. 2010), despite Blair's claim that it does. The other case cited by Blair in this section, *Brown v. District of Columbia Board of Zoning Adjustment,* 486 A.2d 37, 46–47 (D.C. 1984), also does not stand for his asserted proposition that "counsel's personal involvement in disputed conduct creates direct adversity." *See* (Mot. at 9–10); 486 A.2d at 39, 46–47 (D.C. 1984) (declining to disqualify former government attorneys from a representation in a challenge under a "revolving door" rule). In short, there is no support for Blair's Rule 1.7 argument. Indeed, if his argument was correct, then a plaintiff could always disqualify a defendant's counsel of choice by adding said law firm as a party to the proceeding. This is not the law.

---

[8]   For example, "The firm cannot ethically or effectively advocate for Ferguson while simultaneously defending itself against Plaintiff's claims." (Mot. at 9.)

[9]   On August 21, 2025, after Defendants identified this hallucinated case in connection with their Motion to Set Aside Default, (ECF No. 32 at 2), Blair filed a "Notice of Clarification Regarding Case Citations," where he called this a "clerical miscitation" and that his "intended authority was *Gadda v. Ashcroft*, 377 F.3d 934, 944 – 45 (9th Cir. 2004)," (ECF No. 34 at 1). This explanation strains credulity. *Gadda v. Ashcroft* does not stand for the asserted propositions about "direct adversity" under the D.C. Rules of Professional Conduct, but instead was an opinion involving the disbarment of a California lawyer from practice before the Ninth Circuit for neglect and incompetence. 377 F.3d at 939–40, 948.

### 2. Rule 1.7(b)(4) does not warrant disqualification.

Blair also argues that, under Rule 1.7(b)(4), "McGuireWoods's personal interest in avoiding liability in related matters materially limits its ability to give Ferguson candid advice." (Mot. at 10–11.) He provides no support for this proposition, nor could he for there is none. Rule 1.7(b)(4) provides that, absent a waiver upon informed consent, a representation is not allowed if "[t]he lawyer's professional judgment on behalf of the client will be or reasonably may be adversely affected by the lawyer's responsibilities to or interests in a third party or the lawyer's own financial, business, property, or personal interests."

First, in this matter, where McGuireWoods and the Ferguson Defendants are jointly defending against a facially defective § 1983 claim, their interests are aligned and there is no indication of any conflicting interests. *See* Notice (ECF No. 12). Blair provides conclusory assertions, but no evidence, to contradict this reality, which is insufficient to meet the high bar for disqualification. *See Headfirst Baseball LLC*, 999 F. Supp. 2d at 208.

Second, even if there were a conflict under Rule 1.7(b)(4) – which there is not – said conflict may be waived so long as each potentially affected client provides informed consent after full disclosure of the possible conflict and consequences, and if "[t]he lawyer reasonably believes that the lawyer will be able to provide competent and diligent representation to each affected client." D.C. Rules Prof. Conduct 1.7(b), (c).[10] Both requirements are satisfied here. All Defendants represented by the undersigned have provided informed consent to the joint representation consistent with Rule 1.7(c)(1), and the undersigned counsel reasonably believes that

---

[10] Blair cites *Griva*, 637 A.2d at 845, for the proposition that "when counsel's personal interests materially limit representation, the conflict is non-waivable." (Mot. at 11.) Even if this were the case here (it is not), this proposition is erroneous. *See Griva*, 637 A.2d at 844 (describing Rule 1.7(b) conflicts as "permissible if the lawyer obtains consent from all affected clients after full disclosure of the conflict," and declining to disqualify law firm).

he can and will provide competent and diligent representation to each client. **Ex. A**, Declaration of David L. Greenspan. Accordingly, even if there was "daylight" between the positions of the Ferguson Defendants and McGuireWoods in this case, any such conflict can be, and has been, waived through informed consents.

In summary, Blair is unable to meet his burden to establish a violation of Rule 1.7 of the D.C. Rules of Professional Conduct. There is no conflict and, even if there were one, it is subject to waiver by informed consents. Blair has not provided any sufficient basis to justify the "drastic" and "disfavored" remedy of disqualification. *Ambush*, 282 F. Supp. 3d at 62.

### C. Rule 3.7 is Not Applicable.

Blair also argues that the "witness advocate rule," precludes McGuireWoods's representation of the Opposition Defendants, contending that "McGuireWoods attorneys are necessary witnesses because they possess firsthand, non-privileged knowledge about the advice given to Ferguson regarding the layoffs, the firm's litigation strategy in related actions, and communications that Plaintiff alleges were obstructive." (Mot. at 11.) This argument is procedurally premature and substantively incorrect.

As an initial matter, this argument is premature because Rule 3.7 only applies to advocacy "***at trial***." *See Ambush*, 282 F. Supp. 3d at 65 (emphasis added). Although Blair asserts that the "approach" of addressing this issue closer to trial is "inapplicable here" due to some unspecified "taint," he cites no authority whatsoever and cannot overcome the plain text of Rule 3.7.[11]

---

[11] Blair's citation to hallucinated legal propositions is not limited to his Rule 1.7 arguments. In connection with his Rule 3.7 claims, Blair cites to *Tatum v. Morton*, 562 F.2d 1279, 1281 (D.C. Cir. 1977), for the proposition that the restrictions in Rule 3.7 are "distinct from, and equally compelling as, the personal-interest conflicts addressed under Rule 1.7." (Mot. at 8.) Neither rule is addressed in *Tatum*, which involved appellate review of the district court's award of damages to Vietnam war protesters who were detained by the District of Columbia. *See* 562 F.2d at 1280–82, 1285.

9

Moreover, Blair has not put forth any specific basis to conclude that a witness-advocate issue has occurred or will occur. *See Butler v. Enter. Integration Corp.*, 459 F. Supp. 3d 78, 116 (D.D.C. 2020) (recognizing that "[a]t this early stage, no one knows whether [attorney]'s testimony will be 'necessary' to the conduct of a trial (or whether a trial will ever occur)").

Furthermore, the witness advocate rule applies to individual "lawyer[s]." D.C. Rules Prof. Conduct 3.7. "[T]here is no general rule of imputed disqualification applicable to Rule 3.7." D.C. Rules Prof. Conduct 3.7, cmt. [4].[12] Although Blair names McGuireWoods's attorneys Ford and Allen as defendants in this action, neither are counsel of record in this case, and there has been no showing that: (1) undersigned counsel will be a necessary witness at trial; (2) any other McGuireWoods attorney would be a "necessary witness" at trial; or (3) testimony by another McGuireWoods lawyer other than undersigned counsel would create non-waivable conflicts issues under Rules 1.7 or Rule 1.9. *See* D.C. Rule Prof. Conduct 3.7.

Finally, Rule 3.7(a)(c) provides an exception to Rule 3.7(a)'s restriction, where "[d]isqualification of the lawyer would work substantial hardship on the client." *See Butler v. Enter. Integration Corp.*, 459 F. Supp. 3d at 116. This exception applies in full force here, where Blair is using a multi-jurisdictional onslaught against Ferguson and its chosen counsel to make it more difficult for Ferguson to respond to Blair's baseless claims and harassing litigation tactics. Rule 3.7 does not warrant disqualification of McGuireWoods.

---

[12] Although Rule 3.7(b) recognizes that Rules 1.7 and 1.9 can restrict representation by another lawyer in the witness's law firm if such representation would create a conflict with the client, there is no basis to conclude that has been or would be the case here. *See* D.C. Rules Prof. Conduct 3.7, cmt. [5].

10

### D. Blair's Litigation Tactics Are Improper.

Blair's strategy is transparent and dangerous: naming Ferguson's legal counsel as co-defendants in multiple actions across the country, and then attempting to use that party status to seek to disqualify the legal counsel. *See* (Mot. at 1). Applying Blair's logic, any litigant could disqualify legal counsel by simply naming them as co-defendant to a litigation, regardless of how frivolous the action. This is not, and cannot be, permitted. *See Ambush*, 282 F. Supp. 3d at 62 (subjecting disqualification motions to strict judicial scrutiny to guard against the use of disqualification as a "purely tactical" procedural weapon that "negates a client's right to freely choose his counsel").

McGuireWoods and the Ferguson Defendants have been forced to respond to incessant legal filings by Blair in courts across the country in recent weeks, including duplicative claims in the United States District Court for the Northern District of Illinois. Furthermore, Blair has repeatedly cited to hallucinated and otherwise non-existent legal authorities and propositions, filed multiple unauthorized "supplemental" filings and notices, and filed this baseless disqualification motion at the outset of the case. This conduct, involving numerous unsupported and made-up representations about legal authorities and needlessly consuming judicial resources and increasing the cost of litigation through harassing filings, has placed significant burdens on Defendants, who have had to constantly research and respond to made up cases, baseless assertions, and irrelevant filings.[13]

For months, Blair has flooded this Court's, and several other federal and state courts', dockets with harassing, baseless, and AI generated filings. To date, Defendants have refrained

---

[13] Indeed, almost all of the final ten pages of Blair's Motion, and the more than 300 pages of exhibits filed thereto, bear no discernable or legally relevant relationship to Blair's arguments for disqualification, and are not addressed herein.

11

from initiating the procedural predicate for filing a Rule 11 sanctions motion against Blair.[14] However, it would be appropriate for the Court, pursuant to Rule 11(c), to order Blair "to show cause why conduct specifically described in the order has not violated Rule 11(b)." Fed. R. Civ. P. 11(c). A measure of deterrence could go a long way in placing a check on Blair's abuse of the judicial system. *See Smith v. Scalia*, 44 F. Supp. 3d 28, 44–48 (D.D.C. 2014), *aff'd* 2015 U.S. App. LEXIS 12539 (considering and imposing sanctions against pro se party for repeated harassing legal filings).

## IV. CONCLUSION

For the foregoing reasons, the Court should deny Blair's Motion and consider imposing sanctions to prevent further abuse of the judicial system.

**McGuireWoods LLP**

*/s/ David L. Greenspan*
David L. Greenspan (D.C. Bar No. 1021256)
McGuireWoods LLP
1750 Tysons Boulevard, Suite 1800
Tysons, VA 22102
T: (703) 712-5096
F: (703) 712-5217
dgreenspan@mcguirewoods.com

*Counsel for Defendants Ferguson Enterprises, Inc., Ferguson US Holdings, Inc., Ferguson Enterprises, LLC, McGuireWoods LLP, Joel Allen, Esq., and Cory R. Ford, Esq.*

---

[14] Meanwhile, in addition to filing bar grievances against McGuireWoods attorneys for legitimate litigation conduct and communications, at 12:13 AM on Sunday August 17, 2025, Blair emailed undersigned counsel a fully drafted motion for sanctions against McGuireWoods and the undersigned, replete with hallucinated legal authorities. Blair's proposed sanctions motion relies on the same frivolous argument that is the centerpiece of the instant Motion: that McGuireWoods and the undersigned cannot jointly defend McGuireWoods and the Ferguson Defendants.

## CERTIFICATE OF SERVICE

I hereby certify that on August 22, 2025, the foregoing document was filed electronically via CM/ECF, and will be promptly served by certified mail to:

Ronald A. Blair
2404 Parisio Court
Leander, TX 78641
*Pro se Plaintiff*

*/s/ David L. Greenspan*
David L. Greenspan